UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

### ORDER ON JAMES STILE'S MOTION FOR IN FORMA PAUPERIS STATUS, MOTION TO STAY, AND MOTION FOR TRANSCRIPTS

As James Stile's pro se interlocutory appeal of a denial of his pro se motion for new counsel is not immediately appealable, the Court denies his (1) motion for leave to proceed in forma pauperis with his appeal of the Court's denial of his motion for the appointment of his fifth consecutive defense attorney, (2) his motion to stay the criminal case pending appeal, and (3) grants in part and dismisses in part his motion for transcripts.

I.  **STATEMENT OF FACTS**

James Stile stands charged with robbery of controlled substances from a pharmacy, use of a firearm in furtherance of a crime of violence, possession of a firearm by a felon, and manufacture of 100 or more marijuana plants. *Indictment* (ECF No. 8). The indictment has been pending since October 20, 2011. *Id.* On March 14, 2013, Mr. Stile moved to continue the trial then scheduled on the April, 2013 jury trial list and "to set a definite trial date for June." *Mot. to Cont.* (ECF No. 145). On March 19, 2013, in accordance with his motion, the Court set trial to commence on June 4, 2013. (ECF No. 147).

Dissatisfied with the services of his fourth court-appointed counsel, Mr. Stile filed pro se motions for new counsel on March 20, 2013 and April 12, 2013. *Ltr. Pro Se Mot. for Att'y Maselli to Withdraw as Counsel* (ECF No. 148); *Pro Se Mot. to be Assigned New Counsel* (ECF No. 151) (*Stile Maselli Mot.*). On April 12, 2013, after an ex parte hearing, the Court denied Mr. Stile's requests for new counsel and reiterated that the trial would proceed as scheduled on June 4, 2013. (ECF No. 154).

On April 22, 2013, Mr. Stile, acting pro se, filed a motion for transcripts of the suppression hearings on December 13, 2012 and all hearings regarding the assignment of counsel, including hearings on November 2, 2011, February 8, 2012, April 17, 2012, July 10, 2012, September 17, 2012, and April 13, 2013. *Pro Se Mot. for Transcripts* (ECF No. 157) (*Mot. for Trs.*). On May 3, 2013, Attorney Maselli filed a CJA 24, requesting transcripts for those hearings earlier requested by Mr. Stile. *CJA 24, Authorization and Voucher for Payment of Tr.* On April 29, 2013, Mr. Stile, again acting pro se, filed an interlocutory appeal of the Court's denial of his motions for new counsel. *Pro Se Interlocutory Appeal* (ECF No. 161). On the same day, Mr. Stile moved for leave to proceed in forma pauperis and for a stay of the proceedings in district court. *Pro Se Mot for Leave to Proceed In Forma Pauperis* (ECF No. 162) (*IFP Mot.*); *Pro Se Mot. for Stay of Proceedings in District Court Pending Outcome of Appeal* (ECF No. 163) (*Mot. for Stay*).

## II.     DISCUSSION

### A.     The Motion to Proceed In Forma Pauperis

Turning to the motion to proceed in forma pauperis, Federal Rule of Appellate Procedure 24(a)(1) provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." FED. R. APP. P. 24(a)(1). Although Rule 24(a)(A)-(C) requires that the moving party file an affidavit that sets forth his inability to pay, claims his entitlement to redress, and states the issues that he intends to present on appeal, Mr. Stile filed no such supporting affidavit. *IFP Mot.* at 1. Nevertheless, there is an exception for parties who have previously been determined unable to obtain an adequate defense in a criminal case and on November 2, 2011, the Magistrate Judge made this determination. FED. R. APP. P. 24(a)(3); *Financial Decl. and Order* (ECF No. 22). The statute allows such a defendant to proceed in forma pauperis unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding[ ] or [ ] a statute provides otherwise." FED. R. APP. P. 24(a)(3)(A), (B).

The merits of Mr. Stile's interlocutory appeal are questionable. The Court has assigned four different defense lawyers from the District's CJA Panel to represent Mr. Stile and Mr. Stile has found each of them wanting. Attorney Joseph Bethony represented Mr. Stile from November 2, 2011 to February 8, 2012; Attorney Matthew Erickson represented him from February 8, 2012 to April 17,

2012; Attorney Wayne Foote represented him from April 17, 2012 to September 17, 2012; and Attorney William Maselli has represented him since then. Mr. Stile, or his then counsel, have moved for appointment of new counsel five times, each of which has been granted until this last motion. *Mot. to Withdraw* (ECF No. 50); *Order* (ECF No. 53); *Ltr. Pro Se Mot. for New Counsel* (ECF No. 63); *Mot. to Withdraw as Counsel* (ECF No. 62); *Oral Order* (ECF No. 67); *Mot. to Withdraw as Counsel for the Def.* (ECF No. 78); *Oral Withdrawal of Mot.* (ECF No. 82); *Ltr. Pro Se Mot. for Att'y Wayne Foote to Withdraw as Counsel* (ECF No. 103); *Order* (ECF No. 108); *Stile Maselli Mot.*

At the April 12, 2013 hearing, the Court declined to appoint a fifth consecutive attorney to represent Mr. Stile. In doing so, the Court considered each of the First Circuit's factors for deciding motions to withdraw. *See United States v. Francois*, No. 11-2195, 2013 U.S. App. LEXIS 7972, at \*14 (1st Cir. Apr. 22, 2013); *United States v. Woodard*, 291 F.3d 95, 106-09 (1st Cir. 2002); *United States v. Allen*, 789 F.2d 90, 92 (1st Cir. 1986). Those factors include the timeliness of the motion, the adequacy of the court's inquiry into the defendant's complaint, and whether there is a total lack of communication between the lawyer and the client. *Francois*, 2013 U.S. App. LEXIS 7972, at \*14.

First, Mr. Stile's current counsel, Attorney William Maselli, is an experienced and prominent criminal defense attorney with over two decades of experience in the practice of law; if he could not satisfy Mr. Stile, the Court doubted anyone could. Second, the previously-appointed lawyers have each been members of the CJA

panel with considerable experience in criminal defense but were unable to satisfy Mr. Stile. This track record of serial appointments gave the Court little confidence that a fifth lawyer would be any more satisfactory to Mr. Stile than any of his earlier appointed counsel. Third, the indictment has been pending since October 20, 2011, over eighteen months, making it the second oldest criminal case on the Court's docket; it is time for the pending charges to be resolved. Fourth, the matter had been scheduled at Mr. Stile's request for jury trial commencing on June 4, 2013 and the appointment of new counsel would necessarily cause the scheduled trial to be continued. Fifth, the appearance of new counsel would necessarily mean that the new lawyer would have to start from square one, causing further inordinate delay in the disposition of the pending charges. Sixth, the Court was fully aware of the nature of the dispute between Mr. Stile and his current counsel, which Mr. Stile laid out in painstaking detail in his motion. *See Stile Maselli Mot.* at 4-29. The Court was not convinced that Mr. Stile and Attorney Maselli could not work through Mr. Stile's complaints.

Once the Court denied Mr. Stile's motion to withdraw, the case was ready to proceed to trial as scheduled in June; however, on April 22, 2013, Mr. Stile requested a series of transcripts, including transcripts of the hearings on the motions to withdraw that the Court has granted and on motions unrelated to the appointment of counsel. *Mot. for Trs.* If all of these transcripts are prepared, if Mr. Stile proceeds with his appeal, and if the underlying criminal case is stayed pending resolution of the appeal, the June trial date will be put in jeopardy.

With this background, the question turns on whether the appeal is being taken "in good faith." FED. R. APP. P. 24(a)(3)(A). "Good faith is demonstrated when an applicant seeks appellate review of any issue that is not frivolous." *In re Ravida*, 296 B.R. 278, 282 (1st Cir. 2003); *see Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding that "good faith" in the criminal appellate context must be judged by an objective standard, namely whether an appeal is frivolous). Thus, the Court may dismiss Mr. Stile's in forma pauperis motion "if [his] claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless." *Forte v. Sullivan,* 935 F.2d 1, 3 (1st Cir. 1991) (per curiam); *see* 28 U.S.C. § 1915(e)(2).

The Court has significant misgivings about Mr. Stile's chronic dissatisfaction with whichever defense counsel the Court appoints. *See In re Ravida*, 296 B.R. at 282-83 (denying the serial litigant's petition to proceed in forma pauperis in a bankruptcy case because his appeal was fundamentally a second effort to litigate a frivolous claim). At the same time, the Court is not prepared to say that Mr. Stile himself is acting in bad faith in pursuing these motions and his appeal. Instead, it appears that his disenchantment with each of his attorneys has been grounded on their failure to obey his very precise instructions about how the case should be investigated and defended. However, criminal defense attorneys are allowed to "'draw a line when they have good reason to think further investigation would be a waste.'" *Dugas v. Coplan*, 428 F.3d 317, 328 (1st Cir. 2005) (quoting *Rompilla v. Beard*, 545 U.S. 374, 383 (2005)). The Court is convinced that Attorney Maselli will

6

pursue those avenues of investigation and defense that are appropriate within his professional judgment.

Regardless of the Court's skepticism about the merits of Mr. Stile's interlocutory appeal, the more fundamental problem is that the Court's denial of Mr. Stile's motion for new counsel is not an order subject to interlocutory appeal. The First Circuit's jurisdiction is limited to appeals from "'final decisions of the district courts . . . .'" *United States v. Kane*, 955 F.2d 110, 110 (1st Cir. 1992) (quoting 28 U.S.C. § 1291). The First Circuit explained that "[o]rders of only three kinds have been recognized by the Court as being immediately appealable in criminal prosecutions. These are orders denying a motion to reduce bail and orders denying motions to dismiss indictments on double jeopardy or speech or debate grounds." *Id.* at 111. An order denying a motion for new counsel is not one of the three exceptions. *See Flanagan v. United States*, 465 U.S. 259, 263-67 (1984) (concluding that a motion to disqualify counsel is not an order subject to interlocutory appeal); *United States v. Schledwitz*, 895 F.2d 1415, 1415 (6th Cir. 1990) (rejecting jurisdiction over the defendant's appeal from the district court's order denying his attorney's motion to withdraw as counsel because the defendant's motion did not fall within the narrow exception to the final judgment rule carved out in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)). The Court concludes that Mr. Stile's attempt to appeal on an interlocutory basis an order that is not subject to interlocutory appeal is frivolous and the Court therefore declines to

7

allow Mr. Stile to proceed with the appeal in forma pauperis. *See In re Ravida*, 296 B.R. at 282-83.

## B. The Motion to Stay

Accompanying Mr. Stile's motion for leave to file in forma pauperis is his motion to stay the criminal case in this Court while the First Circuit addresses his interlocutory appeal. The general rule is that the filing of a notice of appeal "'divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.'" *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1998) (quoting *United States v. Mala*, 7 F.3d 1058, 1061 (1st Cir. 1993)). Yet, "if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order) or if it otherwise constitutes a transparently frivolous attempt to impede the progress of the case", a district court may proceed. *Id.* at 456. In other words, "an interlocutory appeal that is brought without any colorable jurisdictional basis does not deprive the district court of jurisdiction over the underlying case." *Mala*, 7 F.3d at 1061. Otherwise, as the First Circuit has observed, "a litigant bent on vexation could temporarily divest a trial court of jurisdiction at whim." *Id.*

As noted, Mr. Stile's appeal is frivolous. Further, as in *Schledwitz*, the Court's denial of Mr. Stile's demand for a fifth lawyer is not an immediately appealable order. 895 F.2d at 1415. Thus, the Court will not issue a general order staying the proceedings before it. *See Brooks*, 145 F.3d at 455-56. Whether trial will go forward as scheduled remains to be seen; however, the Court does not wish

8

to prevent Attorney Maselli from representing Mr. Stile pending resolution of Mr. Stile's pro se interlocutory appeal. Assuming that the First Circuit concludes that Mr. Stile may not proceed with his interlocutory appeal, Attorney Maselli's continued representation of Mr. Stile in this Court while the appeal is pending will allow the case to proceed as expeditiously as possible. If called upon to make a ruling during Mr. Stile's appeal, the Court will consider the relationship, if any, between the motion in this Court and the interlocutory appeal in the First Circuit to determine whether the matter touches upon or is involved in the appeal. *Mala*, 7 F.3d at 1060-61.

### C.   Motion for Transcripts

The final pending motion is a motion for a series of transcripts. *Mot. for Trs.* In his pro se motion, which Attorney Maselli later adopted in the CJA 24 request for authorization, Mr. Stile has asked for transcripts of the suppression hearings on December 13, 2012 and of hearing on November 2, 2011, February 8, 2012, April 17, 2012, July 10, 2012, September 17, 2012, and April 12, 2013.[1] *Id.* at 1. He also requested a transcript of a February 1, 2012 hearing on a motion for enforcement of detention order. *Id.*

The Court grants his motion for a transcript of the April 12, 2013 hearing on his motion for Attorney Maselli to withdraw as counsel. The Court sees no harm in allowing Mr. Stile to review that transcript as there is at least a direct relationship to the issues he wishes to raise in his pending appeal. Even though the Court has

---

[1]   A transcript on the motion to suppress of December 13, 2012 has already been prepared, has been docketed, and is available to Mr. Stile's counsel. *See Tr. of Proceedings* (ECF No. 141). The Court DISMISSES this portion of Mr. Stile's motion as moot.

concluded that his interlocutory appeal is frivolous, it will not prevent Mr. Stile from obtaining a transcript of the April 12, 2013 hearing so that he may pursue whatever rights he now has to interlocutory appeal or, if necessary, pursue an appeal or later collateral review of the Court's denial of his motion.

At the same time, the Court is not convinced that at this point, Mr. Stile requires transcripts of the remaining hearings. Mr. Stile has not explained why he requires transcripts of the hearings in which his first attorney, Attorney Bethony, was appointed, or transcripts of the hearings on his repetitive earlier motions for new counsel where his requests were granted.[2] Furthermore, to prepare these additional transcripts may delay the resolution of the interlocutory appeal. Thus, the Court grants Mr. Stile's motion for transcripts but only for a transcript of the April 12, 2013 hearing in which the Court denied his motion for new counsel.

## III. CONCLUSION

The Court DENIES James Stile's Pro Se Motion for Leave to Proceed In Forma Pauperis (ECF No. 162), DENIES his Pro Se Motion for Stay of Proceedings in District Court Pending Outcome of Appeal (ECF No. 163), and GRANTS in part and DISMISSES in part his Motion for Transcripts (ECF No. 157).

---

[2] The Clerk's Office informs the Court that due to a technical glitch in the recording equipment, a verbatim transcript may be unavailable of the February 8, 2012 telephone conference during which the Magistrate Judge granted his motion to have Joseph Bethony withdraw as his attorney.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 7th day of May, 2013