UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON MOTION TO SEVER**

Charged with robbery of controlled substances from a pharmacy, use of a firearm during the robbery, possession of a firearm by a felon, and manufacture of 100 or more marijuana plants, the Defendant seeks relief from improper joinder and seeks a severance of the marijuana count from the remaining counts. Concluding that the four counts in the indictment were not improperly joined and do not require severance, the Court denies the Defendant's request for relief from improper joinder and for severance.

**I.    STATEMENT OF FACTS**

James Stile stands charged with robbery of controlled substances from a pharmacy, use of a firearm in furtherance of a crime of violence, possession of a firearm by a felon, and manufacture of 100 or more marijuana plants. *Indictment* (ECF No. 8). The four-count indictment has been pending since October 20, 2011. *Id.* On May 20, 2013, his defense attorney, William Maselli, Esq., moved to sever Count Four, the manufacturing of marijuana count, from Counts One through Three—the robbery, possession of a firearm in furtherance of the robbery, and possession of a firearm by a felon counts. *Mot. for Relief from Improper Joinder*

*Pursuant to F.R. Crim. P. 8 / Mot. to Sever Pursuant to F.R. Crim. P. 14* (ECF No. 182) (*Def.'s Mot.*). The Government responded on June 10, 2013. *Gov't's Resp. in Opp'n to Def.'s Mots. for Relief from Improper Joinder and to Sever* (ECF No. 188) (*Gov't's Opp'n*). Attorney Maselli replied on behalf of Mr. Stile on June 24, 2013. *Reply Re: Mot. for Relief from Improper Joinder Pursuant to F.R. Crim. P. 8 / Mot. to Sever Pursuant to F.R. Crim. P. 14* (ECF No. 193) (*Def.'s Reply*).[1]

## II.     THE PARTIES' POSITIONS

### A.     The Defendant's Motion

Mr. Stile's main point is that the marijuana charge has "absolutely nothing to do with the prior Counts" and therefore are not part of the "same act or transaction" as required by Rule 8(a). *Def.'s Mot.* at 1. Moreover, Mr. Stile contends that evidence of the marijuana grow operation "would prove highly prejudicial to the factfinder in determining the sufficiency of the evidence in the prior counts." *Id.* at 1-2. Mr. Stile minimizes the prejudicial impact on the Government from separate trials, noting that the robbery and firearms charges are complex; whereas, the marijuana case is "simple and straightforward." *Id.* at 2.

### B.     The Government's Response

Regarding the joinder issue, after detailing the fact that the police investigation of the robbery led to the discovery of the marijuana grow operation, the Government contends that evidence for all the alleged crimes resulted from the

---

[1]     The resolution of this motion was delayed by Mr. Stile's earnest contention that he was not competent, the resulting need for a psychiatric evaluation, and a competency hearing, all of which took place between July 3, 2013 and September 26, 2013. In addition, it was necessary to determine which of the multiple pending motions, some filed by Attorney Maselli and some by Mr. Stile, were before the Court for ruling.

same investigation.  *Gov't's Opp'n* at 1-7.  The Government argues that this factor alone is sufficient to allow for joinder.  *Id.* at 5-7.

Regarding severance, the Government maintains that the type of prejudice Mr. Stile fears is merely "garden variety" prejudice and not grounds to sever the counts. *Id.* at 7-10.  Furthermore, noting that the victims of the robbery were tied up with uniquely colored zip ties and that the same color zip ties were found in Mr. Stile's home holding up marijuana grow lamps, the Government points out that some evidence from the robbery count would be admissible in the marijuana count.  *Id.* at 10.

### C.     The Defendant's Reply

In his reply, Mr. Stiles concedes that "[d]rugs and firearms are almost always tried together," but asserts that the "Government's extensive comparisons to charges tried together involving drugs and guns are not relevant" because "there is usually some possible link between the drug activity and the possession or use of firearms."  *Def.'s Reply* at 1.  He maintains that the firearm, which was found in a field near his residence, "might be admissible" but "only based on its purported use in the robbery, not as linked to the marijuana grow."  *Id.*  Mr. Stiles explains that the "main issue in the Robbery case is the identity of the robber" and he argues that informing the jury of his involvement in a major marijuana grow operation would constitute unfair prejudice.  *Id.* at 2.

## III.    DISCUSSION

### A.     Joinder

Rule 8(a) provides:

> The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

FED. R. CRIM. P. 8(a).  In *United States v. Randazzo*, the First Circuit wrote that "Rule 8(a)'s joinder provision is generously construed in favor of joinder."  80 F.3d 623, 627 (1st Cir. 1996).  The First Circuit has also noted that "similar" as used in Rule 8(a) "does not mean 'identical.'"  *United States v. Melendez*, 301 F.3d 27, 35 (1st Cir. 2002). The test for assessing the similarity of joined counts is "how the government saw its case at the time of indictment."  *Id.*  At the same time, the First Circuit has observed that the conditions for Rule 8(a) joinder "are not infinitely elastic."  *Randazzo*, 80 F.3d at 627.  To determine whether counts are properly joined, the First Circuit has directed trial courts to consider "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes or operation, and the time frame in which the charged conduct occurred."  *United States v. Boulanger*, 444 F.3d 76, 87 (1st Cir. 2006) (quoting *United States v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995)).

Here, each count involves the same criminal investigation.  The pharmacy robbery took place on September 12, 2011.  *Gov't's Opp'n* at 1.  The police executed a search warrant on Mr. Stile's premises the next day.  *See Recommended Decision on Mots. to Suppress* at 2 (ECF No. 136).  During the search the police found a number of items that they contend link Mr. Stile to the pharmacy robbery.  *Gov't Opp'n* at 2-3.  During the search, they also found "a large marijuana grow operation."  *Id.* at 3.

4

Although the fact that different crimes are discovered during the course of the same police investigation does not necessarily mean that the crimes should be joined in a single indictment, here the September 13, 2011 search of Mr. Stile's house formed part of the factual basis for each of the counts in the indictment. FED. R. CRIM. P. 8(a); *United States v. Gorecki*, 813 F.2d 40, 41-42 (3d Cir. 1987) (noting that evidence of the same search would be admissible in each count and it would be "wasteful and duplicative" to require the Government to present the same evidence multiple times).

Furthermore, the firearm is another link among the counts in this case. Joinder of drug, firearms, and armed robbery charges in one indictment is unremarkable. *United States v. Matthews*, 856 F. Supp. 2d 229, 233 (D. Me. 2012). In fact, the First Circuit rejected in *Boulanger* an argument that an "armed robbery involving a controlled substance, possession with intent to distribute a controlled substance, and being a felon in possession of a firearm," 444 F.3d at 78, were improperly joined. *Id.* at 87-88. It is true that the drug in both the robbery and distribution counts in *Boulanger* was Oxycontin, *id.* at 87, and here the robbery involves narcotics and the manufacture charge involves marijuana. *See Gov't's Opp'n* at 1-4. However, Mr. Stile's argument ignores the common threads that runs from the pharmacy to his house—a pistol and zip ties.[2] The Government claims that the pistol used in the pharmacy robbery was the same pistol found at his

---

[2]     The Government also claims that certain unique clothing worn by the robber was found at Mr. Stile's residence. *Gov't's Opp'n* at 6-7. But the Government has not explained how this clothing, even if found at the residence, was related to the marijuana grow operation. The Court has focused on the firearm and zip ties that the Government says were used in both crimes.

premises.  *Id.* at 7 ("It would not be irrational to assume that the pistol found on the premises and used in the robbery was also used in furtherance of the marijuana grow operation, especially since a receipt for STILE ordering a magazine that would fit that pistol was found in the residence").  The "relationship between drugs and guns is too well known to require discussion."  *Matthews*, 856 F. Supp. 2d at 233.  If Mr. Stile was growing marijuana in his home, he would not have been able to call the police if someone decided to take the marijuana from him and he therefore may have felt it necessary to maintain access to a convincing dissuader, such as a pistol. If the Government is able to prove that the pistol carried in the pharmacy robbery is, in fact, the same pistol found near Mr. Stile's home, this evidence links the robbery to the marijuana grow operation.  *See Gorecki*, 813 U.S. at 42 ("the firearm and the narcotics-related evidence were found on the same premises, at the same time, as a result of the same legal search.  The evidence of the defendant's possession of both . . . was thus interrelated and was reasonably joined").

The same is true of the zip ties found in the residence to hold up the marijuana grow lights.  The Government says that the robber used zip ties to tie the hands and feet of the pharmacy owner, three pharmacy employees, and a customer. *Gov't's Opp'n.* at 1-2.  It says that they found the same grey and white zip ties holding up the grow lights for the marijuana operation.  *Id.* at 3.  Thus, the zip ties form another potential link between the pharmacy robbery and the marijuana grow operation.  *See United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987) ("The counts joined for trial in this case satisfy [Rule 8(a) joinder] because they are

logically interrelated and involve overlapping proof"). Therefore, the Court concludes that joinder is proper under Rule 8(a).

### B. Severance

Rule 14 provides:

> If the joinder of offenses . . . in an indictment . . . or consolidation for trial appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a). Whether the joinder is prejudicial under Rule 14 falls "within the sound discretion of the district court." *United States v. Scivola*, 766 F.2d 37, 41 (1st Cir. 1985); *United States v. Osman*, 697 F. Supp. 2d 161, 163 (D. Me. 2010); s*ee also United States v. Perkins*, 926 F.2d 1271, 1280 (1st Cir. 1991). In the words of the First Circuit:

> Generally, there are three types of prejudice that may result from trying a defendant for several different offenses at one trial: (1) the defendant may become embarrassed or confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense; and (3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither.

*Scivola*, 766 F.2d at 41-42 (internal citations omitted).

Mr. Stile makes no claim that the third concern—that he wishes to testify as to some but not all counts—is generated here. *See United States v. Swan*, No. 1:12-cr-00027-JAW, 2012 U.S. Dist. LEXIS 176088, *20-30 (D. Me. Dec. 12, 2012), *aff'd* 2013 U.S. Dist. LEXIS 94214, *10-14 (D. Me. Jul. 5, 2013). Mr. Stile has not squarely raised the second concern—that evidence in one offense would be used to

convict him of another, even though otherwise inadmissible.[3]   Furthermore, to demonstrate a claim of evidentiary spillover, the First Circuit has observed that a defendant "must prove prejudice so pervasive that a miscarriage of justice looms." *United States v. Levy-Cordero*, 67 F.3d 1002, 1008 (1st Cir. 1995) (quoting *United States v. Pierro*, 32 F.3d 611, 615 (1st Cir. 1994)).   No such prejudice has been demonstrated here.

Mr. Stile has raised the first concern—that he would be embarrassed or confounded by presenting separate defenses. *Def.'s Reply* at 2. He observes that the main issue in the robbery case is the identity of the robber and he claims that informing the jury that he was involved in a major marijuana grow operation would be unfairly prejudicial.   *Id.*   But the claimed prejudice is highly attenuated.   It simply does not follow that because someone is growing marijuana, he is likely to rob a pharmacy at gunpoint.   The Court is not convinced that the speculative prejudice identified by Mr. Stile requires severance.   *See Taylor*, 54 F.3d at 974 (noting that the defendant's contention—"if the jury were to believe that he was involved in one bank robbery, then it might also (improperly) be led to believe from that fact alone that he was involved in the other"—was "simply not enough").

---

[3]   The Court typically addresses the risk of evidentiary spillover or prejudicial consideration of multiple counts by instructing the jury about its obligation to consider each count separately.   One example of such an instruction reads:

> The indictment contains a total of [4] counts.  Each count charges the defendant with a different crime.  You must consider each count separately and return a separate verdict of guilty or not guilty for each.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charges.

1-3 *Modern Federal Jury Instructions—Criminal*, ¶ 3.01 (Instruction 3-6) (Matthew Bender June 2013); *see United States v. Gomez*, 255 F.3d 31, 38 (1st Cir. 2001).

8

The Court concludes that "any prejudice to [Mr. Stile] that might occur from a single trial on all [four] counts is readily addressed via the Court's instructions to the jury." *United States v. Bartlett*, No. 2:12-cr-28-GZS, 2013 U.S. Dist. LEXIS 39864, *5 (D. Me. Mar. 22, 2013).

## IV.   CONCLUSION

The Court DENIES James Stile's Motion for Relief from Improper Joinder Pursuant to F.R. Crim. P. 8 / Motion to Sever Pursuant to F.R. Crim. P. 14 (ECF No. 182).

SO ORDERED.

John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 18th day of November, 2013