UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**AMENDED[1] ORDER ON PRO SE MOTION FOR EXPERT WITNESSES**

The Court dismisses the Defendant's pro se motion for expert witnesses in which the Defendant requests funds for a private investigator and DNA expert, because the Court previously granted funds for a private investigator and DNA expert and the Defendant has made no showing that those earlier orders were insufficient.

**I.  STATEMENT OF FACTS**

   **A.  Procedural Background**

James Stile stands charged with robbery of controlled substances from a pharmacy, use of a firearm in furtherance of a crime of violence, possession of a firearm by a felon, and manufacture of 100 or more marijuana plants. *Indictment* (ECF No. 8). The indictment has been pending since October 20, 2011. *Id*. Mr. Stile has been dissatisfied with the services of each of his four court-appointed defense counsel, including his current defense attorney William Maselli, Esq. *See Order on James Stile's Mot. for In Forma Pauperis Status, Mot. to Stay, and Mot. for*

---

[1]  This Amended Order corrects a typographical error contained in the Order on Pro Se Motion for Expert Witnesses dated November 18, 2013 (ECF No. 287). In the footnote contained on page 4 of the Order it reads: "the Court unseals the motions and orders under docket numbers 72, 73, 104, 105". The Order should read "the Court unseals the motions and orders under docket numbers 72, 73, 105, 106."

*Trs.* at 1-2 (ECF No. 165). In the spring of 2013, Mr. Stile began filing pro se motions, repeatedly demanding that the Court address them. Typically, when a defendant is represented by counsel and files motions pro se, the Court sends each motion to defense counsel to determine whether he or she will adopt the pro se motion. Here, the Court sent Mr. Stile's motion for expert witnesses to defense counsel, but Attorney Maselli did not adopt the motion.

After a delay caused by Mr. Stile's assertion that he was not competent, Mr. Stile underwent a competency evaluation and the Court held a competency hearing on September 27, 2013. *Minute Entry* (ECF No. 206). After finding Mr. Stile competent, the Court addressed Mr. Stile's vociferous complaint that it had failed to address the proliferation of pending pro se motions. *Id.* Despite misgivings about the dangers of hybrid representation, the Court concluded that in the unusual circumstances of this case, it would address Mr. Stile's then pending pro se motions even though they had not been adopted by defense counsel. *Id.*

    **1.**    **James Stile's Motion**

In his original motion, Mr. Stile asked for funds to hire a private investigator "to secure physical evidence that is discoverable under Rule 16 in the above-captioned case." *Def.'s Pro Se Mot. for Expert Witness* at 1 (ECF No. 169) (*Def.'s Mot.*). He also referred to the need "to retain an expert witness to analyze and contest the [Government's] DNA evidence as there are obvious deficiencies in the [Government's] DNA reports." *Id.* To his motion, Mr. Stile attached a self-sworn affidavit, stating that the private investigator would "obtain documentary and

physical evidence to support motions to suppress physical evidence, namely (1) one 22 caliber firearm that was the fruit of the execution of a search warrant executed on September 22, 2011 at the [Defendant's] location of domicile at 20 Main Street, Sangerville, Maine 04479." *Id.* Attach. 1 *Supporting Aff. for Mot. for Expert Witness* at 1. He also asked for a private investigator to gather evidence for a motion to suppress the fruits of a search carried out on September 13, 2011 at his domicile. *Id.* Finally, he requested funds to hire a DNA expert to review the Government's "DNA evidence and the methods of collecting, analyzing and reporting on said evidence." *Id.*

### 2. The Government's Response

The Government responded on May 15, 2013. *Gov't's Resp. to Def.'s Mot. for Expert Witnesses* (ECF No. 176). Based on the limited information in Mr. Stile's motion, the Government contended that Mr. Stile had not adequately presented a need for expert witnesses. *Id.* at 1. At the same time, the Government conceded that it intends to present DNA evidence at trial. *Id.* at 2 n.2.

### 3. James Stile's Reply

Mr. Stile replied on October 23, 2013. *Reply to Opp'n for Mot. for Expert Witness* (ECF No. 265). Mr. Stile explained that he requires a DNA expert because "DNA collection, comparison and identification are a science which is subject to human error." *Id.* at 1. Further, Mr. Stile stated that a defense expert would allow the defense to question "the professionalism and accuracy of [the Government DNA experts'] work product." *Id.* at 1-2.

## II.   DISCUSSION

The Court agrees with Mr. Stile that he may be entitled to hire at government expense private investigators and a defense DNA expert. *See Ake v. Oklahoma*, 470 U.S. 68, 76-77 (1985). This is precisely why the Court has granted motions submitted by Mr. Stile's defense counsel for private investigators and a DNA expert.[2] On June 14, 2012, Mr. Stile's then counsel, Attorney Wayne Foote, moved for authorization for up to $1,600 in expenses to obtain the services of a private investigator; the Court granted that motion the same day. *Req. and Authorization for Expert Servs.* (ECF No. 72); *Order Granting Req.* (ECF No. 73). On December 13, 2012, Mr. Stile, through Attorney Maselli, moved for authorization for an additional $3,500 in private investigation services and on December 14, 2012, the Court authorized the additional $3,500. *Req. and Authorization for Expert Servs.* (ECF No. 130); *Order Granting Req.* (ECF No. 131). On April 12, 2013, Mr. Stile through Attorney Maselli requested authorization for a further $8,500 in private investigative fees and on the same day, the Court granted the request. *Req. and Authorization for Expert Servs.* (ECF No. 155); *Order Granting Req.* (ECF No. 156). Thus, to date, the Court has authorized a total of $13,600 in private investigative fees. Regarding a DNA expert, on September 13, 2012, Attorney Foote moved for authorization to reimburse a DNA expert in an

---

[2]   In accordance with standard practice, the motions for funds and orders were placed under seal. *See United States v. Correa-Alicea*, 585 F.3d 484, 493 (1st Cir. 2009) ("[T]he 'manifest purpose of requiring that the inquiry be ex parte is to insure that the defendant will not have to make a premature disclosure of his case'"). However, as Mr. Stile has raised the issue by unsealed motion and has disclosed his request, the Court unseals the motions and orders under docket numbers 72, 73, 104, 105, 130, 131, 155 and 156, because the Court is unable to properly explain its ruling on his pending motion without public reference to those sealed matters.

amount no greater than $2,000, and the Court granted that order on the same day. *Req. and Authorization for Expert Servs.* (ECF No. 105); *Order Granting Req.* (ECF No. 106).

Mr. Stile's right to government reimbursement of a private investigator and of a DNA expert is not unlimited, *see Correa-Alicea*, 585 F.3d at 492, and Mr. Stile bears the burden of demonstrating the necessity of the additional funds requested for an adequate defense. *United States v. De Jesus*, 211 F.3d 153, 155 (1st Cir. 2000). Based on the vague contents of his motion, the Court is not convinced that it should authorize the expenditure of additional private investigative services or that the previously authorized funds for retention of a DNA expert are insufficient. However, the Court has dismissed the motion without prejudice to allow the Defendant to refile this motion (ex parte if he elects to do so) with a clearer explanation for why additional funding for a private investigator is necessary, and a more detailed description of the DNA expert services, including the name of the expert, the hourly rate, the expected expenditure, and the nature of the contemplated services.

### III. CONCLUSION

As the Court has already granted James Stile the relief he now seeks and as he has made no showing that the prior orders were inadequate, the Court DISMISSES without prejudice his Motion for Expert Witness (ECF No. 169).

SO ORDERED.

                                   <u>John A. Woodcock, Jr.</u>
                                   JOHN A. WOODCOCK, JR.
                                   CHIEF UNITED STATES DISTRICT JUDGE

Dated this 18th day of November, 2013