UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON SECOND AND FOURTH PRO SE MOTIONS TO SUPPRESS**

The Court denies the Defendant's pro se motions to suppress evidence of a firearm, because the police found the firearm on land of a third party where the Defendant had no reasonable expectation of privacy.

## I. STATEMENT OF FACTS

### A. Procedural Background

James Stile stands charged with robbery of controlled substances from a pharmacy, use of a firearm in furtherance of a crime of violence, possession of a firearm by a felon, and manufacture of 100 or more marijuana plants. *Indictment* (ECF No. 8). The indictment has been pending since October 20, 2011. *Id.* Mr. Stile has been dissatisfied with the services of each of his four court-appointed defense counsel, including his current defense attorney, William Maselli, Esq. *See Order on James Stile's Mot. for In Forma Pauperis Status, Mot. to Stay, and Mot. for Trs.* at 1-2 (ECF No. 165). In the spring of 2013, Mr. Stile began filing pro se motions, and, during appearances in Court, repeatedly demanding that the Court address them. Typically, when a defendant is represented by counsel and files motions pro se, the Court sends each motion to defense counsel to determine

whether he or she will adopt the pro se motion. After Mr. Stile filed a number of pro se motions, which his counsel had not adopted, the Court held a conference directly after its competency hearing on September 27, 2013 and Mr. Stile vociferously complained that his defense was inadequate and that he had been forced to raise meritorious legal issues by himself. *Minute Entry* (ECF No. 206). Despite misgivings about the dangers of hybrid representation, the Court concluded that in the unusual circumstances of this case, it would address Mr. Stile's then pending pro se motions even though they had not been adopted by defense counsel. *Id.*

B.   **The Facts**

Again, Mr. Stile has presented the facts in a somewhat truncated manner. *See Order on First Pro Se Mot. to Suppress* (ECF No. 294). The Court has referred to other filed documents to present the backdrop to his motions. On September 12, 2011, a masked gunman robbed the E.W. Moore & Sons Pharmacy in Bingham, Maine, making away with a significant amount of prescriptive medication. The indictment alleges that James Stile was the perpetrator of the robbery, that he used a Phoenix Arms Model HP22A pistol to commit the robbery, and that he possessed the same pistol (as well as one round of ammunition) after he had been convicted of a felony. *Indictment* (ECF No. 8). Pursuant to two separate search warrants, the police searched his premises on September 13, 2011 but did not locate the firearm.

On September 22, 2011, the police obtained a third search warrant. *Def.'s Mot to Suppress* (*Def.'s Mot.*); *Def.'s Supporting Aff. for Mot. to Suppress* at 2 (*Stile Aff.*) (ECF No. 209). The third search was carried out on September 22, 2011. *Def.'s*

2

*Mot.* at 1. At some point between September 13, 2011 and September 22, 2011, Lieutenant Carl Gottardi of the Somerset County Sheriff's Department interviewed Mr. Stile and during the interview, Mr. Stile informed the Lieutenant that if Mr. Stile were allowed to return to his home, he would turn over a gun, which was in or near his residence. *Stile Aff.* at 27. He also said that he could get some other items, such as a bag of drugs and a sawed-off shotgun, "in about ten minutes if he had access to a mountain bike." *Id.* Based in part on these statements, Lieutenant Gottardi applied for and obtained a third search warrant. *Id.* When the police performed the search on September 22, 2011, they found a pistol "in the thick brush on the north side of the house." *Id.* The police identified the firearm as a Phoenix Arms Model HP22A, .22 caliber pistol. *Id.*

## II.   THE PARTIES' POSITIONS

### A.   James Stile's First Motion

Mr. Stile contends that the September 22, 2011 seizure of the Phoenix Arms pistol was illegal because it was located not at 20 Main Street in Sangerville, but on adjoining property owned by another entity. *Def.'s Mot.* at 1. Specifically, Mr. Stile complains that the pistol was located on land on which Central Maine Power has an easement.[1] *Stile Aff.* at 2-3. Alleging a series of what he contends were falsehoods that led to the issuance of the warrant, Mr. Stile demands a *Franks*[2] hearing "to

---

[1]   In this motion, Mr. Stile indicates that he has attached copies of the Piscataquis County Register of Deeds entry for 20 Main Street in Sangerville and two easements granted to Central Maine Power, in 1924 and 1947. *Stile Aff.* at 2-3. However, no such documents were attached.
[2]   *Franks v. Delaware*, 438 U.S. 154 (1978).

3

establish if the thresholds are met to warrant [suppression of the] evidence seized as a result of the issuance and execution of the warrant." *Id.* at 7.

### B. Government's Response

The Government responded on October 7, 2013. *Gov't's Resp. to Def.'s Mot. to Suppress (Dated May 6, 2013)* (ECF No. 235). The Government observes that if the pistol was located on someone else's property, then its seizure did not violate Mr. Stile's Fourth Amendment rights. *Id.* at 1-2.

### C. James Stile's Reply

Mr. Stile replied on October 21, 2013. *Def.'s Reply to Gov't's Opp'n of Def.'s Mot. to Suppress* (ECF No. 260). In his reply, Mr. Stile points out that there is a videotape that confirms the seizure of the firearm. *Id.* at 1. He asserts that there is no evidence linking the seized firearm to him and that the firearm should therefore be suppressed. *Id.*

### D. James Stile's Second Motion

On October 15, 2013, Mr. Stile filed a second motion to suppress the Phoenix Arms pistol. *Def.'s Mot to Suppress* (*Def.'s Second Mot.*); *Def.'s Supporting Aff. for Mot. to Suppress* (ECF No. 252). As the Government points out in its response, filed on October 16, 2013, Mr. Stile's second motion to suppress the firearm appears to be identical to his first motion. *Gov't's Resp. to Def.'s Mot. to Suppress (Dated May 6, 2013)* at 1 (ECF No. 253). The Government therefore raises the same arguments in its second response. *Id.* at 1-2.

There is one factual, not legal difference between the two motions. Mr. Stile's affidavit in support of his second motion contains attached copies of the deed and easements described in that affidavit, *Def.'s Second Mot.* Attach 2 *Gun Suppression Ex. Index* (ECF No. 252); these documents are also described in the affidavit to his first motion but are not attached to that motion or affidavit. *See supra* note 1.

Mr. Stile replied on November 1, 2013. *Def.'s Reply to Gov't's Opp'n to Def.'s Mot. to Suppress* (ECF No. 275). In his reply, Mr. Stile again sets out what he contends were a series of falsehoods that led to the issuance of the third search warrant, and he reiterates that "the defendant has clearly made the substantial showing spoken of in *Franks* . . . of reckless disregard for the truth." *Id.* at 1-3.

### III. DISCUSSION

Simply put, the Government is correct. If the police located the pistol on land not owned or occupied by the Defendant, they did not violate his Fourth Amendment rights by seizing the weapon. To state a Fourth Amendment claim, Mr. Stile had the burden of establishing that "his own Fourth Amendment rights were violated by the challenged search or seizure." *United States v. Rheault*, 561 F.3d 55, 59 (1st Cir. 2009) (quoting *Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978)). "His threshold burden is to prove that he had a legitimate expectation of privacy in 'the place searched or the thing seized.'" *Id.* (quoting *United States v. Thornley*, 707 F.2d 622, 624 (1st Cir. 1983)).

The Supreme Court has set out "a two-part test for analyzing the expectation question: first, whether the movant has exhibited an actual, subjective, expectation

of privacy; and second, whether such subjective expectation is one that society is prepared to recognize as objectively reasonable." *Id.* (citing *Smith v. Maryland*, 442 U.S. 735, 740 (1979)). Even assuming that Mr. Stile subjectively thought he had a reasonable expectation of privacy by hiding his firearm in bushes surrounding, but not on, his residence, *id.*, he in fact had no expectation of privacy that society is prepared to recognize as objectively reasonable when he placed the firearm in the bushes on land owned by a third party. *Rakas*, 439 U.S. at 133-34 ("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed").

Mr. Stile has failed to present a case for a *Franks* hearing since the seizure of the firearm was unrelated to the search warrant of which he complains.

## IV. CONCLUSION

The Court DENIES James Stile's Motion to Suppress and his request for a *Franks* hearing (ECF No. 209), and DENIES James Stile's second Motion to Suppress and request for a *Franks* hearing (ECF No. 252).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 25th day of November, 2013