UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON DEFENDANT'S MOTION IN LIMINE FOR A TEMPORARY RESTRAINING ORDER**

On October 15, 2013, James Stile filed a pro se motion for a temporary restraining order, demanding that the Court issue an injunction prohibiting the United States Marshal from transporting him to and housing him at the Somerset County Jail (SCJ) in Madison, Maine. *Mot. in Limine for TRO* (ECF No. 251) (*Def.'s Mot.*). The Government responded on October 30, 2013. *Gov't's Resp. to Def.'s Mot. in Limine for TRO* (ECF No. 271). Mr. Stile replied on November 12, 2013. *Reply to Gov't's Opp'n to Def.'s Mot. for TRO and/or Prelim. Inj.* (ECF No. 279).

James Stile does not like the SCJ. He has made his distaste for the SCJ abundantly clear to the Court during his competency and other hearings. *See Minute Entry* (ECF No. 206). In addition, Mr. Stile has filed a civil action against the SCJ, *Stile v. Somerset Cnty.*, No. 1:13-cv-00248-JAW (D. Me. filed July 1, 2013), and now demands that the Court enjoin the United States Marshal from transporting him to or housing him in the SCJ on the ground that ""[e]ach and *every* time that the defendant has been housed at the Somerset county Jail, his Constitutional rights have been violated." *Def.'s Mot.* at 1 (emphasis in original).

The Court declines to do so. Under 18 U.S.C. § 4042(a)(2), Congress has placed with the Bureau of Prisons, under the direction of the Attorney General, the authority to "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with . . . offenses against the United States." When a person has been arrested, is awaiting trial, and has been detained by order of a federal court, Congress has provided that the court shall "direct that the person be committed to the custody of the Attorney General for confinement in a corrections facility . . . ." 18 U.S.C. § 3142(i)(2). In turn, Congress has charged the United States Marshals with the obligation to "provide for the safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution." 18 U.S.C. § 4086; *see* 28 C.F.R. § 0.111(k). Pursuant to this authority, the Magistrate Judge issued an Order on November 9, 2011, ordering Mr. Stile detained and committing him to the custody of the Attorney General or his designated representative for confinement in a corrections facility. *Order of Detention* at 4 (ECF No. 33).

The law is clear that "[a] pre-trial detainee does not have the right to be housed at the facility of his choice, nor does he have the right to remain in the institution to which he was initially, or even at one time, assigned." *Falcon v. U.S. Bureau of Prisons*, 852 F. Supp. 1413, 1420 (S.D. Ill. 1994); *see Jorgensen v. Bartow*, No. 09-C-186, 2009 U.S. Dist. LEXIS 26221, *7 (E.D. Wisc. Mar. 17, 2009). The Marshal's decision as to where to house an individual is often a complicated one, touching on "concerns of expense, administration, payment, access to the premises,

and a veritable plethora of factors." *Saunders v. United States*, 502 F. Supp. 2d 493, 496 (E.D. Va. 2007) (quoting *Williams v. United States*, 50 F.3d 299, 310 (4th Cir. 1995)). In fact, for Federal Tort Claims Act (FTCA) purposes, "most courts to address the issue have agreed that detainee designation and classification decisions, even if guided by internal policy, fall squarely within the discretionary function exception [to the FTCA's limited waiver of sovereign immunity]." *Newbrough v. Piedmont Reg'l Jail Auth.*, No. 3:10CV867-HEH, 2012 U.S. Dist. LEXIS 6190, *11 (E.D. Va. Jan. 19, 2012).

The state of Maine does not have a federal prison and the Court takes judicial notice of the fact that Mr. Stile has been housed at the Strafford County House of Corrections in Dover, New Hampshire, a substantial distance from Bangor, Maine. The indictment against Mr. Stile is pending in United States District Court in Bangor, making transfers from Dover to Bangor and housing in a state facility within commuting distance from Bangor essential for court proceedings. The Marshal is charged with transporting and housing Mr. Stile. *See* 28 C.F.R. §§ 0.111(k). The Marshal's choices as to where to house Mr. Stile for his Bangor court appearances are limited, and the Court will not interfere with the Marshal's judgment as to where Mr. Stile may be housed during his pretrial detention. *See Falcon*, 852 F. Supp. at 1420. Mr. Stile has not exactly been shy about voicing his aversion to the SCJ; in the past, the Court has sought to avoid unnecessary confrontation between Mr. Stile and SCJ prison officials, occasionally asking the Marshal to exercise his discretion and place Mr. Stile in an institution other than

the SCJ.  In general, the Marshal has attempted to accommodate the Court.  It is, however, one thing for the Court to suggest that the Marshal exercise his discretion in a particular way; it is another for the Court to order the Marshal to do so.

In short, absent special circumstances not present here, it is questionable whether the Court has the legal authority to meddle in the Marshal's discretionary decision-making and to issue an order telling the Marshal how to transport and house a defendant awaiting trial, and, if it does have that authority, the Court would not grant Mr. Stile the relief he is seeking.

The Court DENIES James Stile's Motion in Limine for Temporary Restraining Order (ECF No. 251).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 27th day of November, 2013