UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON PRO SE MOTION IN LIMINE FOR TEMPORARY RESTRAINING ORDER**

The Court denies the Defendant's motion for a temporary restraining order, which asks for relief against a superintendent of a New Hampshire county prison and against the prison itself for its practices in handling prison mail. As the Defendant has filed a lawsuit in United States District Court for the District of New Hampshire asking for the same relief and has asked this Court to stay proceedings on his motion here until he receives a ruling in New Hampshire, the Court concludes that he has chosen New Hampshire as his forum and declines to proceed with his motion in this Court.

**I.     STATEMENT OF FACTS**

   **A.     Procedural Background**

James Stile stands charged with robbery of controlled substances from a pharmacy, use of a firearm in furtherance of a crime of violence, possession of a firearm by a felon, and manufacture of 100 or more marijuana plants. *Indictment* (ECF No. 8). The indictment has been pending since October 20, 2011. *Id.* Mr. Stile has been dissatisfied with the services of each of his four court-appointed defense counsel, including his current defense attorney William Maselli, Esq. *See*

*Order on James Stile's Mot. for In Forma Pauperis Status, Mot. to Stay, and Mot. for Trs.* at 1-2 (ECF No. 165). In the spring of 2013, Mr. Stile began filing pro se motions, and, during appearances in Court, repeatedly demanding that the Court address them. Typically, when a defendant is represented by counsel and files motions pro se, the Court sends each motion to defense counsel to determine whether he or she will adopt the pro se motion. After Mr. Stile filed a number of pro se motions, which his counsel had not adopted, the Court held a conference directly after its competency hearing on September 27, 2013 and Mr. Stile vociferously complained that his defense was inadequate and that he had been forced to raise meritorious legal issues by himself. *Minute Entry* (ECF No. 206). Despite misgivings about the dangers of hybrid representation, the Court concluded that in the unusual circumstances of this case, it would address Mr. Stile's then pending pro se motions even though they had not been adopted by defense counsel. *Id.*

### B. The Facts

On November 9, 2011, the United States Magistrate Judge ordered James Stile detained pending trial. *Order of Detention* (ECF No. 33). More recently, Mr. Stile has been held in custody at the Strafford County Department of Corrections in Dover, New Hampshire. *Mot. in Limine for TRO* (*Def.'s Mot.*); *Supporting Aff. for Mot. in Limine for TRO* (*Stile Aff.*) (ECF No. 240). In his motion, Mr. Stile complains that "[t]he defendant has routinely had Strafford County Department of Corrections return his mails both legal and personal to the sender thereby

2

interfering with his ability to interact with his family, witnesses, professional contacts, attorneys and the Courts." *Stile Aff.* at 1.

## II. THE PARTIES' POSITIONS

### A. James Stile's Motion

Mr. Stile asserts that the Strafford County Department of Corrections has handled his legal and personal mail in a manner that interferes with his Sixth Amendment and Fourteenth Amendment rights. *Def.'s Mot.* at 1. Pointing to a particular instance, Mr. Stile complains that "docket # 140 dated 02/06/2013 clearly depicts the ongoing problems that the defendant has had with his mails not being held for him at the Strafford County House of Corrections." *Stile Aff.* at 1. He says that he has attempted to "work out a satisfactory method of holding his mails when he was out of the facility to Court," but "there has been no workable solution" negotiated. *Id.* at 1-2. He therefore seeks an injunction against the Superintendent of the Strafford County House of Corrections ordering him to "HOLD the defendants mails for him until he returns from Court or until further instructions from the defendant JAMES STILE while he is away from the Strafford County House of Corrections." *Id.* at 2.

### B. The Government's Response

The Government responded on October 10, 2013. *Gov't's Resp. to Def.'s Mot. in Limine for TRO* (ECF No. 244). The Government submits that this Court does not have jurisdiction over the Strafford County House of Corrections because the Superintendent and the House of Corrections are located outside the District of

Maine. *Id.* at 1. Furthermore, the Government argues that Mr. Stile has failed to display any irreparable injury. *Id.* Finally, the Government notes that Mr. Stile refers only to an envelope from this Court that was actually addressed to him at the Cumberland County Jail, not the Strafford County House of Corrections. *Id.* at 1-2.

C. **James Stile's Reply**

Mr. Stile replied on October 21, 2013. *Reply to Gov't's Opp'n of Def.'s Mot. in Limine for TRO* (ECF No. 258). Mr. Stile contends that this Court has jurisdiction over the Superintendent and House of Corrections in New Hampshire because he is being held in New Hampshire pursuant to this Court's order of detention. *Id.* at 1. Mr. Stile informs the Court that he has filed a cause of action in the United States District Court for the District of New Hampshire and that he is "immediately submitting the same motion to the U.S. District Court for the District of New Hampshire." *Id.* at 2. He therefore asks that the Court issue a stay in these proceedings until he has a ruling from the United States District Court in New Hampshire. *Id.* at 2.

III. **DISCUSSION**

Mr. Stile's reply makes it clear that he has elected to pursue this issue in the United States District Court for the District of New Hampshire. As such, in the interest of comity, even if this Court has jurisdiction over a prison superintendent and state prison in New Hampshire (which is highly doubtful), the Court declines to issue a stay on this motion while Mr. Stile proceeds with his New Hampshire lawsuit. Mr. Stile has presented no good reason for a stay of this motion. If he is

4

successful in his New Hampshire lawsuit, there will be no reason for this Court to proceed with the motion here and if he is unsuccessful, the Court would not intervene in the duly considered judgment of the United States District Court for the District of New Hampshire. Thus, as Mr. Stile has chosen his forum, the Court declines to allow him to hedge his bet and potentially proceed in Maine for relief he could not obtain in New Hampshire.

## IV. CONCLUSION

The Court DENIES James Stile's Motion in Limine for Temporary Restraining Order (ECF No. 240).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2013