UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON MOTIONS FOR THIRD PARTY
TRANSCRIPTION OF AUDIOTAPES**

In his two pro se motions, the Defendant asks the Court to appoint a third party expert to resolve his contention that the Government-generated transcripts of certain audiotapes are inaccurate. On this record, the Court declines to appoint such an expert under Federal Rule of Evidence 706; instead, the Court will comply with the First Circuit's guidance on the proper procedure for the use of transcripts.

**I.    STATEMENT OF FACTS**

    **A.    Procedural Background**

James Stile stands charged with robbery of controlled substances from a pharmacy, use of a firearm in furtherance of a crime of violence, possession of a firearm by a felon, and manufacture of 100 or more marijuana plants. *Indictment* (ECF No. 8). The indictment has been pending since October 20, 2011. *Id.* Mr. Stile has been dissatisfied with the services of each of his four court-appointed defense counsel, including his current defense attorney William Maselli, Esq. *See Order on James Stile's Mot. for In Forma Pauperis Status, Mot. to Stay, and Mot. for Trs.* at 1-2 (ECF No. 165). In the spring of 2013, Mr. Stile began filing pro se motions, repeatedly demanding that the Court address them. Typically, when a

1

defendant is represented by counsel and files motions pro se, the Court sends each motion to defense counsel to determine whether he or she will adopt the pro se motion. After Mr. Stile filed a number of pro se motions, which his counsel had not adopted, the Court held a conference directly after its competency hearing on September 27, 2013 and Mr. Stile vociferously complained that his defense was inadequate and that he had been forced to raise meritorious legal issues by himself. *Minute Entry* (ECF No. 206). Despite misgivings about the dangers of hybrid representation, the Court concluded that in the unusual circumstances of this case, it would address Mr. Stile's then pending pro se motions even though they had not been adopted by defense counsel. *Id.*

### B. The Facts

On December 13, 2012, Magistrate Judge Kravchuk held an evidentiary hearing on three suppression motions filed by the Defendant. *Minute Entry* (ECF No. 127); *Tr. of Proceedings* (*Tr.*) (ECF No. 141). During the suppression hearing, the Government introduced into evidence six audio records with six transcripts for the recordings. *Tr.* at 3.

## II. THE PARTIES' POSITIONS

### A. James Stile's First Motion

On September 12, 2013, James Stile moved for third party transcription of the audiotapes. *Mot. for Third Party Transcription of Audio Tapes*; *Supporting Aff. for Mot. for Third Party Transcription of Audio Tapes* (*Def.'s Aff.*) (ECF No. 221). Mr. Stile claims that the transcripts of the audiotapes admitted into evidence at the

suppression hearing were inaccurate and he asks the Court to order an "investigation by an unbiased 3rd party expert." *Def.'s Aff.* at 2. In the alternative, Mr. Stile urges the Court to strike the Government's transcripts. *Id.* at 3.

### B. Mr. Stile's Second Motion

On September 16, 2013, Mr. Stile filed a second motion for third party transcription of the audiotapes. *Mot. for Third Party Transcription of Audio Tapes*; *Supporting Aff. for Mot. for Third Party Transcription of Audio Tapes* (*Def.'s Second Aff.*) (ECF No. 222). The motion requests the same relief as his September 12, 2013 motion, and it references several additional instances of what he maintains are "serious significant discrepancies" between the Government's transcripts and what was actually stated on the audiotapes. *See Def.'s Second Aff.* at 2-3. Mr. Stile also argues that at least some portions of the transcripts have "not been authenticated as representing statements of witness and cannot be admitted on that ground." *Id.* at 4.

### C. The Government's Responses

The Government filed responses to both motions on October 3, 2013. *Gov't's Resp. to Def.'s Mot. for Third Party Transcription of Audio Tapes* (ECF No. 231) (*Gov't's Resp.*); *Gov't's Resp. to Def.'s Mot. for Third Party Transcription of Audio Tapes* (ECF No. 233). The responses are identical. The Government quotes from the First Circuit case of *United States v. Rengifo*, 789 F.2d 975, 983 (1st Cir. 1986), in which the First Circuit sets forth the procedure for the admission of transcripts of audiotapes. *Gov't's Resp.* at 1-2. The Government says that Mr. Stile is free to

3

present his own transcript and that jury is authorized to resolve any discrepancies by comparing the competing transcripts to the audiotape. *Id.* at 2.

### D. James Stile's Reply[1]

In his reply, Mr. Stile distinguishes *Rengifo* by saying that in *Rengifo*, the First Circuit was dealing with "isolated" telephone conversations; by contrast, the tapes here have background noise, such as dogs barking, wind, passing vehicles, and unidentified voices. *Def.'s Reply to Gov't's Opp'n to 3rd Party Transcription of Audio Tapes Mot.* (ECF No. 261) (*Def.'s Reply*). Mr. Stile contends that the jury should not be burdened with resolving conflicts between the transcripts. *Id.* at 1-2. He again suggests an "unbiased 3rd party expert" to resolve the discrepancies. *Id.* at 2.

## III. DISCUSSION

Under First Circuit law, to introduce an audiotape into evidence, the Government is required to present an adequate foundation to trigger the "presumption of official regularity." *Rengifo*, 789 F.2d at 978; *United States v. Cortellesso*, 663 F.2d 361, 364 (1st Cir. 1981) ("the government made out a prima facie case, by clear and convincing evidence, that the tapes were what it said they were"); *United States v. Luna*, 585 F.2d 1, 6 (1st Cir. 1978). Here, Mr. Stile does not claim that the tapes themselves have been tampered with and therefore, if the presumption of official regularity attaches, the actual tapes would likely be admissible at trial. *Rengifo*, 789 F.2d at 978; *Cortellesso*, 663 F.2d at 364.

---

[1] In a letter to the Court dated November 19, 2013, Mr. Stile clarified that his reply addresses both of his motions for third party transcription of audio tapes. *See Letter from James Stile to Clerk of Court* at 2 (ECF No. 303).

4

Occasionally, the proponent of an audiotape will present a transcript of the conversation to assist the jury in its understanding of what is being said. The First Circuit has approved this procedure. *Rengifo*, 789 F.2d at 980 ("We have long upheld the practice of providing the jury with a transcript to help them follow a tape recording being played during trial"). The First Circuit has also required the proponent of transcripts to authenticate them "by testimony as to how they were prepared, the sources used, and the qualifications of the person who prepared them."[2] *United States v. DeLeon*, 187 F.3d 60, 65 (1st Cir. 1999) (quoting *United States v. Carbone*, 798 F.2d 21, 26 (1st Cir. 1986)). In *Rengifo*, the First Circuit set out the proper procedure:

> The district court, in the exercise of its discretion, should decide whether properly authenticated transcripts should be admitted as evidence and go to the jury room initially along with the rest of the exhibits. If the jury requests the transcripts after it has started its deliberations, it is within the district court's discretion to decide whether the jury's request should be granted. We believe that it is advisable for the district court to try to obtain a stipulated transcript from the parties before trial or, at least, before a transcript is used. Failing such stipulation, each party should be allowed to introduce its own transcript of the recording provided that it is properly authenticated. When the jury receives two transcripts of the same recording, it should, of course, be instructed that there is a difference of opinion as to the accuracy of the transcripts and that it is up to them to decide which, if any, version to accept. The jurors should also be instructed that they can disregard any portion of the transcript (or transcripts) which they think differs from what they hear on the tape recording. Further limiting instructions will depend on the circumstances of each case.

---

[2] In support of his motion, Mr. Stile argues that at least some parts of the transcript have not been properly authenticated. *Def.'s Second Aff.* at 4. However, Mr. Stile has raised the point as a supporting paragraph—to aid his argument that "a third party [should] be assigned the task of doing a comparative study . . . and unbiased transcription." *Id.* at 1. If Mr. Stile wishes to argue that the transcripts have not been properly authenticated and should therefore be inadmissible at trial, he certainly may do so, *see DeLeon*, 187 F.3d at 65, but his argument does not impact the Court's determination on his two motions for third party transcription.

5

*Id.* at 983; *United States v. Ademaj*, 170 F.3d 58, 65 (1st Cir. 1999) ("Authenticated transcripts may be used by the jury to facilitate its understanding of the tape recordings themselves, provided the court makes clear that the tapes, not the transcript, constitute evidence in the case") (citation and internal quotation marks omitted).

Mr. Stile does not directly address the First Circuit's procedure. Instead, he asks the Court to appoint an "unbiased 3rd party expert" to resolve asserted differences between the Government and himself as to what exactly was said on the tapes and who said it. *Def.'s Reply* at 2. Although the Court has the authority to appoint an expert, FED. R. EVID. 706, the Court declines to do so. The First Circuit has made it clear that, when there is a disagreement between the parties about the accuracy of the transcripts, it is up to the members of the jury to determine which version is correct, based on their assessment of the audiotape itself. *Rengifo*, 789 F.2d at 983. Appointing an independent third party expert to make findings and conclusions about what was stated on the audio tape would run the risk of usurping the role of the jury as the First Circuit contemplates it.

Neither Mr. Stile nor his counsel has requested that the Court authorize payment of services for his own expert to listen to one or more audiotapes and render an expert opinion about the contents. The First Circuit has suggested that if a defendant suspects tampering with a tape, he may obtain an expert to resolve the issue. *Cortellesso*, 663 F.2d at 364; *United States v. Fuentes*, 563 F.2d 527, 532 (2d Cir. 1977). As the role of the expert in such a situation would be to ensure that the

6

defendant could have his doubts about the "accuracy of the narrative transcribed" investigated and potentially conveyed to a jury, *see id.*, it is possible that the Court could be convinced that the defense here is entitled to reimbursement for an expert's services to clarify the contents of the tapes.

However, the Court will not do so on this record. Mr. Stile has not presented the Court with the audiotapes and the competing transcripts. The First Circuit contemplates that the Court will seek to obtain a stipulation as to what was said and, only failing that, will allow the parties to present their own transcript versions. *United States v. Young*. 105 F.3d 1, 10 (1st Cir. 1997); *Rengifo*, 789 F.2d at 983. In accordance with this authority, if Mr. Stile were to request funds for an expert, the Court would require the parties to present the audiotape and the proposed transcripts to determine whether there is a genuine dispute. *See DeLeon*, 187 F.3d 65 ("We will not require trial judges to screen transcripts and to make objections where the parties themselves have raised none; we leave such legal advocacy to counsel"). It would also require the defense to document the qualifications and expertise of the proposed defense expert. To this point, none of this has been done.

In any event, based on this record, the Court declines to appoint a third party expert to review the audiotapes and declines to exclude the Government's transcripts.

## IV. CONCLUSION

The Court DENIES James Stile's Motion for Third Party Transcription of Audio Tapes (ECF No. 221), and DENIES James Stile's Motion for Third Party Transcription of Audio Tapes (ECF No. 222).

SO ORDERED.

    /s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2013