UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON MOTION FOR DISCOVERY AND RENEWED
MOTION FOR DISCOVERY**

The Court declines to order the Government to provide discovery to the
Defendant that it already provided to defense counsel.

## I.    STATEMENT OF FACTS

### A.  Procedural Background

James Stile stands charged with robbery of controlled substances from a
pharmacy, use of a firearm in furtherance of a crime of violence, possession of a
firearm by a felon, and manufacture of 100 or more marijuana plants.  *Indictment*
(ECF No. 8).  The indictment has been pending since October 20, 2011.  *Id.*  Mr.
Stile has been dissatisfied with the services of each of his four court-appointed
defense counsel, including his current defense attorney William Maselli, Esq.  *See
Order on James Stile's Mot. for In Forma Pauperis Status, Mot. to Stay, and Mot. for
Trs.* at 1-2 (ECF No. 165).  In the spring of 2013, Mr. Stile began filing pro se
motions, repeatedly demanding that the Court address them.  Typically, when a
defendant is represented by counsel and files motions pro se, the Court sends each
motion to defense counsel to determine whether he or she will adopt the pro se

motion. After Mr. Stile filed a number of pro se motions, which his counsel had not adopted, the Court held a conference directly after its competency hearing on September 27, 2013 and Mr. Stile vociferously complained that his defense was inadequate and that he had been forced to raise meritorious legal issues by himself. *Minute Entry* (ECF No. 206). Despite misgivings about the dangers of hybrid representation, the Court concluded that in the unusual circumstances of this case, it would address Mr. Stile's then pending pro se motions even though they had not been adopted by defense counsel. *Id.*

## B. James Stile's Discovery Motions

By motion dated April 17, 2013 and docketed on September 27, 2013, James Stile moved for discovery. *Def.'s Pro Se Mot. for Disc.* (ECF No. 207). In the motion, he complains that "[t]he United States Attorney has been negligent in complying with the requests of defense counsel to provide discovery on more than one occasion." *Id.* at 1. He asks the Court to grant an order directing the United States Attorney to provide "COMPLETE" discovery to him at his current address. *Id.*

In an attached affidavit, Mr. Stile says that he has "repeatedly made request through all of his defense attorneys to be provided with 'COMPLETE' discovery with 'COLOR' photographic images be included. These requests, for the most part, have gone unheeded, especially with last assigned counsel William Maselli, Esq." *Id.* Attach. 1 *Supporting Aff. for Mot. for Disc.* at 1. Mr. Stile lists a number of discovery documents that he contends he is entitled to receive directly from the

Government and some discovery documents generated by his defense lawyer. *Id.* at 1-2.

On June 3, 2013, Mr. Stile filed a renewed motion for discovery, asking for similar relief for the same reason. *Def.'s Renewed Mot. for Disc.* (ECF No. 216). This time, however, in addition to seeking an order compelling the Government to provide discovery, Mr. Stile seeks an order compelling his attorney to do so as well. *Id.* Attach. 1 *Supporting Aff. for Renewed Mot. for Disc.* at 2. In addition, Mr. Stile demands that the Court order he be provided with "(2) two pens, (2) two pencils, (2) two legal pads and (2) highlighters and a laptop computer with wireless ability to print in Court for the purposes of presenting his defense during pretrial hearing and at trial." *Id.* at 3. Finally, Mr. Stile asks the Court to issue an order compelling a man named John Bauer "to comply with the defendant[']s requests for cooperation in investigative needs for preparation of his defense or in the alternative, authorize funding for the defendant to procure a private investigator who will comply with the defendant[']s investigative needs." *Id.* at 3.

### C.  The Government's Responses

On October 3, 2013, the Government responded to Mr. Stile's discovery motion. *Gov't's Resp. to Def.'s Mot. for Disc.* (ECF No. 229). The Government represents that it has produced "over 1,200 pages of documents, and numerous audio and video recordings, to the defendant though his defense counsel." *Id.* at 1. It further represents that it has "abided, and will continue to abide, by its discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady*,

*Giglio* and *Jenks.*" *Id.* It concludes that to the extent Mr. Stile believes his defense counsel has not provided him with the voluminous discovery that the Government has produced, "he should address his concerns to his defense attorney." *Id.*

The Government also responded to the renewed motion on October 3, 2013, stating that the discovery issue was between Mr. Stile and his attorney and taking no position on either Mr. Stile's request for pens, pencils, and other items or on his request with respect to his private investigator. *Gov't's Resp. to Def.'s Renewed Mot. for Disc.* (ECF No. 230).

### D. James Stile's Reply

In Mr. Stile's reply, he claims that there is "some type of conspiracy to keep evidence from the defendant!" *Def.'s Reply to Gov't's Opp'n to Def.'s Renewed Mot. for Disc.* at 1 (ECF No. 259). He repeats his accusation that the Government has failed to comply with its *Brady*[1] obligations, listing multiple alleged instances of documents that have not been provided or that have been redacted.[2] *Id.* at 1-5. Finally, on October 21, 2013, Mr. Stile filed a supplement to his reply. *Def.'s Supplement to Reply to Gov't's Opp'n to Def.'s Renewed Mot. for Disc.* (ECF No. 263). In his supplement, Mr. Stile accuses the Government of being dilatory in providing his counsel with requested discovery. *Id.* at 1-2.

---

[1]     *Brady v. Maryland*, 373 U.S. 83 (1963).

[2]     Mr. Stile did not reply to the Government's response to his original discovery motion; however, by letter dated November 19, 2013, Mr. Stile explained that he viewed the Government's response to his original motion as "just a rhetorical denial," prompting him to file a new motion. *Letter from James Stile to Clerk of Court* at 1 (ECF No. 303). He writes that "[t]he defendant[']s reply to the Government[']s response to (207) was his renewed motion for discovery." *Id.* He asks that his new motion be docketed as a reply to the Government's response to his original motion. *Id.* The Court declines to treat a new motion as a reply; the Court has considered both motions for discovery as a unified motion.

## II.    DISCUSSION

Mr. Stile's motion is not really a motion for discovery; the Government asserts—without contradiction—that it provided his attorney with all proper discovery.  Instead, Mr. Stile asks that the Court order the Government to send him copies of the discovery it has already sent to his attorney.  As such, this motion exemplifies the danger of hybrid representation.  Mr. Stile's quarrel is not with the Government, which has satisfied its disclosure obligations, but with his own attorney.

To evaluate the merits of this motion, the Court would be required to improperly invade the attorney-client relationship between Mr. Stile and his defense counsel, past and present, and could reveal to the Government his attorneys' trial strategy.  The Court declines to do so.  What discovery documents a defense lawyer copies and shares directly with a client is a complicated calculus, and depends on the significance of the individual document, the possibility that the document could be deliberately or inadvertently disseminated in prison, and the client's need for the actual document as opposed to a description of its contents. The Court will not second-guess the decisions of Mr. Stile's defense counsel as to what documents he has physically shared with his client, since this decision could directly or indirectly reveal strategic choices and other matters within professional discretion and within the exclusive province of the attorney-client relationship. Although Mr. Stile vehemently accuses the Government of failing to provide *Brady* material, Mr. Stile's attorney has not joined in this motion.  Again, the Court

assumes that the Government has provided this material to defense counsel and concludes that Mr. Stile's access to the material is a matter between Mr. Stile and his lawyer.

Similarly, the Court rejects Mr. Stile's demands for pens, pencils, legal pads, highlighters, and a laptop computer with wireless ability. First, the Court assumes that the prison where Mr. Stile is incarcerated has policies to allow inmate access to legal materials consistent with its safety concerns, and the Court is not inclined to issue an order that might undermine those policies. To the extent that Mr. Stile is requesting these items for his use during in court sessions, the Court will allow Mr. Stile to obtain such items for his use as are customary, subject to the safety policies of the United States Marshal. Finally, as Mr. Stile has filed no less than thirty-four motions with the Court, the Court concludes that he has been given appropriate access to legal material.

The Court is nonplussed about Mr. Stile's demand that it order John Bauer to investigate the case on Mr. Stile's behalf. The exact nature of the desired private investigation is too vague to understand its merits. However, as noted in its Order on Pro Se Motion for Expert Witness, the Court has authorized $13,600.00 for private investigative services and expenses. *Amended Order on Pro Se Mot. for Expert Witnesses* (ECF No. 289). Typically, for good reason, the private investigator takes direction from defense counsel, not the defendant. To the extent that Mr. Stile contends that the private investigator has failed to perform a proper investigation, this is a matter between Mr. Stile and his lawyer.

### III.    CONCLUSION

The Court DENIES James Stile's Pro Se Motion for Discovery (ECF No. 207) and his Renewed Motion for Discovery (ECF No. 216).

SO ORDERED.


/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of December, 2013