UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON PRO SE MOTION IN LIMINE FOR HEARING NOTICES AND GOVERNMENT'S OPPOSING ANSWERS TO DEFENDANT'S MOTIONS TO BE SERVED UPON THE DEFENDANT**

On October 11, 2013, James Stile filed a pro se motion, asking the Court to order the Government "to serve upon the defendant and not his attorney of record, any notices of hearings or papers of opposition to the defendant[']s motions or any other papers the United States Attorney may wish to serve upon the defendant in regards to any pleadings in the above docketed case." *Mot. in Limine for Hr'g Notices and Gov't's Opposing Ans. to Def.'s Mots. to be Served upon the Def.* (ECF No. 248). The Government responded on October 15, 2013, indicating that under the rules of professional conduct, an attorney is prohibited from communicating directly with a criminal defendant who is represented by an attorney; however, as Mr. Maselli has asked the Government to send Mr. Stile copies of its responses to Mr. Stile's pro se motions, the Government has done so. *Gov't's Resp. to Def.'s Mot. in Limine for Hr'g Notices and Gov't's Opposing Ans. to Def.'s Mots. to be Served upon the Def.* (ECF No. 250) (*Gov't's Opp'n*). On October 28, 2013, Mr. Stile replied. *Reply to Gov't's Opp'n to Def.'s Mot. in Limine for Hr'g Notices and Gov't's Opposing Ans. to Def.'s Mots. to be Served upon the Def.* (ECF No. 268).

First, as regards Mr. Stile's request that the Court order the Government not to send pleadings, correspondence and other matters to his attorney, the Court rejects this request. The Court appointed William Maselli on September 18, 2012 as Mr. Stile's defense counsel after Mr. Stile vociferously and persistently complained about his three previously appointed defense lawyers. *Minute Entry* (ECF No. 110). Since Mr. Maselli has been appointed, Mr. Stile has vociferously and persistently complained about him. *See Pro Se Letter Mot. for Att'y Maselli to Withdraw as Counsel* (ECF No. 148); *Def.'s Mot. to be Assigned New Counsel* (ECF No. 151); *Notice of Mot. for Replacement Defense Counsel* (ECF No. 285). Although the Court will separately address Mr. Stile's most recent motion for new counsel, William Maselli continues to act as counsel of record for Mr. Stile and, as such, must be aware of any communications involving the Defendant. Accordingly, the Court will not order that the Government provide Mr. Stile and not his attorney with copies of the filed pleadings and other correspondence. *See* FED. R. CRIM. P. 49(b).

On September 26, 2013, the Court indicated that it would address the plethora of motions that Mr. Stile had filed pro se, even though his attorney had not adopted them. *Minute Entry* (ECF No. 206). The primary reason for the Court's ruling was that it appeared that a major source of Mr. Stile's profound dissatisfaction with his court-appointed attorneys is that, in his view, they had all refused to pursue meritorious legal defenses, forcing him to file those motions pro se. The Court resolved that if it reviewed and ruled on the merits of his pro se

motions, it might ameliorate the source of controversy between Mr. Stile and his defense counsel. The Court is now in the process of issuing orders on the thirty or so pro se motions that Mr. Stile has filed. For this limited purpose only, the Court allowed Mr. Stile to proceed with hybrid representation: addressing his pending pro se motions while retaining Mr. Maselli as defense counsel.

The Government is correct that—absent consent or as authorized by law or court order—it would violate the Maine Rules of Professional Conduct for the prosecutors to communicate with Mr. Stile about the subject of the representation. ME. RULES OF PROFESSIONAL CONDUCT § 4.2(a) ("In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or court order").

According to the Government's opposition, however, Mr. Maselli has requested that the Government mail copies of its responses to Mr. Stile's pro se motions directly to Mr. Stile. *Gov't's Opp'n* at 2. Complying with the permissible exception to the Rule of Professional Conduct that allows a lawyer to consent to such direct communication, the Government has represented that it has not only docketed its responses to his pro se motions, but has also sent Mr. Stile copies of those filings. *Id.* As is evidenced by the numerous replies that Mr. Stile has filed to the Government's opposition to his motions, it is apparent that Mr. Stile has been receiving those responses. *See, e.g.*, *Def.'s Reply to Govt's Opposition to 3rd Party Transcription of Audio Tapes Mot.* at 3 (ECF No. 261) ("WHEREFORE, in view of

the facts presented to this Court in the defendant[']s motion for a third party transcription and his reply to the Government[']s opposition"); *Letter from James Stile to Clerk of Court* at 1 (ECF No. 303) ("Defendant[']s original motion (207) was not responded to by the Government until 10/03/13 (229) and the response was just a rhetorical denial"). It therefore appears from the record that the Government and Mr. Maselli have solved the issue that prompted Mr. Stile's motion and the Court concludes it does not need to take any further action.

Once the pending motions are resolved (assuming none successfully disposes of the pending indictment), the Court will address Mr. Stile's latest motion for new counsel. Upon the resolution of that motion, the Court intends upon offering Mr. Stile three choices: (1) continued representation by his attorney; (2) pro se representation; and (3) pro se representation with his attorney as stand-by counsel. It will not allow Mr. Stile to continue to have counsel of record and to represent himself. As this motion indicates, the complications of hybrid representation are too significant to allow it to persist. *United States v. Campbell*, 61 F.3d 976, 981 (1st Cir. 1995) (quoting *United States v. Nivica*, 887 F.2d 1110, 1121 (1st Cir. 1989)). As the First Circuit wrote, "[a] party has a right to represent himself or to be represented by an attorney, but he cannot have it both ways. There is no right to hybrid representation in the federal courts." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).

The Court DENIES James Stile's Motion in Limine for Hearing Notices and Government's Opposing Answer to Defendant's Motions to be Served upon the Defendant (ECF No. 248).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 6th day of December, 2013