UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR DEFENSE COUNSEL TO DISCLOSE BILLING RECORDS AND CASELOAD SUMMARY**

On November 22, 2013, James Stile filed a motion for an order compelling Attorney William Maselli to produce his billing records and caseload summary. *Def.'s Mot. for Defense Counsel to Disclose Billing Records and Caseload Summary* (ECF No. 293). Mr. Stile also filed a letter with the Court, complaining that he filed a handwritten motion with the Court making the same demand in March of 2013 and that the motion was not entered on the court docket. *Id.* Attach. 2 *Letter from James Stile to Clerk of Court* (Nov. 14, 2013) (ECF No. 293).

The Court denies Mr. Stile's motion to compel Attorney Maselli to produce his billing records and caseload summaries. There are a number of reasons that Mr. Stile's motion is inappropriate. First, Mr. Stile has separately filed a motion for the Court to appoint replacement counsel. *Def.'s Notice of Mot. for Replacement Defense Counsel* (ECF No. 285). The Court is now working through the numerous pro se motions that Mr. Stile has filed and, once it has completed the orders on those motions, the Court intends to schedule a hearing with Mr. Stile and Attorney Maselli to discuss Mr. Stile's newest motion for replacement counsel. This will give

Mr. Stile an opportunity to review the status of the case and decide whether to proceed with that motion.

Second, the evident purpose of Mr. Stile's request for Mr. Maselli's billing records is to argue that Mr. Maselli has not been as diligent as Mr. Stile contends he should be in providing him with a defense and to wage an attack on Mr. Maselli's credibility. The production of those records would require Mr. Maselli to defend himself professionally, to account for his actions as defense counsel, and to rebut Mr. Stile's repeated charges of inadequate representation. There would be a danger that to properly defend himself, Mr. Maselli would be compelled to reveal strategic choices he has made during his defense of Mr. Stile.

In addition, Mr. Maselli is professionally charged with defending Mr. Stile and Mr. Stile's allegations would force Mr. Maselli to defend himself. To the extent Mr. Maselli's self-defense required him to disagree with Mr. Stile's accusations, he would be placed in the awkward position of potentially revealing information protected by the attorney-client privilege—information possibly damaging to his client.

Third, Mr. Maselli may not in any event reveal information about his other clients in order to defend himself against Mr. Stile's accusations, and therefore the request for information about his caseload would not be properly revealed absent a waiver from his other clients.

Fourth, whether to grant Mr. Stile's motion for new counsel will not depend upon Mr. Maselli's billing records or caseload reports. It will depend upon whether

2

the Court concludes that the attorney-client relationship has broken down to the point where there is a "total lack of communication preventing an adequate defense."  *United States v. Woodard*, 291 F.3d 95, 107 (1st Cir. 2002) (quoting *United States v. Allen*, 789 F.2d 90, 92 (1st Cir. 1986)).  In addition, however, in light of Mr. Stile's vocally-expressed discontent with each of the four defense lawyers that the Court has appointed to represent him, the Court will also balance Mr. Stile's right to counsel "against the public's interest in the prompt, fair and ethical administration of justice."  *United States v. Richardson*, 894 F.2d 492, 496 (1st Cir. 1990) (quoting *United States v. Panzardi-Alvarez*, 816 F.2d 813, 817 (1st Cir. 1987)).  The Court will take into consideration whether the appointment of a fifth defense attorney for Mr. Stile would entail substantial delay in a case that has already been substantially delayed by the serial appointment of four defense lawyers.

Moreover, the question is whether a fifth lawyer will be able to provide the defense that the prior four lawyers, all of whom were able, diligent, and respected members of this Court's CJA Panel, could not.  At this point, the Court is nearing the conclusion that there is simply no lawyer practicing federal criminal defense law in the District of Maine who could satisfy Mr. Stile's demanding expectations of his attorney.  Be all of this as it may, Mr. Maselli's billing records and his caseload summaries will not assist the Court in deciding how to rule on Mr. Stile's latest motion for new counsel.

The Court DENIES James Stile's Motion for Defense Counsel to Disclose Billing Records and Caseload Summary (ECF No. 293).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 6th day of December, 2013