UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON MOTION IN LIMINE FOR EXPERT WITNESS**

On October 7, 2013, James Stile filed a pro se motion in limine for funds to hire an English language grammatical expert to analyze the grammar of 18 U.S.C. § 2118 in order to prepare a motion to dismiss the indictment in this case. *Def.'s Mot. in Limine for Expert Witness* (*Def.'s Mot.*); *Def.'s Supporting Aff. for Mot. in Limine for Expert Witness* (*Def.'s Aff.*) (ECF No. 239). He explains in his supporting affidavit that he is seeking funds to hire either "a grammatical expert and/or an expert with a jurisprudence doctorate" to testify that the "structure of the '*jurisdictional elements*' of the statute are in conflict with the wording of the indictment." *Def.'s Aff.* at 1 (emphasis in original). It is Mr. Stile's contention that the "only sensible reading of 18 U.S.C. [] [§] 2118(a) is that the statute makes causing serious bodily injury [an] element of [the] offense, given that the statute (1) establishes only one maximum punishment, and (2) makes eligibility for such punishment contingent on establishment of at least one of three facts, one of which is causing of death or significant bodily injury." *Id.* Discussing cases in which some courts have discussed the syntax and grammar of a statute in order to decipher

congressional intent, Mr. Stile asks for funds for an expert "so that he may intelligently and comprehensively argue his motion to dismiss." *Id.* at 1-3.

The Government responded on October 25, 2013. *Gov't's Resp. to Def.'s Mot. in Limine for Expert Witness* (ECF No. 267). The Government observes that Mr. Stile's motion for an expert raises, in a different context, the same issue that he has raised in his Motion in Limine to Dismiss (ECF No. 217). *Id.* at 1-2. Furthermore, the Government maintains that the Court is capable of performing statutory construction without the aid of an expert in English grammar. *Id.* at 1-3.

Mr. Stile replied on November 18, 2013. *Def.'s Reply to Gov't's Opp'n to Def.'s Mot. in Limine for Expert Witness* (ECF No. 290). He notes that he is "not a grammatical scholar and does not possess a law degree let alone a jurisprudence doctorate." *Id.* at 3.

The Court denies the Defendant's motion for an expert. Here, Mr. Stile has elected to file this and his numerous other motions without the aid of his court-appointed counsel, who possesses a Juris Doctor degree and who is fully capable of analyzing the grammatical structure of 18 U.S.C. § 2118. Instead, Mr. Stile has elected to proceed pro se on this motion and now complains that he lacks what the Court has appointed for him. Rules of statutory construction are at the heart of a legal education and are the common grist for the mill in the practice of law and on the bench, and issues of statutory construction are, therefore, properly argued by attorneys and decided by courts. The Court does not need an expert in the English

language to tell the Court how to construe the statute at issue in this case and such an expert would waste both taxpayer money and the Court's limited time.

The Court DENIES James Stile's Motion in Limine for Expert Witness (ECF No. 239).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 9th day of December, 2013