UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON DEFENDANT'S MOTION FOR SERVICES
OTHER THAN COUNSEL**

An incarcerated defendant awaiting trial has filed a pro se motion for access to legal materials both while in jail and during his court appearances. The defendant is represented by appointed counsel but has filed numerous pro se motions with the Court. The Court denies the motion because the defendant has demonstrated that he in fact has ample access to legal materials and because there are obvious security concerns in jail and in court that must be balanced against his need for the access to information and materials.

I.  **STATEMENT OF FACTS**

  A.  **Procedural History**

James Stile stands charged with robbery of controlled substances from a pharmacy, use of a firearm in furtherance of a crime of violence, possession of a firearm by a felon, and manufacture of 100 or more marijuana plants. *Indictment* (ECF No. 8). The indictment has been pending since October 20, 2011. *Id.* Mr. Stile has been dissatisfied with the services of each of his four court-appointed defense counsel, including his current defense attorney William Maselli, Esq. *See*

*Order on James Stile's Mot. for In Forma Pauperis Status, Mot. to Stay, and Mot. for Trs.* at 1-2 (ECF No. 165). In the spring of 2013, Mr. Stile began filing pro se motions, repeatedly demanding that the Court address them. Typically, when a defendant is represented by counsel and files motions pro se, the Court sends each motion to defense counsel to determine whether he or she will adopt the pro se motion.

After a delay caused by Mr. Stile's earnest assertion that he was not competent, Mr. Stile underwent a competency evaluation and the Court held a competency hearing on September 26, 2013. *Minute Entry* (ECF No. 206). After finding Mr. Stile competent, the Court addressed Mr. Stile's vociferous complaint that it had failed to address the proliferation of pending pro se motions. *Id.* Despite misgivings about the dangers of hybrid representation, the Court concluded that in the unusual circumstances of this case, it would address Mr. Stile's then pending pro se motions even though they had not been adopted by defense counsel. *Id.* Ignoring the Court's admonition, Mr. Stile filed eighteen additional motions after September 26, 2013.

**B.  Background**

On October 28, 2013, James Stile filed a pro se motion for services other than counsel. *Def.'s Mot. for Servs. Other Than Counsel* (*Def.'s Mot.*); *Supporting Aff. for Court Order to Allow for the Def. to Have Tools for his Defense in and out of Court* (*Def.'s Aff.*) (ECF No. 269). The Government responded on November 1, 2013. *Gov't's Resp. to Def.'s Mot. for Servs. Other Than Counsel* (ECF No. 272) (*Gov't's*

2

*Opp'n*). Mr. Stile replied on November 14, 2013. *Def.'s Reply to Gov't's Opp'n to Def.'s Mot. for Court Order to Allow for the Def. to Have Tools for his Defense in and out of Court* (ECF No. 282) (*Def.'s Reply*).

## II. THE PARTIES' POSITIONS

### A. James Stile's Motion

In his motion, Mr. Stile requests that the Court issue an order, "directing the United States Marshals Services and/or the [D]efendant[']s custodians at the Strafford County House of Corrections to insure that the [D]efendant has unfettered access to a laptop computer with Lexis-Nexis software installed and functionable." *Def's Mot.* at 1. He also demands a Court order mandating that he be provided with "(2) two ballpoints pens, (2) two pencils and (2) Hi-liters (one Pink & One Yellow)." *Id.* He says that this "Order should be granted at the earliest possible time so that the [D]efendant may become able to function on an equal level with the Government in technological ability to litigate the current case both in and out of Court." *Id.* He claims that he is "entitled to the aforementioned instruments to be able to conduct effective assistance of counsel." *Id.*

To the motion, Mr. Stile filed a "Supporting Affidavit." *Def.'s Aff.* In his affidavit, Mr. Stile asserts that he "has had to ask like a beggar for a pen in Court and this must stop immediately." *Id.* at 1. Mr. Stile demands that the Court order Strafford County House of Corrections to provide him with a laptop computer, noting that "[a]lthough the facility has a computer, the access is not enough to satisfy the demanding responsibilities of the [D]efendant[']s defense." *Id.* at 2. Mr.

3

Stile claims that he is pro se and his status "creates an unusual workload that necessitates more access to a computer than the average inmate." *Id.*

### B. The Government's Response

In response, the Government says that although 18 U.S.C. § 3006(e) allows counsel for a person financially unable to obtain investigative, expert or other services, the Court must make a number of determinations before it issues such an order, including that the services are necessary and the person is financially unable to obtain them. *Gov't's Opp'n* at 1. The Government points out that Mr. Stile is requesting equipment, not services, and that he has not established he is financially unable to obtain at least some of the requested equipment. *Id.* Noting that Mr. Stile concedes that he has access to a computer at Strafford County House of Corrections, the Government observes that he has filed well over thirty pro se motions and replies and that the "volume . . . and the quality of Defendant's well-typed pleadings belies Defendant's claims that his current computer access is not sufficient to provide access to the courts." *Id.* at 2.

The Government says that it has been advised by the United States Marshal Service that the Strafford County House of Corrections has five mobile computers with Lexis-Nexis and one stationary computer that Mr. Stile has access to on his pod. *Id.* at 2. The Government has attached copies of relevant portions of the Strafford County Department of Corrections Inmate Handbook, which details an inmate's access to courts, the making of copies, and access to in-house legal materials. *Id.* at 2-3. Furthermore, the Government observes that Mr. Stile has

4

failed to demonstrate any actual prejudice to any pending litigation. *Id.* at 3. In addition, the Government states that Mr. Stile still has appointed counsel and has elected to proceed with these motions pro se. *Id.* at 3-4. As such, the Government argues that Mr. Stile has no constitutional right to access law libraries and other legal resources. *Id.* at 4.

### C. James Stile's Reply

In Mr. Stile's reply, he stresses the "other services necessary for adequate representation" language in 18 U.S.C. § 3006A, disputing the Government's contention that the statute is limited to services as opposed to equipment. *Def.'s Reply* at 1. He then says that if the Government wishes to argue that he is not entitled to an equal playing field, he "hereby expands his motion to allow for a paralegal." *Id.* at 2. Mr. Stile also contests the Government's claim that he is currently represented by appointed counsel, proclaiming that a "pro se litigant *becomes and is counsel!*" *Id.* at 2-3 (emphasis in original). In fact, Mr. Stile further expands his demand to include software such as "Naturally Speaking" made by "Dragon." *Id.* at 4. Mr. Stile also contends that, contrary to the Government's assertion, he has been prejudiced in this litigation because he has been compelled to file a motion to extend time to reply to the Government's opposition to his motions. *Id.* at 4. Mr. Stile concedes that "the Court has not sanctioned the [D]efendant for tardiness in his replies," but he argues that such an action "is a foreseeable 'actual injury' that could be imposed upon the [D]efendant." *Id.* at 3-4.

## III. DISCUSSION

Mr. Stile is incorrect when he claims to be representing himself; Mr. Stile is still represented by competent court-appointed counsel, William Maselli, Esq. The Court addressed the representation issue in an Order dated May 9, 2013. *Order on Mot. for Leave to File Pro Se Mot.* (ECF No. 172) (*Order*). Mr. Stile ignored the May 9, 2013 Order and continued to file his own motions directly with the Court, vocally complaining about the Court's refusal to rule on his multiple pro se motions. Finally, on September 26, 2013, in the face of Mr. Stile's vociferous complaints, the Court relented and agreed to rule on Mr. Stile's multiple pending motions, allowing a limited exception to the general rule against hybrid representation. *Minute Entry* (ECF No. 206). This concession did not change the fact that Attorney Maselli continues to represent Mr. Stile unless and until he is relieved from representation by the Court. In fact, Mr. Stile recognizes as much because on November 15, 2013, he filed another motion asking for new counsel. *Def.'s Notice of Mot. for Replacement Defense Counsel*; *Supporting Aff. for Renewed Mot. for Replacement Defense Counsel* at 1 (ECF No. 285) ("Maselli Esq. is currently the assigned defense counsel in this case and remains defense counsel of record as per order of Judge John A. Woodcock Jr.").

The Court's forbearance has a limit. The Court has allowed a restrictive period in which it will rule on Mr. Stile's plethora of motions, but it will not allow Mr. Stile at this point to act as his own counsel. In the past, Mr. Stile has strongly objected to any suggestion that he has the right to represent himself and, even if he changed his mind and sought permission to represent himself, before the Court

were to allow him to do so, it would be required to carefully review the drawbacks of self-representation with Mr. Stile and to caution him against it. As the Court noted in its May 9, 2013 Order, before Mr. Stile is allowed to act pro se, the Court is obligated to hold a hearing and warn Mr. Stile "of the dangers and disadvantages of self-representation, so that the record will establish that [the defendant] knows what he is doing and his choice is made with eyes open." *Order* at 1-2 (quoting *United States v. Francois*, 715 F.3d 21, 30 (1st Cir. 2013) (quoting *United States v. Proctor*, 166 F.3d 396, 402 (1st Cir. 1999))) (internal quotation marks omitted). The Court also observed that it "has not yet held this required hearing and until it does, Mr. Stile will not be allowed to act as his own lawyer." *Order* at 2. The Court's decision to rule on Mr. Stile's pro se motions does not change the status of his legal representation. In view of the fact that Mr. Stile is still represented by counsel, the Court will not treat him as if he is unrepresented for purposes of his requested access to prison computers, software applications, or web-based search engines. Moreover, through his court-appointed lawyer, Mr. Stile has access to legal research, investigators, and paralegals. The Court will not encourage his adamant decision to fence with his own attorney and to go it alone.

Furthermore, regarding Strafford County's policies giving inmates access to legal research material, Mr. Stile's own filings dispel any concern that he has been unable to gain access to such materials. Mr. Stile has filed no fewer than thirty-four motions with the Court, replete with statutory and case citations, and a nearly

7

equal number of similarly-documented replies. By Mr. Stile's own actions, there is every reason to conclude that he has adequate access to legal material.

Still, Mr. Stile worries that the Court will default him for failing to file his materials on a timely basis. At the same time, Mr. Stile concedes that the Court has not done so. To this point, the Court has been most lenient with Mr. Stile and his late filings. Indeed, on November 14, 2013, the Court issued an order granting his motion to extend time to reply to the Government's oppositions and Mr. Stile has been filing replies in an attempt to comply with that Order. *Order on Mot. for Expansion of Time to Reply to the Gov't's Opp'ns* (ECF No. 281). If the Court suspects that Mr. Stile is using the filing deadlines to delay the resolution of the case, it will take action. But as of now, although he has been prolific, there is no indication that Mr. Stile has been dilatory.

In sum, as regards the Strafford County House of Corrections, the Court is loath to interfere with its inmate access policy, which is attached to the Government's response. *See Gov't's Opp'n* Attach. 1 *Strafford County Dept. of Corrections Inmate Handbook* (ECF No. 272). The Strafford County House of Corrections policy expressly provides that the inmates will be given access to the law library upon inmate request. *Id.* at 2-3.

Finally, as regards Mr. Stile's request for a laptop, pens, pencils, and other materials during court appearances, the Court has previously indicated to him that the United States Marshal has obvious security concerns about what implements all defendants should be able to retain while at counsel table and he is no exception.

More to this point, Mr. Stile has become visibly angry during some court appearances and in particular has been highly irritated with his defense counsel. A pen or pencil could be badly misused. The Court will therefore allow the Marshal to impose reasonable restrictions as to his access to material. If this turns out to be a real issue during any hearing, the Court will address it at that time.

## IV. CONCLUSION

The Court DENIES James Stile's Defendant's Motion for Services Other Than Counsel (ECF No. 269).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 9th day of December, 2013