UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

## ORDER ON PRO SE MOTION FOR *FRANKS* HEARING

The Court denies the Defendant's pro se motion for a *Franks* hearing because the Defendant has failed to make a substantial preliminary showing that he is entitled to one.

## I. STATEMENT OF FACTS

### A. Procedural Background

James Stile stands charged with robbery of controlled substances from a pharmacy, use of a firearm in furtherance of a crime of violence, possession of a firearm by a felon, and manufacture of 100 or more marijuana plants. *Indictment* (ECF No. 8). The indictment has been pending since October 20, 2011. *Id.* Mr. Stile has been dissatisfied with the services of each of his four court-appointed defense counsel, including his current defense attorney William Maselli, Esq. *See Order on James Stile's Mot. for In Forma Pauperis Status, Mot. to Stay, and Mot. for Trs.* at 1-2 (ECF No. 165). In the spring of 2013, Mr. Stile began filing pro se motions, repeatedly demanding that the Court address them. Typically, when a defendant is represented by counsel and files motions pro se, the Court sends each motion to defense counsel to determine whether he or she will adopt the pro se

motion.  After Mr. Stile filed a number of pro se motions, which his counsel had not

adopted, the Court held a conference directly after its competency hearing on

September 26, 2013 and Mr. Stile vociferously complained that his defense was

inadequate and that he had been forced to raise meritorious legal issues by himself.

*Minute Entry* (ECF No. 206).  After finding Mr. Stile competent, the Court

addressed Mr. Stile's vociferous complaint that it had failed to address the

proliferation of pending pro se motions.  *Id.*  Despite misgivings about the dangers

of hybrid representation, the Court concluded that in the unusual circumstances of

this case, it would address Mr. Stile's then pending pro se motions even though they

had not been adopted by defense counsel.  *Id.*

### B.    Background

#### 1.    James Stile's Motion

Following a pharmacy robbery on September 12, 2011, the Government

obtained three search warrants for Mr. Stile's domicile.  In a  motion filed on

September 27, 2013, Mr. Stile seeks a *Franks* hearing for the last of these search

warrants, which was executed on September 22, 2011.[1]  *Def.'s Notice of Mot. for*

*Franks Hr'g* (ECF No. 212) (*Def.'s Mot.*).  Mr. Stile explains that he would like "to

establish whether the warrant was issued upon intentional material falsehoods

and/or intentional material omissions submitted in the affidavit supporting the

issuance of the warrant."  *Id.* at 1.  In his September 27, 2013 motion, he does not

explain further what he alleges those falsehoods or omissions to have been.  *Id.*

---

[1]      Mr. Stile's motion was dated May 6, 2013 and was docketed after a hearing on September 26, 2013 when the Court indicated it would rule on Mr. Stile's pro se motions.  *Minute Entry* (ECF No. 206).

## 2.     The Government's Response

The Government responded on October 17, 2013, outlining the standards for a *Franks* hearing and urging the Court to conclude that Mr. Stile has failed to meet those standards. *Gov't's Resp. to Def.'s Mot. for Franks Hr'g* (ECF No. 254) (*Gov't's Resp.*).

## 3.     James Stile's Reply

On November 12, 2013, Mr. Stile replied. *Def.'s Reply to Gov't's Opp'n to Def.'s Mot. to Suppress* (ECF No. 278). Mr. Stile says that in support of the September 20, 2011 search warrant, Lt. Carl Gottardi filed "an exact duplicate" affidavit to the one the Lieutenant filed in support of the September 13, 2011 search. *Id.* at 1. He claims that because the information in the first affidavit was irrelevant, the inclusion of irrelevant material amounted to "intentional material falsehoods." *Id.* He maintains that the affiant for the third search warrant "omitted that a first and second search warrant were issued and executed prior to the application for the 3rd search warrant" and that a "reasonable Judge, seeing that two previous search warrants had been executed without finding any guns may have been reluctant to issue a 3rd." *Id.*

Mr. Stile next says that the September 20, 2011 warrant was not executed until September 22, 2013. *Id.* at 2. He claims that the supporting affidavit contained a "material falsehood" and was "meant to intentionally mislead" when it said that he would "give the affiant one gun" and would "retrieve the other gun and drugs." *Id.* Mr. Stile also points out a statement by Special Agent Brent McSweyn

3

in which Agent McSweyn represented that Mr. Stile said that "he would turn over a gun once they got there (indicating that a gun was in or near his residence) and that he could get the other items (bag or drugs and sawed off shotgun[)]." *Id.* Mr. Stile maintains that this quote "was nowhere near what was said in the transcripts of September 16, 2011." *Id.*

## II. DISCUSSION

To be entitled to a so-called *Franks* hearing, a defendant must make "'a substantial preliminary showing' that (1) a statement in a warrant affidavit was knowingly or intentionally false, or made with reckless disregard for the truth; and (2) the falsehood was necessary to the finding of probable cause." *United States v. Valerio*, 48 F.3d 58, 62 (1st Cir. 1995) (quoting *Franks v. Delaware*, 438 U.S. 154, 155-56 (1956)).

Mr. Stile's September 27, 2013 motion consisted of two sentences, making general allegations about non-specific intentional material falsehoods and omissions, attaching no exhibits, and demanding a *Franks* hearing. *Def.'s Mot.* at 1. In its response, the Government noted the absence of any specificity and observed that Mr. Stile had presented "no offer of proof, [had] presented no sworn affidavits, and [had] not pointed out specific portions of the search warrant that are claimed to be false." *Gov't's Resp.* at 1-2.

In his reply, Mr. Stile did not attach an offer of proof or sworn affidavits; instead, he referred to his "original motion" and to exhibits attached to that motion. *Def.'s Reply* at 1. The Court remains confused as to what "original motion" Mr. Stile

was referring to. Although it found some of the exhibits attached to Mr. Stile's first pro se motion to suppress, *see Supporting Aff. for Mot. to Suppress* (*Stile Aff.*) (ECF No. 208), the Court could not locate in Mr. Stile's multiple filings a set of exhibits that correspond to the exhibits described in this motion.

In addition, by being so cryptic in his motion and waiting to explain the details in his reply, Mr. Stile effectively eliminated the ability of the Government to adequately respond. In such a circumstance, the Court would normally allow the Government to respond to the new arguments in the reply. Here, however, the Court will issue its ruling because the result is clear.

The focus of Mr. Stile's contention is a portion of paragraph ten in Lieutenant Gottardi's affidavit which reads in part:

> Your affiant would note that during the last conversation that your affiant had with Stile, Stile advised your affiant that when we arrived at his residence, he would give your affiant one gun, in good faith, and then, after he was allowed to take care of his personal affairs, he would retrieve the other gun and drugs from the robbery.

*Stile Aff.* at 19 (*Aff. of Carl E. Gottardi*). This is the information that Mr. Stile claims "was meant to intentionally mislead"; he also makes a similar complaint about a Report of Investigation by Special Agent Brent McSweyn. *Def.'s Reply* at 2. The upshot of Mr. Stile's argument is his view that "there was never a direct mention of 'guns.'" *Id.*

Mr. Stile's argument does not support the relief he seeks in his motion. Mr. Stile contends that he did not say what Lieutenant Gottardi says he said. But a defendant's insistence that officers have misrepresented a conversation rarely

5

justifies the need for a *Franks* hearing. Otherwise, a *Franks* hearing would become the rule, not the exception, generated whenever a defendant disputed a police officer's statement in an affidavit for a search warrant. Instead, a defendant must make a "substantial preliminary showing" that the statement was knowingly or intentionally false or made in reckless disregard for the truth. *Valerio*, 48 F.3d at 62. Mr. Stile has not met this standard.

Moreover, Mr. Stile must demonstrate that the alleged falsehood was "necessary to the finding of probable cause." *Id.* Disregarding the lines of the Gottardi affidavit and the McSweyn report about which Mr. Stile complains, the Lieutenant's nine-page, single-spaced affidavit presents overwhelming evidence for a finding of probable cause for the September 20, 2011 search warrant. *See Stile Aff.* at 12-20. Therefore, Mr. Stile has presented no proper basis for the Court to hold a *Franks* hearing.

## III.   CONCLUSION

The Court DENIES James Stile's Motion for *Franks* Hearing (ECF No. 212).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 9th day of December, 2013