UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON MOTION IN LIMINE FOR HEARINGS**

Acting for the moment with the Court's leave to engage in hybrid representation, James Stile has filed over thirty pro se motions. The Court is working through those motions and has issued Orders on many of them. To date, the Court has resolved these motions without holding evidentiary hearings. On December 5, 2013, complaining about the lack of evidentiary hearings, Mr. Stile moved to compel the Court to grant what he refers to as "motion hearings." *Def.'s Mot. in Limine for Hr'gs on Mots. Filed with Court* (ECF No 314).[1] With his motion, Mr. Stile filed a "supporting affidavit." *Id.* Attach. 1 *Def.'s Supporting Aff. for Mot. in Limine on Mots. Filed with Court* (ECF No. 314) (*Def.'s Aff.*).

Although the Government has not yet responded to Mr. Stile's demand for hearings on his pretrial motions, the Court is ruling on his demand because the legal answer is clear: Mr. Stile has no right to an evidentiary hearing on the pretrial motions he has filed. In his motion, Mr. Stile cites the United States Supreme

---

[1] Mr. Stile's motion also states: "WHEREFORE, the [D]efendant respectfully moves this Court to enter an order allowing the [D]efendant an enlargement to the time allotment in responding to the Government[']s opposition to the [D]efendant[']s[] motions." *Def.'s Mot.* at 1. Mr. Stile does not explain this request further. On November 14, 2013, the Court extended the time for Mr. Stile to file replies to any pending motions, until December 13, 2013. *See Order on Mot. for Expansion of Time to Reply to the Gov't's Opp'ns* (ECF No. 281). Mr. Stile has made no showing that he requires an additional extension. Therefore, the Court will not further expand Mr. Stile's time to file replies.

Court case of *Washington v. Texas*, 388 U.S. 14, 18 (1967), as stating that "[t]he defendant ha[s] an absolute 6th Amendment Constitutional right to an evidentiary hearing." *Def.'s Aff.* at 1. Mr. Stile is wrong.

Mr. Stile is confusing his Sixth Amendment right to a trial and to compulsory process with his supposed right to evidentiary hearings on pretrial motions. The Sixth Amendment to the United States Constitution reads:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. CONST. am. VI. Mr. Stile has an undoubted right to a jury trial to determine his guilt of the charged criminal offenses and the right to compulsory process to obtain witnesses at that trial. The rights to an evidentiary hearing and compulsory process, however, do not extend to pretrial motions.

"[A] criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." *United States v. Brown*, 621 F.3d 48, 57 (1st Cir. 2010) (quoting *United States v. Panitz*, 907 F.2d 1267, 1273 (1st Cir. 1990)). "A hearing is required only if the movant makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record." *United States v. Staula*, 80 F.3d 596, 603 (1st Cir. 1996) (citations omitted). "Most importantly, the defendant must show that there are factual disputes which, if resolved in his favor, would entitle him to

the requested relief." *Id.* (citation omitted). To be accorded an evidentiary hearing, the defendant has the burden of setting forth "sufficiently definite, specific, detailed, and nonconjectural" facts to demonstrate "that a substantial claim is presented." *United States v. Calderon*, 77 F.3d 6, 9 (1st Cir. 1996) (citation omitted). With these standards in mind, the Court carefully reviewed each of Mr. Stile's motions (those that have been resolved to date) to determine whether an evidentiary hearing was warranted, and concluded that the issues could properly be resolved as matters of law without evidentiary hearings.

The Court will continue to assess whether an evidentiary hearing is required to properly resolve each motion under advisement. However, the Court will not grant Mr. Stile evidentiary hearings on the seventeen pretrial motions to which he claims a hearing is mandatory. Once all pending motions have been resolved, the Court will schedule a hearing (not an evidentiary hearing) on Mr. Stile's motion for new counsel.

The Court DENIES James Stile's Motion in Limine for Hearings (ECF No 314).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 18th day of December, 2013