UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON PRO SE MOTION TO DISMISS INDICTMENT**

In this pro se motion to dismiss the indictment, the Defendant seeks dismissal of the firearm counts on the grounds that videotape evidence of the pharmacy robbery charged in the indictment contradicts the firearm charges, that testimony before the grand jury does not support the firearm charges, and that the search warrant affidavit failed to mention the firearm charged in the indictment. The Court denies the motion to dismiss because the firearm charges in the indictment are legally sufficient and are not subject to evidentiary attack.

I.  **STATEMENT OF FACTS**

A.  **Procedural Background**

James Stile stands charged with robbery of controlled substances from a pharmacy, use of a firearm in furtherance of a crime of violence, possession of a firearm by a felon, and manufacture of 100 or more marijuana plants. *Indictment* (ECF No. 8). The indictment has been pending since October 20, 2011. *Id.* Mr. Stile has been dissatisfied with the services of each of his four court-appointed defense counsel, including his current defense attorney William Maselli, Esq. *See Order on James Stile's Mot. for In Forma Pauperis Status, Mot. to Stay, and Mot. for*

*Trs.* at 1-2 (ECF No. 165). In the spring of 2013, Mr. Stile began filing pro se motions, repeatedly demanding that the Court address them. Typically, when a defendant is represented by counsel and files motions pro se, the Court sends each motion to defense counsel to determine whether he or she will adopt the pro se motion.

After a delay caused by Mr. Stile's earnest assertion that he was not competent, Mr. Stile underwent a competency evaluation and the Court held a competency hearing on September 26, 2013. *Minute Entry* (ECF No. 206). After finding Mr. Stile competent, the Court addressed Mr. Stile's vociferous complaint that it had failed to address the proliferation of pending pro se motions. *Id.* Despite misgivings about the dangers of hybrid representation, the Court concluded that in the unusual circumstances of this case, it would address Mr. Stile's then pending pro se motions even though they had not been adopted by defense counsel. *Id.*

### B. The Indictment

The indictment charges Mr. Stile with two firearms violations: (1) Count Two, knowing possession of a fireman in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A); and (2) Count Three, knowing possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). *Indictment* at 1-2 (ECF No. 8). Each Count alleges that the firearm was a Phoenix Arms Model HP22A pistol. *Id.*

## II. THE PARTIES' POSITIONS

### A. James Stile's Motion

In his May 13, 2013 motion to dismiss, Mr. Stile maintains that the videotape of the pharmacy robbery "clearly shows the perpetrator of the robbery using what appears to be a sawed off shotgun and having what appears to be the butt-handle of a revolver 'cowboy-style' handgun sticking out of his right pocket, not a semi-automatic handgun such as the Phoenix Arms Model HP22A." *Def.'s Mot. to Dismiss*; *Def.'s Supporting Aff. for Mot. to Dismiss* at 2-3 (*Stile's Aff.*) (ECF No. 211). Mr. Stile also alleges that portions of the grand jury testimony do not support these charges. *Stile Aff.* at 2. Finally, he states that as the affidavit that led to the issuance of the search warrant did not mention the Phoenix Arms pistol, Counts Two and Three should be dismissed. *Id.*

B. **The Government's Response**

The Government responded on October 17, 2013. *Gov't's Resp. to Def.'s Mot. to Dismiss* (ECF No. 257). The Government observes that Mr. Stile is making a sufficiency of the evidence argument against the indictment and these arguments do not justify the dismissal of the indictment. *Id.* at 1-2. Instead, the Government says that Mr. Stile is free to argue these factual issues at trial. *Id.* at 1.

C. **James Stile's Reply**

Mr. Stile replied on November 12, 2013. *Def.'s Reply to Gov't's Opp'n to Def.'s Mot. to Dismiss* (ECF No. 280). In his reply, Mr. Stile contends that the Grand Jury charged Count Two—knowing possession of a firearm in furtherance of a crime of violence—based on a "wrongful presentation of facts to the Grand Jury to get the

indictment." *Id.* at 1. He says that no fingerprint or DNA evidence links the firearm to him. *Id.*

## III. DISCUSSION

Unlike civil actions, an indictment is not generally subject to dispositive motion practice. *United States v. Poulin*, 645 F. Supp. 2d 17, 22 (D. Me. 2009); *see also United States v. Li*, 206 F.3d 56, 62 (1st Cir. 2000). "[D]ismissing an indictment is an extraordinary step," *Li*, 206 F.3d at 62 (quoting *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997)), because, by returning an indictment, a grand jury is carrying out a constitutionally sanctioned function. *See* U.S. CONST. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ."). In the First Circuit's words, "[w]hen a federal court uses its supervisory power to dismiss an indictment it directly encroaches upon the fundamental role of the grand jury." *Whitehouse v. United States District Court*, 53 F.3d 1349, 1360 (1st Cir. 1995) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988)). This power is "appropriately reserved, therefore, for extremely limited circumstances," *id.*, and should be "exercised with caution." *United States v. Cameron*, 662 F. Supp. 2d 177, 180 (D. Me. 2009).

In addressing a challenge to an indictment, a district court must simply determine "whether the document sketches out the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." *United States v. Guerrier*,

669 F.3d 1, 3 (1st Cir. 2011). The Court should not inquire into the sufficiency of the evidence supporting the indictment. *United States v. Maceo*, 873 F.2d 1, 2-3 (1st Cir. 1989) ("an indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits"). Rather, at this stage, the Court "must accept the allegations in the indictment as true." *United States v. Young*, 694 F. Supp. 2d 25, 27 (D. Me. 2010) (citing *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952)); *see* FED. R. CRIM. P. 12(b)(2) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue"). In other words, a motion to dismiss is an inappropriate way "to test the sufficiency of the evidence behind the indictment's allegations." *Guerrier*, 669 F.3d at 4.

Thus, what the videotape of the robbery does or does not show is a matter for the jury and whether the grand jury testimony was sufficient to indict Mr. Stile was a matter for the grand jury; the Court may not credit his view of the evidence for purposes of the motion to dismiss "without a trial of the general issue."[1] FED. R. CRIM. P. 12(b)(2). Instead, "[w]hat counts in situations like this are the charging paper's allegations, which we must assume are true." *Guerrier*, 669 F.3d at 3-4. Accordingly, "courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations." *Id.* at 4 (collecting cases).

---

[1] The Court does not further address Mr. Stile's argument that the failure to mention the firearm in the search warrant affidavit somehow requires that the indictment be dismissed. This argument is simply frivolous and does not merit discussion.

5

"[I]n the ordinary course of events, a technically sufficient indictment handed down by a duly impaneled grand jury 'is enough to call for trial of the charge on the merits.'" *Id.* at 4 (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)). Here, Counts Two and Three of the indictment set forth the elements of each of the alleged violations of criminal law. They are not subject to dismissal.

## IV. CONCLUSION

The Court DENIES James Stile's Motion to Dismiss Indictment (ECF No. 211).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 18th day of December, 2013