UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON MOTIONS FOR GRAND JURY TRANSCRIPTS**

The Defendant filed three pro se motions demanding grand jury transcripts. The Court denies the motions because it concludes that the Defendant already has one of the witness transcripts that he is demanding and, regarding the remaining requested grand jury material, the Defendant has failed to make a particularized showing of the need to breach grand jury secrecy.

I.  STATEMENT OF FACTS

   A.  Procedural Background

James Stile stands charged with robbery of controlled substances from a pharmacy, use of a firearm in furtherance of a crime of violence, possession of a firearm by a felon, and manufacture of 100 or more marijuana plants. *Indictment* (ECF No. 8). The indictment has been pending since October 20, 2011. *Id.* Mr. Stile has been dissatisfied with the services of each of his four court-appointed defense counsel, including his current defense attorney William Maselli, Esq. *See Order on James Stile's Mot. for In Forma Pauperis Status, Mot. to Stay, and Mot. for Trs.* at 1-2 (ECF No. 165). In the spring of 2013, Mr. Stile began filing pro se motions, repeatedly demanding that the Court address them. Typically, when a

defendant is represented by counsel and files motions pro se, the Court sends the motion to defense counsel to determine whether he or she will adopt the pro se motion.

After a delay caused by Mr. Stile's earnest assertion that he was not competent, Mr. Stile underwent a competency evaluation and the Court held a competency hearing on September 26, 2013. *Minute Entry* (ECF No. 206). After finding Mr. Stile competent, the Court addressed Mr. Stile's vociferous complaint that it had failed to address the proliferation of pending pro se motions. *Id.* Despite misgivings about the dangers of hybrid representation, the Court concluded that in the unusual circumstances of this case, it would address Mr. Stile's then pending pro se motions even though they had not been adopted by defense counsel.

### B. Factual Background

James Stile has filed three pro se motions for grand jury transcripts. *Def.'s Mot. to Obtain Grand Jury Minutes* (ECF No. 213) (*Def.'s Minutes Mot.*); *Def.'s Mot. to Obtain Grand Jury Minutes* (ECF No. 218) (*Def.'s Second Minutes Mot.*); *Def.'s Mot. to Obtain Grand Jury Trs.* (ECF No. 238) (*Def.'s Trs. Mot.*). The Government has responded to each. *Gov't's Resp. to Def.'s Mot. to Obtain Grand Jury Minutes* (ECF No. 225) (*Gov't's First Resp.*); *Gov't's Resp. to Def.'s Second Mot. to Obtain Grand Jury Trs.* (ECF No. 249) (*Gov't's Second Resp.*); *Gov't's Resp. to Def.'s Mot. to Obtain Grand Jury Trs.* (ECF No. 249) (*Gov't's Third Resp.*). Mr. Stile has replied.

*Def.'s Reply to Gov't's Opp'n to Mot. to Obtain Grand Jury Trs.* (ECF No. 266) (*Def.'s Reply*).[1]

## II. THE PARTIES POSITIONS

### A. James Stile's Motions

In his May 5, 2013 motion, Mr. Stile cryptically says that he requires transcripts of the grand jury proceedings in order to show "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." *Def.'s Minutes Mot.* at 1.

In his September 5, 2013 motion, Mr. Stile adds detail to his legal theory. He asserts that he needs the transcripts for his "motions to dismiss and suppress," in order to demonstrate that "the United States Attorney presented erroneous information to the Grand Jury in order to obtain an indictment." *Def.'s Second Minutes Mot.* at 2. In support of this conclusion, he contends that "Count 1 is defective in that the three jurisdictional elements of Title 18 U.S.C. §2118 (a) & (c) were not established by evidence and properly presented to the Grand Jury." *Id.* at 1. Mr. Stile also asserts, in essence, that since Count One should be found defective, the remaining Counts "become suspect of an unsound foundation" and should therefore also be found defective. *Def.'s Second Minutes Mot.* at 1-2.

---

[1] Mr. Stile's October 22, 2013 reply was docketed as replying to docket number 238—his third motion for grand jury transcripts. *Def.'s Reply* at 1-4. However, in his November 19, 2013 status letter, Mr. Stile explained that the reply filed under docket number 266 was a reply to the Government's response to his original motion filed under docket number 213. *Letter from James Stile to Clerk of Court* at 1 (ECF No. 303) (*Status Letter*); *but see Def.'s Reply* at 1 (citing "Docket 249" as the Government response at issue, which is the Government's response to Mr. Stile's third motion). Mr. Stile further stated that his second motion, filed under docket number 218, was "a followup motion and was addressed with [the October 22, 2013 reply]." *Status Letter*. The Court has treated his October 22, 2013 reply as replying to the Government's responses to all three motions for grand jury transcripts.

3

In his October 4, 2013 motion, Mr. Stile expands his reasoning for his need for the grand jury transcripts. *Def.'s Trs. Mot.* at 1-2. Mr. Stile appears to acknowledge that he has access to the grand jury testimony of Agent Brent McSweyn but he says that he wants "the transcripts that exist of any other witnesses that testified to the Grand Jury on the above docketed indictment and the transcripts of the charges and instructions given to the Grand Jury by AUSA James McCarthy and any other AUSA on October 20, 2011."[2] *Id.* at 1. He explains that he wishes "to compose and file a motion to dismiss the current indictment based upon abusive prosecutorial misconduct." *Id.*

**B.  The Government's Responses**

In its response to Mr. Stile's May 5, 2013 motion, the Government noted that it has provided Mr. Stile with the discovery he is seeking. *Gov't's First Resp.* at 1-2. The Government observes that it sent Attorney Maselli copies of Special Agent McSweyn's grand jury testimony on May 20, 2013. *Id.* at 1. Furthermore, the Government points out that Mr. Stile attached portions of the McSweyn transcript in his pro se filings. *Id.* The Government urged the Court to deny the motion as moot. *Id.* at 1-2. The Government puts forth the same arguments in its response to Mr. Stile's second motion for grand jury transcripts. *Gov't's Second Resp.* at 1-2.

---

[2]     The Court interprets Mr. Stile's statement that he is requesting "transcripts that exist of any other witnesses" as an indication that Mr. Stile's requested relief does not include a transcript of Agent McSweyn's grand jury testimony. *Def.'s Trs. Mot.* at 1; *see Def.'s Reply* at 1 ("The transcripts . . . requested . . . are the transcripts that exist of the charges and instructions given to the Grand Jury by AUSA James McCarthy and any other AUSA"). Mr. Stile has submitted copies of Agent McSweyn's grand jury testimony in his pro se filings with this Court; thus, he clearly has access to it. *See, e.g.*, *Def.'s Mot. for Dismissal of Indictment* Attachs. 1-36 (ECF No. 223) (including fourteen excerpts of Agent McSweyn's testimony as exhibits). Mr. Stile has given no reason for the Court to order the Government to produce to him a transcript of testimony he already has.

4

In response to Mr. Stile's third motion, the Government reiterated that it has already provided transcripts of "the only witness who testified before the grand jury." *Gov't's Third Resp.* at 1. To the extent Mr. Stile's motion is for minutes of the grand jury proceedings other than testimony, the Government says that the rules require the person seeking the disclosure to demonstrate a "particularized need" for the material and if the Court finds that a particularized need has been demonstrated, the disclosure must be limited to the demonstrated need. *Id.* at 2-3. Furthermore, if the proponent of grand jury disclosure is making an accusation of grand jury abuse, the proponent must present more than unsubstantiated or speculative allegations. *Id.* at 4. The Government observed that Mr. Stile's motion to dismiss the indictment dated September 26, 2013 fails to meet the high standard for grand jury disclosure. *Id.* at 5-6.

C.  **James Stile's Reply**

In his October 24, 2013 reply, Mr. Stile explains that he contends the Government failed to present the grand jury with evidence that the drugs taken from the pharmacy had a replacement cost of not less than $500. *Def.'s Reply* at 2. Mr. Stile views the $500 requirement as a jurisdictional requirement under 18 U.S.C. § 2118. *Id.*

Mr. Stile also accused Agent McSweyn of "perjured testimony," claiming that "***the dates of the DNA reports and the photos of the gloves and other evidences that the Government had in their possession . . . are in direct conflict with ATF Agent McSweyn's testimony!***" *Id.* at 2-3 (emphasis in

5

original). Mr. Stile cites *United States v. Naegele*, 474 F. Supp. 2d 9 (D.D.C. 2007), as supporting his demand for a "full inspection of [the] entire grand jury record." *Id.* at 3.

## III. DISCUSSION

The Government has represented to the Court that Agent McSweyn was the only witness before the grand jury in Mr. Stile's case. *Gov't's Third Resp.* at 1 ("Defendant ha[s] already been provided with a copy of the grand jury testimony of the only witness who testified before the grand jury"). Mr. Stile has produced no evidence that the Government's representation is incorrect. Accordingly, to the extent that Mr. Stile is seeking transcripts of witness testimony that do not exist, the Court will not issue such an order.

This leaves non-testimonial recorded proceedings before the grand jury. Mr. Stile's demand for this material is based first on his theory that the Government failed to produce evidence that the replacement value of the drugs taken from E.W. Moore Pharmacy in Bingham, Maine equaled at least $500. *Def.'s Reply* at 2 ("In particular, a jurisdictional element of Title 18 U.S.C. § 2118(1)[, that] the replacement cost of the material or compound to the registrant was not less than $500 as set forth in Title 18 U.S.C. § 2118(a)(1)[,] is believed to not have been established and possibly not even alleged before the Grand Jury"). On this point, Agent McSweyn's testimony directly contradicts Mr. Stile's belief:

> Q. And were you able to determine from the owner what the approximate replacement value or wholesale cost was of the drugs that were taken, the controlled substances that were taken from that pharmacy that day in that robbery?

6

> A. Yes, I have. And the owner of the store is Chester Hibbard. I spoke with Mr. Hibbard, he states that the replacement value of the narcotics take was approximately $12,889,93.

*Gov't's Third Resp.* Attach. A *Grand Jury Test. of Brent McSweyn* 6:22-7:5 (Oct. 20, 2011) (ECF No. 242). Mr. Stile's claim that there was no evidence before the grand jury of the replacement value of the stolen drugs is frivolous and provides no basis for ordering the grand jury materials Mr. Stile now seeks.

As regards Mr. Stile's second basis for his motion—that Agent McSweyn presented perjured testimony before the grand jury, Rule 6 of the Federal Rules of Criminal Procedure requires that the defendant "show[] that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii). In 2004, the First Circuit explained the need for grand jury secrecy:

> Federal grand juries are responsible for investigating criminal allegations while simultaneously shielding innocent citizens from unfounded accusations of criminal conduct. These sometimes competing roles underlie the long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts. Grand jury secrecy facilitates the investigation of criminal charges by assuring potential witnesses that their testimony will not become public knowledge, thus encouraging them to testify freely and limiting the potential that they will be improperly influenced by those under investigation. At the same time, it ensures that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*United States v. Pimental*, 380 F.3d 575, 591 (1st Cir. 2004) (internal punctuation and citations omitted). To balance the need for grand jury secrecy against a defendant's need for access to grand jury material, the United States Supreme

Court has "consistently construed the Rule . . . to require a strong showing of a particularized need for grand jury materials before any disclosure will be permitted." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983); *Illinois v. Abbott & Assocs., Inc.*, 460 U.S. 557, 566-67 (1983); *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 217-24 (1979); *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958). To meet the particularized need standard, a defendant must present more than "conclusory or speculative allegations of misconduct." *Naegele*, 474 F. Supp. 2d at 10. "A bare allegation that the records of a grand jury are necessary to determine if there may be a defect in the grand jury process does not satisfy the particularized need requirement." *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) (internal punctuation omitted).

Moreover, grand jury proceedings enjoy a presumption of regularity. The First Circuit has written that "[a] court should not inquire into the sufficiency of the evidence before the indicting grand jury, because the grand jury proceeding is a preliminary phase of the criminal justice process and all constitutional protections will be afforded during trial." *United States v. Capozzi*, 486 F.3d 711, 726 (1st Cir. 2007) (citation omitted). In other words, it is "well settled that an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." *Id.* (internal punctuation and citation omitted).

Here, Mr. Stile has failed to present a particularized showing for disclosure of additional grand jury material. His blanket and unsubstantiated allegations that

8

Agent McSweyn presented "perjured testimony" and that other evidence contradicts the Agent's testimony are conclusory and speculative allegations of misconduct that do not justify a breach of grand jury secrecy.

## IV.  CONCLUSION

The Court DENIES Defendant's Motion to Obtain Grand Jury Minutes (ECF No. 213), Defendant's Motion to Obtain Grand Jury Minutes (ECF No. 218), and Defendant's Motion to Obtain Grand Jury Transcripts (ECF No. 238).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 18th day of December, 2013