UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON MOTION FOR CJA FUNDS**

In his November 12, 2013 motion, James Stile, who is represented by counsel but has filed numerous pro se motions in his case, demands reimbursement for money he claims he has expended in "the defense of his criminal case." *Def.'s Mot. for CJA Funds* at 1 (ECF No. 291). He attached an invoice for commissary extras totaling $6.00 for Manila envelopes and $9.68 for stamps, *see id.* Attach. 2 *Strafford Cnty. Doc* (ECF No. 291) (*Commissary Extras*), and a separate invoice for $294.85 in copying costs. *Id.* Attach. 3 *Offender Mgmt. Sys.* (ECF No. 291). He also explains that he "will also need significant funding for color photographic enlargements for exhibits at trial" and these exhibits "will cost more than the defendant can pay in advance and await reimbursement." *Id.* at 1. The Government responded on December 6, 2013, taking no position. *Gov't's Resp. to Def.'s Mot. for CJA Funds* (ECF No. 317).

The Court denies the motion. Contrary to Mr. Stile's contention, he is still represented by counsel in this case. *See, e.g., Order on Def.'s Mot. for Servs. Other Than Counsel* at 6-9 (ECF No. 319). The Court's leniency in allowing Mr. Stile to file pro se motions does not mean that he becomes entitled to reimbursement for his

out-of-pocket expenses related to those motions. Mr. Stile cites *United States v. Janis*, 820 F. Supp. 512 (S.D. Cal. 1992), as support for his demand, but the defendant in *Janis* was not represented by counsel and was proceeding pro se. *Id.* at 514 ("Janis is representing himself in the present criminal case").

Second, Mr. Stile has not demonstrated that he has applied for reimbursement from the Strafford County House of Corrections. Under federal regulations, an inmate "who has neither funds nor sufficient postage and who wishes to mail legal mail (includes courts and attorneys) . . . will be provided the postage stamps for such mailing." 28 C.F.R. § 540.21(d). The regulation provides that "[t]o prevent abuses of this provision, the Warden may impose restrictions on the free legal and administrative mailings." *Id.* Another federal regulation allows the prison staff to waive copying costs for indigent defendants. 28 C.F.R. § 543.11(g). In its November 1, 2013 response to Mr. Stile's Motion for Services Other Than Counsel (ECF No. 272), the Government attached a portion of the Strafford County House of Corrections Inmate Handbook, which expressly provides that if an inmate is indigent, he "will be provided with a reasonable amount of postage for legal correspondence." *Gov't's Resp. to Def.'s Mot. for Servs. Other Than Counsel* Attach. 1 *Strafford Cnty. Dep't of Corrections Inmate Handbook* at 2 (ECF No. 272). There is a similar provision in the Inmate Handbook for copies. *Id.* ("Twenty-five ($.25) cents per page will be charged. Indigent inmates will have this service provided"). Mr. Stile has failed to demonstrate that he attempted to use the Strafford County House of Corrections policies for indigent inmates to avoid

2

incurring the expenses he is now attempting to charge the federal government. As such, Mr. Stile has failed to exhaust his administrative remedies.

Third, Mr. Stile's documentation is inadequate. Although Mr. Stile demonstrated that he is indigent for purposes of the assignment of defense counsel, *Financial Decl.* (ECF No. 22), the Court is not convinced that the standard is the same for purposes of his demand for reimbursement of $310.53. *See United States v. Forest*, 597 F. Supp. 2d 163, 165-66 (D. Me. 2009) (concluding that the standard for reimbursement under 18 U.S.C. § 4285 is not the same as the standard for appointment of counsel). The regulatory standard is not indigency but instead having "neither funds nor sufficient postage," 28 C.F.R. § 540.21(d), or being "without funds." 28 C.F.R. § 543.11(g). Here, Mr. Stile has presented an invoice from Strafford County, which reveals that on October 7, 2013, he purchased $51.75 in soup, instant coffee, candy, and other snack food such as "jalapeno cheese squeezers." *Commissary Extras* at 1. He had an ending balance of $144.52 in the Commissary as of November 4, 2013. *Id.* at 2. Mr. Stile has not demonstrated that he does not have the funds to purchase for himself the stamps, copies, and envelopes for which he is now seeking reimbursement.

Finally, Mr. Stile has elected to present the Court with blank itemizations without linking the expenditure to any particular motion. As such, although it may well be that Mr. Stile's postage, envelope, and copying cost invoices were directed to his numerous court filings, on this record, the Court cannot be sure that they were. *Commissary Extras* at 1; *Offender Mgmt. Sys.* at 1-11.

3

In sum, the Court denies James Stile's motion because (1) he is still represented by counsel; (2) he has failed to exhaust his administrative remedies; (3) he has failed to demonstrate that he is without funds; and (4) he has failed to provide adequate documentation for his reimbursement requests.

The Court DENIES Defendant's Motion for CJA Funds (ECF No. 291).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 27rd day of December, 2013