UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON DEFENDANT'S MOTION TO STRIKE GOVERNMENT'S RESPONSES TO MOTIONS**

On November 29, 2013, James Stile filed a pro se motion to strike the Government's responses to a number of his motions on the ground that the Government failed to meet the twenty-one day deadline for response and failed to file a memorandum of law as required by the Local Rules. *Def.'s Mot. for Relief Pursuant to Local Court Rule 7(b) and 147(b)* (ECF No. 302) (*Def.'s Mot.*). In his Supporting Affidavit, Mr. Stile itemized what he says are the Government's late or deficient motions. *Id.* Attach. 1 *Def.'s Supporting Aff. for Mot. for Relief Pursuant to Local Court Rules Rule 7(b) and Rule 147(b)* (ECF No. 302) (*Def.'s Aff.*). The Government responded on December 9, 2013. *Gov't's Resp. to Def.'s Mot. for Relief Pursuant to Local Court Rule 7(b) and 147(b)* (ECF No. 322). Mr. Stile's reply was due on December 23, 2013, but the Court received no reply. *See Order on Status of Def.'s Replies* at 3-4 (ECF No. 344).

Mr. Stile presents three grounds for his motion: (1) first, that the Government's response was late to his Motion to Sever, which his attorney filed on May 20, 2013; (2) second, that the Government failed to file responses to his pro se motions based on the date he sent them to the Court; and (3) that the Government

failed to file a memorandum of law with each response. *Def.'s Aff.* at 1-4. The first objection is easily resolved because Mr. Stile is factually wrong. Attorney Maselli filed the motion to sever on May 20, 2013. *Def.'s Mot. for Relief from Improper Joinder Pursuant to F.R. Crim. P. 8 / Mot. to Sever Pursuant to F.R. Crim. P. 14* (ECF No. 182). The Government's response was due by June 10, 2013 and the Government filed its opposition on that date. *Gov't's Resp. in Opp'n to Def.'s Mots. for Relief from Improper Joinder and to Sever* (ECF No. 188).

The basis of Mr. Stile's contention that the remaining Government responses were late is his view that the operative date for each of the motions was the date he mailed the motion. He is wrong. As the Court has previously explained to Mr. Stile, when a defendant is represented by counsel and the defendant files a pro se motion, the Court is presented with the possibility of hybrid representation, and the Court's practice is to send such a motion to defense counsel and ask whether the defense lawyer adopts it. If the defense lawyer adopts the motion, the Court directs the Clerk to docket it, but if the defense lawyer does not adopt it, the motion remains undocketed. Here, the Clerk sent Mr. Stile's motions to his defense counsel and they were not adopted and hence not docketed. However, on September 26, 2013, after the competency hearing, the Court acceded to Mr. Stile's repeated demands that the Court address his pro se motions and, in an unusual action, allowed Mr. Stile to file motions for himself without the consent of his lawyer. *Minute Entry* (ECF No. 206). For the motions that Mr. Stile had mailed to the Court but had not been docketed, the operative date for filing was the date the

Court ordered the motions docketed: September 27, 2013. For each of these motions, the due date for the Government's response was October 18, 2013. As Mr. Stile's own motion reflects, the Government's responses to the motions docketed on September 27, 2013 were within the twenty-one day response period.[1] For the remaining motions, which were docketed after September 27, 2013, the Government responded within the relevant twenty-one day period.

For each motion, even those timely filed, Mr. Stile contends that the Government failed to file a memorandum of law and he demands sanctions, namely that the Government's objections be deemed waived. *Def.'s Aff.* at 1-4. It is difficult to know the basis for this motion since Mr. Stile does not explain it. However, the Court surmises that Mr. Stile believes the Government should have filed not only an opposition to his motion, but a separate memorandum of law. He is wrong. Local Rules 7(b) and 147(b) state that the party opposing a motion must file written

---

[1] Mr. Stile contends that the Government never responded to his motion filed under docket number 263. *Def.'s Aff.* at 2. He is incorrect. Mr. Stile titled docket number 263 not as a new motion, but as "Supplement to Reply to Government[']s Opposition to Defendant[']s Renewed Motion for Discovery." Mr. Stile's original "Renewed Motion for Discovery" was docketed on September 27, 2013. *Def.'s Renewed Mot. for Disc.* (ECF No. 216). The Government responded on October 3, 2013. *Gov't's Resp. to Def.'s Renewed Mot. for Disc.* (ECF No. 230). Mr. Stile replied on October 21, 2013. *Def.'s Reply to Gov't's Opp'n to Def.'s Renewed Mot. for Disc.* (ECF No. 259). On the same day, Mr. Stile filed the supplement to his reply. *Def.'s Supplement to Reply to Gov't's Opp'n to Def.'s Renewed Mot. for Disc.* (ECF No. 263). As Mr. Stile himself indicated, the Court treated his supplemental reply as a supplement to his reply, not as a new motion to which a response would have been required. The Government was not required to respond to a supplement to a reply.

Mr. Stile also says that he is unaware of any Government response to his motion under docket number 251. *Def.'s Aff.* at 3. There is such a response, and Mr. Stile previously referenced it in his reply to the Government's response. Mr. Stile filed a motion in limine for temporary restraining order on October 15, 2013. *Def.'s Mot. in Limine for TRO* (ECF No. 251). The Government responded on October 30, 2013. *Gov't's Resp. to Def.'s Mot. in Limine for TRO* (ECF No. 271). Mr. Stile replied on November 12, 2013. *Def.'s Reply to Gov't's Opp'n to Def.'s Mot. for TRO and/or Prelim. Inj.* (ECF No. 279) ("The defendant . . . submits the following in support of his reply to (docket[]271) the Government[']s opposition to his motion (docket 251) . . . ."). The Court issued an order on the motion on November 27, 2013 in which it referenced the Government's response. *Order on Def.'s Mot. in Limine for a TRO* at 1 (ECF No. 298).

opposition or objection, "incorporating a memorandum of law."  D. ME. LOC. R. 7(b); D. ME. LOC. R. 147(b).  A separate memorandum of law is neither required nor desirable.  The Government's oppositions to Mr. Stile's multiple motions fulfilled the requirements of the Local Rule.

The Court DENIES James Stile's Motion for Relief Pursuant to Local Court Rule 7(b) and Rule 147(b) (ECF No. 302).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 30th day of December, 2013