UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON MOTIONS FOR HEARING TRANSCRIPTS**

An incarcerated defendant awaiting trial has filed two pro se motions for transcripts of his prior court hearings. The Court denies the Defendant's motions with respect to the Defendant's request for an order compelling the Clerk of Court to copy and mail to him transcripts that are publicly available on its electronic case filing system, and dismisses without prejudice the second motion with respect to the Defendant's request for an order compelling the court reporter to prepare transcripts of detention hearings.

**I. STATEMENT OF FACTS**

    **A. Procedural Background**

James Stile stands charged with robbery of controlled substances from a pharmacy, use of a firearm in furtherance of a crime of violence, possession of a firearm by a felon, and manufacture of 100 or more marijuana plants. *Indictment* (ECF No. 8). The indictment has been pending since October 20, 2011. *Id.* Mr. Stile has been dissatisfied with the services of each of his four court-appointed defense counsel, including his current defense attorney William Maselli, Esq. *See Order on James Stile's Mot. for In Forma Pauperis Status, Mot. to Stay, and Mot. for*

*Trs.* at 1-2 (ECF No. 165). In the spring of 2013, Mr. Stile began filing pro se motions, repeatedly demanding that the Court address them. Typically, when a defendant is represented by counsel and files motions pro se, the Court sends each motion to defense counsel to determine whether he or she will adopt the pro se motion.

After a delay caused by Mr. Stile's earnest assertion that he was not competent, Mr. Stile underwent a competency evaluation and the Court held a competency hearing on September 26, 2013. *Minute Entry* (ECF No. 206). After finding Mr. Stile competent, the Court addressed Mr. Stile's vociferous complaint that it had failed to address the proliferation of pending pro se motions. *Id.* Despite misgivings about the dangers of hybrid representation, the Court concluded that in the unusual circumstances of this case, it would address Mr. Stile's then pending pro se motions even though they had not been adopted by defense counsel. *Id.*

B. **Factual Background**

On November 1, 2013, James Stile filed a motion for transcripts of the December 13, 2012 and May 20, 2013 hearings. *Def.'s Mot. to Obtain Trs.* (ECF No. 273) (*Def.'s Mot.*). On November 14, 2013, the Court ordered Mr. Stile to file any reply to the Government's upcoming response no later than December 13, 2013. *Order on Mot. for Expansion of Time to Reply to the Gov't's Opp'ns* (ECF No. 281). The Government responded to Mr. Stile's motion on November 22, 2013. *Gov't's Resp. to Def.'s Mot. to Obtain Trs.* (ECF No. 292) (*Gov't's Resp.*). Mr. Stile failed to file a timely reply and on December 19, 2013, Mr. Stile filed a document that

2

indicated he did not intend to reply to the Government's response. *See Mot. in Limine for Withdrawal of Mot. and Extension of Time for One Reply and Reply[]s of Other Mots.* (ECF No. 342); *Id.* Attach 1 *Supporting Aff. for Mot. for Withdrawal of Mot. and Extension of Time for One Reply and Reply[]s of Other Mots.* (ECF No. 342).

Meanwhile on November 29, 2013, Mr. Stile filed another motion for transcripts. *Updated Mot. to Obtain Trs.* (ECF No. 301) (*Def.'s Updated Mot.*). In his updated motion, he asks again for transcripts of the hearings held on December 13, 2012 and May 20, 2013, and he expands his request to include transcripts of a detention hearing held on November 8, 2011 and a hearing on a motion to enforce an order of detention held on January 30, 2012. *Id.* at 1. The Government responded to Mr. Stile's updated motion on December 19, 2013. *Gov't's Resp. to Def.'s Updated Mot. to Obtain Trs.* (ECF No. 337) (*Gov't's Second Resp.*). Mr. Stile filed a reply on December 30, 2013. *Def.'s Reply to Gov't Resp. to Updated Mot. to Obtain Trs.* (ECF No. 348) (*Def.'s Reply*).

## II. THE PARTIES' POSITIONS

### A. James Stile's Motions

Mr. Stile asks for an order to compel the Court Reporter to provide him with a certified copy of the transcripts of the hearings of December 13, 2012 and May 20, 2013. *Def.'s Mot.* at 1. He asserts that his defense lawyer failed to provide the transcripts to him. *Id.* In his updated motion, Mr. Stile expands his request to include transcripts of his original detention hearing on November 8, 2011 and a

3

subsequent hearing regarding the conditions of his detention on January 30, 2012. *Def.'s Updated Mot.* at 1.

### B. The Government's Responses

In response to Mr. Stile's original motion, the Government states that it understands the requested transcripts have previously been made available to defense counsel and it has no objection to the defendant obtaining a copy of the transcripts. *Gov't's Resp.* at 1. In response to Mr. Stile's updated motion, the Government takes the same position but also cites *Britt v. North Carolina*, 404 U.S. 226, 227 (1971), for the proposition that Mr. Stile's motion may not have "shown that the transcripts are needed for an effective defense or appeal." *Gov't's Second Resp.* at 1.

### C. James Stile's Reply

In his reply, Mr. Stile reiterates his demand for transcripts of four hearings: (1) the detention hearing of November 8, 2011; (2) the suppression hearing of December 13, 2012; (3) the hearing on the motion for enforcement of detention order of January 30, 2012; and (4) the hearing of May 20, 2013. *Def.'s Reply* at 1. Mr. Stile says that these transcripts "are *absolutely necessary* for cross-examination of witnesses at trial" and that he needs these transcripts "NOW to prepare for trial without further delay." *Id.* He does not explain why these transcripts are so essential. *Id.*

## III. DISCUSSION

4

In his original motion and his reply, Mr. Stile requests that the Court provide him with transcripts of the December 13, 2012 and May 20, 2013 hearings. It has done so. The transcripts are publicly available on the electronic case filing system under docket numbers 141 and 191. The transcripts are not sealed and are available for Mr. Stile to review and, if he chooses, copy. The Court will not order the Clerk's Office to make a copy for Mr. Stile of publicly-docketed records that Mr. Stile can copy himself.

In his updated motion and his reply, Mr. Stile requests that the Court order the court reporter to prepare transcripts of his detention hearings before the Magistrate Judge of November 8, 2011 and January 30, 2012. *Def.'s Updated Mot.* at 1. Mr. Stile gives no hint as to why he requires transcripts of his detention hearings to defend his criminal case; he simply asserts that the transcripts are "necessary for the defense and advocacy of the defendant[']s cause to see the administration of justice in the above docketed case." *Id.* In his reply, Mr. Stile escalates the rhetoric and typeface ("*absolutely necessary*" and "NOW"), but he offers no further explanation. *Def.'s Reply* at 1.

Mr. Stile's need for transcripts of the detention hearings to defend the criminal charges is not obvious. *See Britt*, 404 U.S. at 227 ("In prior cases involving an indigent defendant's claim of right to a free transcript, this Court has identified two factors that are relevant to the determination of need: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same

5

functions as a transcript"). The Court docket reveals that there were two witnesses at the November 8, 2011 detention hearing: Jamie Denbow, a Probation Officer; and Brent McSweyn, a law enforcement officer. *Witness List* (ECF No. 31). Although not inconceivable, it would be highly unusual for the Government to call a Probation Officer at a criminal trial and, absent some indication that Probation Officer Denbow will be a Government witness, the Court cannot fathom why Mr. Stile needs a transcript of Probation Officer Denbow's testimony. The Government may call Agent McSweyn as a trial witness and it is possible that Agent McSweyn's November 8, 2011 testimony will prove relevant to the criminal case, but Mr. Stile has made no case for why he needs Agent McSweyn's transcript. As regards the January 30, 2012 hearing, there is no indication that any witnesses testified. Typically, when witnesses testify at a hearing, the Clerk's Office prepares a witness list, as was done with the November 8, 2011 detention hearing, but there is no witness list for the January 30, 2012 hearing. If the hearing, as it appears, was only argument, the Court does not know why Mr. Stile requires a transcript for cross-examination.

Given the uncertain state of his representation, which will be resolved at the scheduled hearing on January 10, 2014, and the lack of clarity for why he requires transcripts for the two hearings that have not yet been transcribed, the Court resolves that the wiser course is to dismiss the updated motion without prejudice, with respect to the detention hearing transcripts. If, after the status of

representation is resolved, Mr. Stile or his then attorney still wishes to obtain transcripts of those hearings, the motion may be reinitiated if appropriate.

IV. **CONCLUSION**

The Court DENIES James Stile's Defendant's Motion to Obtain Transcripts (ECF No. 273) and DENIES in part and DISMISSES without prejudice in part James Stile's Updated Motion to Obtain Transcripts (ECF No. 301), denying his request for transcripts that are already publicly available and dismissing his request for transcripts of the detention hearings.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 2nd day of January, 2014

7