UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON DEFENDANT'S PRO SE MOTION IN LIMINE TO DISMISS**

In this pro se motion to dismiss the indictment, the Defendant seeks dismissal of the pharmacy robbery and firearm counts on the grounds that there is no evidence as to the value of drugs allegedly removed from the pharmacy, that the indictment fails to set out certain other "jurisdictional requirements," and that the indictment contains an incorrect statutory citation. The Court denies the motion to dismiss because the charges in the indictment are legally sufficient and are not subject to evidentiary attack.

**I.  STATEMENT OF FACTS**

    **A.  Procedural Background**

James Stile stands charged with robbery of controlled substances from a pharmacy, use of a firearm in furtherance of a crime of violence, possession of a firearm by a felon, and manufacture of 100 or more marijuana plants. *Indictment* (ECF No. 8). The indictment has been pending since October 20, 2011. *Id.* Mr. Stile had been dissatisfied with the services of four court-appointed defense attorneys, and began to file pro se motions in the spring of 2013 even though he was represented by counsel. *See Order on James Stile's Mot. for In Forma Pauperis*

*Status, Mot. to Stay, and Mot. for Trs.* at 1-2 (ECF No. 165). Typically, when a defendant is represented by counsel and files motions pro se, the Court sends each motion to defense counsel to determine whether he or she will adopt it. After Mr. Stile filed a number of pro se motions, which his counsel had not adopted, the Court held a conference directly after its competency hearing on September 26, 2013 and Mr. Stile vociferously complained that his defense was inadequate and that he had been forced to raise meritorious legal issues by himself. *Minute Entry* (ECF No. 206). Despite misgivings about the dangers of hybrid representation, the Court concluded that in the unusual circumstances of this case, it would address Mr. Stile's then pending pro se motions even though they had not been adopted by defense counsel. *Id.*

The Court issued orders on most of the pro se motions in advance of a January 10, 2014 hearing on Mr. Stile's pro se motion for replacement defense counsel. At that hearing, the Court granted his motion, and subsequently appointed a new defense attorney to represent Mr. Stile. *Minute Entry* (ECF No. 355); *Order* (ECF No. 356); *CJA 20 as to James Stile* (ECF No. 357). Mr. Stile's September 27, 2013 pro se "Motion in Limine to Dismiss," however, remained unresolved because Mr. Stile's reply to that motion was filed only four days before the January hearing.[1]  *See Def.'s Reply to Gov't's Opp'n to Def.'s Mot. in Limine to Dismiss* (ECF No. 352) (*Def.'s Reply*).

---

[1] Mr. Stile received an extension of time to January 13, 2014 to file this reply; he filed his reply before the new deadline. *See Order on Status of Def.'s Replies* at 4-5 (ECF No. 344).

James Stile filed the current motion on September 27, 2013, demanding that the Court dismiss Counts One, Two, and Three of the Indictment. *Def.'s Mot. in Limine to Dismiss* (*Def.'s Mot.*); *Id.* Attach 1 *Supporting Aff. for Mot. in Limine to Dismss* (*Stile Aff.*) (ECF No. 217). The Government responded on October 17, 2013. *Gov't's Resp. to Def.'s Mot. in Limine to Dismiss* (ECF No. 256) (*Gov't's Resp.*). Mr. Stile replied on January 6, 2014. *Def.'s Reply*.

B. The Indictment

Counts One, Two, and Three of the October 20, 2011 indictment state:

### COUNT ONE

On about September 12, 2011, in the District of Maine, defendant

### James STILE

did attempt to take and did take from the person and presence of another by force and violence and intimidation material and compounds containing a controlled substance belonging to and in the care, custody and control of a person registered with the Drug Enforcement Agency under 21 U.S.C. Section 322 and the replacement cost of the material and compounds to the registrant was not less than $500 and, in committing that offense, assaulted other persons and put in jeopardy the lives of other persons by the use of a dangerous weapon or device.

In violation of Title 18, United States Code, Sections 2118(a) and (c) (1).

### COUNT TWO

On about September 12, 2011, in the District of Maine, defendant

### James STILE

knowingly possessed a firearm, that is, a Phoenix Arms Model HP22A, pistol bearing serial number 4272781, in furtherance of a crime of violence for which he could be prosecuted in a court of the United States, that is robbery of a pharmacy in violation of Title 18 United States Code, Sections 2118(a) and (c)(1) as charged in Count One of this indictment; in violation of Title 18 United States Code, Section 924(c)(1)(A).

### **COUNT THREE**

On about September 12-13, 2011, in the District of Maine, defendant

### **James STILE**

having been convicted in the State of New York of crimes which under the laws of the State of New York were then punishable by imprisonment for terms exceeding one year, specifically:

Attempted Grand Larceny in the 1st Degree in State of New York, County Court for Suffolk County Indictment No. 498-78 and Grand Larceny 2nd degree in State of New York, County Court for Suffolk County, Indictment No. 481-78; judgment having entered on or about May 11, 1979;

knowingly possessed in and affecting commerce the following firearm and ammunition:

a. a Phoenix Arms Model HP22A, .22 caliber pistol bearing serial number 4272781;
b. One round of Winchester Super X .22 caliber ammunition;

In violation of Title 18, United States Code, Section 922(g)(1).

*Indictment* at 1-2 (ECF No. 8).

## II.  THE PARTIES' POSITIONS

### A.  James Stile's Motion

In his supporting affidavit, Mr. Stile argues that Count One of the indictment must be dismissed because there is no evidence—video or otherwise—as to the value of the drugs removed from E.W. Moore Pharmacy. *Stile Aff.* at 1-2. Absent

4

such evidence, Mr. Stile contends that the Government has failed to establish an essential jurisdictional requirement and the Count should be dismissed. *Id.* at 2.

In addition, Mr. Stile says that the indictment is defective because it fails to allege that the asserted violation of 18 U.S.C. § 2118(a) involved a "person who engaged in such taking or attempted such taking and traveled in interstate or foreign commerce or used any facility in interstate or foreign commerce to facilitate such taking or attempt," under § 2118(a)(2). *Id.* Mr. Stile claims another fatal defect in the indictment is its failure to allege that "another person was killed or suffered significant bodily injury as a result of such taking or attempt," under § 2118(a)(3). *Id.* Again, Mr. Stile claims these are jurisdictional requirements. *Id.* Finally, Mr. Stile points out that although the indictment alleges substances were taken from "a person registered with the Drug Enforcement Agency under 21 U.S.C. Section 322," there is in fact "no such statute as Title 21 U.S.C. Section 322." *Id.* at 3. He demands the dismissal of Counts One, Two, and Three of the Indictment.

**B.     The Government's Response**

In its response, the Government asserts that Mr. Stile's contentions regarding the value of the drugs taken from E.W. Moore & Sons Pharmacy are incorrect and that it will be able to establish that the stolen drugs had a replacement value of more than $500. *Gov't's Resp.* at 2. Next, the Government submits that Mr. Stile's quarrels with the facts alleged in the indictment go to the sufficiency of the evidence, not to the legal sufficiency of the indictment. *Id.* at 1-2. More specifically, the Government challenges Mr. Stile's view that it is required to

5

establish each of the jurisdictional elements under 18 U.S.C. § 2118(a); instead, the Government says that it is required to establish only one of them. *Id.* at 3.

### C. Mr. Stile's Reply

In his reply, Mr. Stile reasserts his claim that there was insufficient evidence presented to the grand jury about the value of the stolen substances. *Def.'s Reply* at 1-2. Furthermore, Mr. Stile repeats his observation that "[t]here is no statute 21 U.S.C. Section 322," and insists the indictment should be rendered defective on this ground. *Id.* at 1. Quoting extensively from congressional history relating to 18 U.S.C. § 2118(a), Mr. Stile also claims that because the state of Maine instituted its own prosecution against Mr. Stile over a month before the federal government began its prosecution, the federal prosecution "was done contrary to what the legislative intent was for Title 18 U.S.C. §[]2118 which should thereby render this prosecution jurisdictionally defective." *Id.* at 2-5. Finally, Mr. Stile argues the indictment is defective because it claims he "put in jeopardy the lives of other persons by the use of a dangerous weapon or device," while the evidence does not support such a claim: "What appear to be dangerous weapons or devices in the video are not discharged and not recovered and therefore it cannot be assumed that they are dangerous weapons or devices." *Id.* at 5.

## III. Discussion

Unlike civil actions, an indictment is not generally subject to dispositive motion practice. *United States v. Poulin*, 645 F. Supp. 2d 17, 22 (D. Me. 2009); *see also United States v. Li*, 206 F.3d 56, 62 (1st Cir. 2000). "[D]ismissing an

indictment is an extraordinary step," *Li*, 206 F.3d at 62 (quoting *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997)), because, by returning an indictment, a grand jury is carrying out a constitutionally sanctioned function. *See* U.S. CONST. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ."). In the First Circuit's words, "[w]hen a federal court uses its supervisory power to dismiss an indictment it directly encroaches upon the fundamental role of the grand jury." *Whitehouse v. United States District Court*, 53 F.3d 1349, 1360 (1st Cir. 1995) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988)). This power is "appropriately reserved, therefore, for extremely limited circumstances," *id.*, and should be "exercised with caution." *United States v. Cameron*, 662 F. Supp. 2d 177, 180 (D. Me. 2009).

In addressing a challenge to an indictment, a district court must simply determine "whether the document sketches out the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." *United States v. Guerrier*, 669 F.3d 1, 3 (1st Cir. 2011). The Court should not inquire into the sufficiency of the evidence supporting the indictment. *United States v. Maceo*, 873 F.2d 1, 2-3 (1st Cir. 1989) ("an indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits"). Rather, at this stage, the Court "must accept the allegations in the indictment as true." *United States v. Young*, 694 F. Supp. 2d 25, 27 (D. Me. 2010) (citing *Boyce*

7

*Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952)); *see* FED. R. CRIM. P. 12(b)(2) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue"). In other words, a motion to dismiss is an inappropriate way "to test the sufficiency of the evidence behind the indictment's allegations." *Guerrier*, 669 F.3d at 4.

The Court may not credit Mr. Stile's view of the evidence relating to the replacement cost of the drugs alleged to have been stolen or whether a dangerous weapon was used during the crime, for purposes of the motion to dismiss, "without a trial of the general issue." FED. R. CRIM. P. 12(b)(2); *Guerrier*, 669 F.3d at 3-4. Mr. Stile may argue—to a finder of fact—that the supposed lack of evidence "showing or electronically depicting the removal of a definitive financial figure exceeding $500 in replacement value of a controlled substance," *Def.'s Mot.* at 1-2, casts doubt on the Government's case, but his factual contentions must be resolved by a jury and do not warrant dismissal of the indictment. *Whitehouse*, 53 F.3d at 1360; *Cameron*, 662 F. Supp. 2d at 181. The same applies to whether "[w]hat appear to be dangerous weapons or devices in the video" of the pharmacy robbery, *Def.'s Reply* at 5, are actually dangerous weapons; the argument that "[f]or all we know, they can be movie props," *id.*, is for the factfinder. "What counts in situations like this are the charging paper's allegations, which we must assume are true," *Guerrier*, 669 F.3d at 3-4, and in this case the indictment states that the replacement cost of the stolen materials "was not less than $500" and that "a dangerous weapon or device"


was used in committing the offense. *Indictment* at 1. Therefore, the indictment properly alleges these elements of the charge against Mr. Stile in Count One.

Mr. Stile's claim that Count One of the indictment should be dismissed because it fails to set out two other supposed "jurisdictional requirements" also fails. The statute makes clear that only one of the three elements referred to as jurisdictional requirements by Mr. Stile (subsections (1) through (3) of 18 U.S.C. § 2118(a)) must be alleged:

> Whoever takes or attempts to take from the person or presence of another by force or violence or by intimidation . . . any quantity of a controlled substance belonging to or in the care, custody, control or possession of a person registered with the Drug Enforcement Administration . . . shall, except as provided in subsection (c), be fined under this title or imprisoned not more than twenty years, or both, if (1) the replacement cost of the material or compound to the registrant was not less than $500, (2) the person who engaged in such taking or attempted such taking traveled in interstate or foreign commerce or used any facility in interstate or foreign commerce to facilitate such taking or attempt, *or* (3) another person was killed or suffered significant bodily injury as a result of such taking or attempt.

18 U.S.C. § 2118(a) (emphasis added). Mr. Stile claims that subsections (1) through (3) are all "jurisdictional requirements," but, in the Court's view, the "or" term in the statute makes it clear that the indictment needs to allege only one of these three elements. Here, the indictment charges that the replacement cost of the material to the registrant was not less than $500, thus satisfying what Mr. Stile refers to as "jurisdictional requirements." Similarly, other than saying it is so, Mr. Stile has not explained how the legislative history of § 2118 confirms that the government brought this indictment "contrary to what the legislative intent was for Title 18 U.S.C. §2118 which should thereby render this prosecution jurisdictionally

9

defective." *Def.'s Reply* at 3. Mr. Stile's theory is reflected in neither the statute nor supporting caselaw, and the Court rejects his jurisdictional argument on this ground.

Finally, although Mr. Stile correctly points out that the Government mistakenly cited to "21 U.S.C. Section 322" in Count One of the indictment, Rule 7 of the Federal Rules of Criminal Procedure expressly bars the Court from dismissing the indictment based upon this error. FED. R. CRIM. P. 7(c)(2) ("Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment"); *United States v. Garcia*, 954 F.2d 273, 276 (5th Cir. 1992). Mr. Stile has not made any allegation of prejudice. Furthermore, the indictment does not charge Mr. Stile with violating "21 U.S.C. Section 322"; instead, the indictment's reference to 21 U.S.C. § 322 serves only to place the Defendant on notice that the Government is claiming the pharmacy is a "person" within the meaning of 18 U.S.C. § 2118(a).[2] Mr. Stile has made no showing that he has been "misled and thereby prejudiced" by the mis-citation in the indictment.

"[I]n the ordinary course of events, a technically sufficient indictment handed down by a duly impaneled grand jury 'is enough to call for trial of the charge on the merits.'" *Guerrier*, 669 F.3d at 4 (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)). Here, Counts One, Two and Three of the indictment allege the

---

[2] The correct citation—21 U.S.C. § 822—appears within the text of 18 U.S.C. § 2118(a). *See* 18 U.S.C. § 2118(a) ("whoever takes . . . a controlled substance belonging to or in the care, custody, control, or possession of a person registered with the Drug Enforcement Administration under section 302 of the Controlled Substances Act (21 U.S.C. 822) . . . ."). The indictment correctly cites § 2118(a) and by his multiple filings, Mr. Stile has demonstrated his familiarity with this provision.

10

elements of each of the alleged violations of criminal law. They are not subject to dismissal.

IV. **CONCLUSION**

The Court DENIES Defendant's Motion in Limine to Dismiss (ECF No. 217).

SO ORDERED.

<p style="text-align: center;">/s/ John A. Woodcock, Jr.<br>
JOHN A. WOODCOCK, JR.<br>
CHIEF UNITED STATES DISTRICT JUDGE</p>

Dated this 15th day of January, 2014