UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON DEFENDANT'S MOTION TO
RE-OPEN DETENTION HEARING**

On November 9, 2011, following a detention hearing on November 8, 2011, the Magistrate Judge ordered the pre-trial detention of James Stile. *Order of Detention* (ECF No. 33). The Magistrate Judge found that the Government had established probable cause that the offenses with which the Defendant has been charged were committed and that he committed them. *Id.* at 1. She also concluded that under 18 U.S.C. § 3142(e)(3)(A) a rebuttable presumption exists that no condition or combination of conditions would reasonably assure the appearance of the Defendant and the safety of the community. *Id.* at 2. On March 12, 2014, Mr. Stile moved to re-open his detention hearing. *Mot. to Re-Open Detention Hr'g* (ECF No. 380) (*Def.'s Mot.*). On March 18, 2014, the Government responded, objecting to his pre-trial release. *Gov't's Resp. to Def.'s Mot. to Re-Open Detention Hr'g* (ECF No. 384). On March 28, 2014, Mr. Stile replied. *Reply to Gov't's Resp. to Def.'s Mot. to Re-Open Detention Hr'g* (ECF No. 388) (*Def.'s Reply*).

Mr. Stile does not directly challenge the Magistrate Judge's earlier determination that a rebuttable presumption against release applies to his case and

the Court affirms the Magistrate Judge's conclusion that § 3142(e)(3)(A) continues to apply. Instead, Mr. Stile argues that he should be released because (1) his medical and mental health conditions would be better treated outside prison, (2) he would be better able to assist in his defense if he were released, (3) a new attorney from New York City has agreed to assist in his defense and it would be easier for Mr. Stile to communicate with the new lawyer outside prison, (4) home detention with GPS monitoring will assure his appearance at trial, (5) the hidden firearms would not be operable if they could be located, and (6) he does not know where the firearms are. *Def.'s Mot.* at 1-2; *Def.'s Reply* at 1-2.

Mr. Stile's current complaints about his medical and mental health conditions and access to his current and potential new attorney do not address the appearance and safety standards of § 3142(e)(3)(A). Moreover, he has proffered no evidence that the treatment at prison is inadequate for his conditions. In fact, recently when prison officials arranged for outside dental care for Mr. Stile, he refused to attend the appointment absent a court order. *See Order on Mot. to Stay Pretrial and Trial Proceedings and Mot. for TRO* at 1 (ECF No. 391). In his motion, Mr. Stile asserts that a new attorney from New York, Attorney Ronald Paul Hart, may be entering his appearance on his behalf; however, Attorney Hart has not yet done so, and it is unclear how Mr. Stile's decision to hire a New York criminal defense lawyer would justify his release from prison. Mr. Stile's decision to use the services of a new lawyer says nothing about the appearance and safety standards of the statute. Finally, if the appearance of a New York lawyer in a criminal case were

grounds to release a detained defendant pending trial, there would be a run on New York criminal defense lawyers and away from Maine CJA panel counsel. In short, none of Mr. Stile's reasons for release is convincing.

Because his motion asks the Court to revisit an earlier order denying his release, Mr. Stile must not only meet the general standards for pre-trial release in § 3142(e)(3)(A), he must also satisfy § 3142(f)(2)(B), which states that a detention hearing may be reopened if "information exists that was not known to the movant at the time of the hearing and that has a material bearing" on the appearance and safety standards. Although some of the Magistrate Judge's concerns about his appearance and public safety have changed with the passage of time, Mr. Stile has not adequately addressed her other concerns, including (1) that the pending charges involve a carefully planned drug operation and an extremely dangerous crime of violence, (2) that the weight of the evidence against the Defendant is substantial, (3) that he has limited connections in the state of Maine, (4) that he has family ties to the state of New York, and (5) that the Defendant claimed he knew the whereabouts of a sawed-off shotgun. *Order of Detention* at 2-4. These same factors against release exist with equal force today as they did in 2011 and Mr. Stile's assertion that the hidden firearm would have been exposed to the elements and would be therefore inoperable, *see Def.'s Reply* at 1-2, is speculation.

From the Court's perspective, the most practical way to resolve Mr. Stile's desire for release is to hold a trial on the merits of these charges in the near future and to find out whether a jury will find him guilty of any or all of the charged

offenses. If he receives a favorable verdict, the Court will quickly release him and by the same token, if the Government proves its case, it is highly unlikely he will be released pending the imposition of sentence and any appeal. *See* 18 U.S.C. § 3143(a), (c).

With this said, it bears emphasis that the responsibility for the unusual delay in reaching trial in his case rests exclusively with Mr. Stile and his relentless filing of motion after motion. This Court has repeatedly scheduled Mr. Stile's case for trial and Mr. Stile has repeatedly and successfully moved to continue it. In fact, the case was scheduled to be tried during the month of April 2014, but Mr. Stile moved to continue the trial until August to resolve his concerns about grand and petit jury composition. *Mot. to Continue* (Mar. 12, 2014) (ECF No. 379). The Court will separately address his latest motion to continue, but for purposes of the motion to re-open the detention hearing, the Court readily concludes that the best resolution would be an expeditious trial on the merits.

The Court DENIES James Stile's Motion to Re-open Detention Hearing (ECF No. 380).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 16th day of April, 2014

4