UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON DEFENDANT'S MOTION TO RECONSIDER MOTION TO COMPEL THE UNITED STATES MARSHAL SERVICE TO ADDRESS DEFENDANT'S MEDICAL NEEDS**

On December 9, 2013, James Stile moved to stay pretrial and trial proceedings and separately for an order to compel the U.S. Marshal Service (USMS) to provide him with dental care as he awaited trial. *Mot. in Limine to Stay Pretrial and Trial Proceedings* (ECF No. 324); *Mot. for Issuance of TRO/Prelim. Inj.* (ECF No. 325). The USMS initially denied Mr. Stile's request for dental care. *Letter from AUSA Andrew McCormack to Hon. John A. Woodcock, Jr.* (Jan. 17, 2014) (ECF No. 359). However, on January 31, 2014, the USMS changed its position and authorized the extraction of Mr. Stile's affected teeth. *Letter from AUSA Andrew McCormack to Hon. John A. Woodcock, Jr.* (Jan. 31, 2014) (ECF No. 362). The USMS said its dentist had advised that it could not be determined whether fitting Mr. Stile with dentures would be necessary until the extraction is accomplished. *Id.* It turned out that when the USMS scheduled Mr. Stile to have his affected teeth extracted, Mr. Stile refused to go to the scheduled appointment absent a court order. *See Mot. to Recons. Mot. to Compel the U.S. Marshal[] Serv. to Address Def.'s Medical Needs* at 1-2 (ECF No. 404)

(*Def.'s Mot. to Recons.*). The Court denied Mr. Stile's motion because he was refusing to accept the treatment he had sought. *Order on Mot. to Stay Pretrial and Trial Proceedings and Mot. for TRO* (ECF No. 391).

On May 19, 2014, Mr. Stile returned to Court, pressing his need for dental care. *Def.'s Mot. to Recons.* He is now demanding a court order that will require the USMS not only to agree to extract his affected teeth, but to replace his teeth with dentures "immediately thereafter." *Id.* at 2. On May 20, 2014, the Government responded, indicating that the USMS had "agreed to provide the medical care requested by the defendant." *Gov't's Resp. to Def.'s Mot. to Recons. Mot. to Compel the U.S. Marshal Serv. to Address Def.'s Medical Needs* at 1 (ECF No. 406) (*Gov't's Resp.*); *see also Def.'s Mot. to Recons.* at 1 ("the USMS proposes to have Defendant's teeth pulled and provide dentures at a later date"). It objected to the issuance of a court order, however, noting that "[t]he specifics as to the timing of the procedures involved with this medical care are issues properly left to the USMS." *Gov't's Resp.* at 1. The Government maintains that it is not necessary for the Court to issue an order "directing the USMS to provide medical care that the USMS had already agreed to provide." *Id.*

The Court agrees with the Government that at this point judicial intervention into the timing and scope of dental care would be inappropriate. The Government has represented that the USMS has agreed to extract Mr. Stile's troubled teeth and to provide him with dentures. Whether these procedures may be carried out in one sitting, as Mr. Stile urges, or may require sequential treatment, as the USMS has

2

raised as a possibility, is beyond this Court's ken. The Court notes that the USMS is aware of Mr. Stile's concern that these procedures be completed before trial so that he will be able to assist counsel and potentially testify in his own defense. The Court shares Mr. Stile's concern that he not appear toothless at trial.

Of course, if he really wishes to have dental treatment—as opposed to raising legal issues and fencing with the USMS, Mr. Stile must cooperate with the USMS, agree to attend scheduled appointments, not demand court orders in order to undergo requested treatment, and in general not obstruct the USMS's efforts to provide him with the dental care he has insisted upon receiving. At the same time, the Court will not order the USMS to provide Mr. Stile, who is not a dentist, with his version of a proper treatment plan. Specifically, Mr. Stile should understand that when the USMS schedules another dental appointment, if he fails to cooperate with the USMS and the dentist, the Court will consider this issue waived and closed. In terms of timing, the Court intends to try Mr. Stile's case during the month of August, 2014. Whatever dental work is to be done on Mr. Stile, it should be completed by August, 2014, so that it will not delay trial.

The Court DISMISSES James Stile's Motion to Reconsider Motion to Compel the U.S. Marshal[] Service to Address Defendant's Medical Needs (ECF No. 404).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 21st day of May, 2014