UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:11-cr-00185-JAW |
| ) | |
| JAMES STILE ) | |

**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION OF
MOTION FOR RELIEF FROM PREJUDICIAL JOINDER**

In this motion for reconsideration of a motion for relief from prejudicial joinder,

James Stile asks the Court to sever Count IV of the indictment from Counts I through

III on the basis that his right to testify in his own defense on one count and remain

silent on others would be impeded if all counts are tried together. After weighing the

nature of Mr. Stile's proposed testimony on Count IV and his reasons for not testifying

as to the remaining counts against the considerations of economy and expedition in

judicial administration, the Court concludes that Mr. Stile is entitled to severance

and grants his motion for reconsideration.

## I.    STATEMENT OF FACTS

### A.    Procedural Background

James Stile stands charged with robbery of controlled substances from a

pharmacy, use of a firearm in furtherance of a crime of violence, possession of a

firearm by a felon, and manufacture of 100 or more marijuana plants. *Indictment*

(ECF No. 8). The four-count indictment has been pending since October 20, 2011. *Id.*

The Court has issued orders on a large number of pretrial motions, including a motion

filed on May 20, 2013, by Mr. Stile's then-attorney William Maselli, Esq., seeking

severance of Count IV, the marijuana count, from the remaining counts. *Mot. for Relief from Improper Joinder Pursuant to F.R. Crim. P. 8 / Mot. to Sever Pursuant to F.R. Crim. P. 14* (ECF No. 182). On November 18, 2013, following a timely response and reply by the parties, the Court denied the Defendant's motion. *Order on Motion to Sever* at 9 (ECF No. 288) (*Order*).

On November 29, 2013, Mr. Stile filed a pro se supplemental memorandum in support of his motion to sever, disagreeing with the Court's analysis and also asserting a new justification for his motion—that he "may choose to testify to Counts 1-2 yet may not choose to testify to Count 4."[1] *Supplement to Reply to Gov't's Opp'n to Def.'s Mot. for Severance* at 6 (ECF No. 300). The Court issued an order striking the supplemental reply on December 2, 2013, noting that "[t]he Local Rules do not permit a supplemental reply after the Court has issued a decision on a motion." *Order Striking Supplemental Reply to Resp. to Mot. to Sever* (ECF No. 305).

James Stile filed the current motion on May 20, 2014, requesting that the Court revisit the issue of relief from prejudicial joinder and maintaining that Count IV should be severed from Counts I-III for purposes of trial. *Mot. for Recons. of Mot. for Relief from Prejudicial Joinder* (ECF No. 405) (*Def's Mot.*). The Government responded on June 13, 2014. *Gov't's Resp. to Def.'s Mot. for Recons. of Mot. for Relief from Prejudicial Joinder* (ECF No. 417) (*Gov't's Resp.*).

### B.    The Indictment

---

[1]    The Court recognizes that the instant motion makes the opposite assertion of the supplemental memorandum—Mr. Stile now puts forth that he may testify as to Count IV but not as to Counts I-III. The Court, however, does not consider this point in its analysis.

The four counts of the October 20, 2011 indictment state:

## COUNT ONE

On about September 12, 2011, in the District of Maine, defendant

**James STILE**

did attempt to take and did take from the person and presence of another by force and violence and intimidation material and compounds containing a controlled substance belonging to and in the care, custody and control of a person registered with the Drug Enforcement Agency under 21 U.S.C. Section 322 and the replacement cost of the material and compounds to the registrant was not less than $500 and, in committing that offense, assaulted other persons and put in jeopardy the lives of other persons by the use of a dangerous weapon or device.

In violation of Title 18, United States Code, Sections 2118(a) and (c) (1).

## COUNT TWO

On about September 12, 2011, in the District of Maine, defendant

**James STILE**

knowingly possessed a firearm, that is, a Phoenix Arms Model HP22A, pistol bearing serial number 4272781, in furtherance of a crime of violence for which he could be prosecuted in a court of the United States, that is robbery of a pharmacy in violation of Title 18 United States Code, Sections 2118(a) and (c)(1) as charged in Count One of this indictment; in violation of Title 18 United States Code, Section 924(c)(1)(A).

## COUNT THREE

On about September 12-13, 2011, in the District of Maine, defendant

**James STILE**

having been convicted in the State of New York of crimes which under the laws of the State of New York were then punishable by imprisonment for terms exceeding one year, specifically:

Attempted Grand Larceny in the 1st Degree in State of New York, County Court for Suffolk County Indictment No. 498-78 and Grand Larceny 2nd degree in State of New York, County Court for Suffolk County, Indictment No. 481-78; judgment having entered on or about May 11, 1979;

knowingly possessed in and affecting commerce the following firearm and ammunition:

a.    a Phoenix Arms Model HP22A, .22 caliber pistol bearing serial
       number 4272781;
b.    One round of Winchester Super X .22 caliber ammunition;

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FOUR

From a date unknown to the Grand Jury to on about September 13, 2011, in the District of Maine, defendant

### James STILE

knowingly and intentionally manufactured more than 100 marijuana plants, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and did aid and abet such conduct in violation of Title 18 United States Code, Section 2.

*Indictment* at 1-3 (ECF No. 8).

## II.    THE PARTIES' POSITIONS

### A.    James Stile's Motion

Mr. Stile notes that in his original motion for relief from prejudicial joinder, "[t]he pleadings filed by previous counsel did not argue that Defendant's right to testify in his own defense on some counts, and to remain silent on other counts, would be impeded by the fact that testifying on some counts might tend to incriminate him on other counts." *Def.'s Mot.* at 1. He maintains that, without severance of the counts, he could be "forc[ed] into a situation in which he either testifies on all counts or

testifies on none of the Counts." *Id.* Mr. Stile notes that this issue was raised in his pro se supplemental memorandum, and since the Court struck that memorandum as untimely, it has never been considered by the Court as a basis for severance. *Id.*

Mr. Stile identifies three types of prejudice that "may result from trying a defendant for several offenses during the same trial." *Id.* at 2. Mr. Stile focuses on one particular form of prejudice in the instant motion: "[A] defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither." *Id.* (quoting *United States v. Jordan*, 112 F.3d 14, 16 (1st Cir. 1997)). Mr. Stile asserts that "a defendant may deserve a severance of counts where [he] makes a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other." *Id.* (quoting *United States v. Alosa*, 14 F.3d 693, 695 (1st Cir. 1994)).

With this backdrop, Mr. Stile offers that he "is likely to testify with respect to Count IV, but not with respect to Counts I-III," although he carefully notes that "a trial is a dynamic process, often featuring changes in defense strategy as the evidence develops." *Id.* Mr. Stile puts forth his potential testimony:

> [H]e would testify that his lease agreement with the owner of the building pertained only to the first floor of the house, and that he had no access to the upstairs of the house, where the marijuana grow was located. He would also testify that the marijuana plant found outside of the house was his and that he had planted it. However, he would testify that the marijuana plants found inside the house were not his. Should Defendant testify as set forth herein, he would be necessarily admitting that he, in fact, resided at the residence where several items of purportedly incriminating evidence, incriminating with respect to the robbery and gun counts, were found and that he had dominion and

5

control over the premises and the items inside and around the premises.[2]

*Id.* at 2-3; *accord id.* Attach 1 *Aff. of James Stile* (ECF No. 405-1) (*Stile Aff.*) (sworn affidavit in which Mr. Stile offers the same information).

Mr. Stile concludes that he has "important testimony to give[] in the marijuana case" and a "strong need to refrain from testifying, in the robbery case, that he had dominion and control over the part of the house and land where incriminating evidence was located." *Def.'s Mot.* at 3. He therefore contends that Count IV should be severed from Counts I-III. *Id.*

## B. The Government's Response

In response, the Government asserts that the Court's original ruling should stand. *Gov't's Resp.* at 2. The Government then contends that the Defendant's instant motion should be denied even if the Court entertains the substance of the motion. *Id.* It notes the First Circuit has instructed that the movant bears the burden of "a strong showing of prejudice" on a motion to sever. *Id.* at 2-3 (citing *United States v. Tracy*, 989 F.2d 1279, 1283 (1st Cir. 1993) and *United States v. Werner*, 620 F.2d 922, 929 (2d Cir. 1980)).

---

[2]     The "house" or "residence" referred to throughout Mr. Stile's motion and the Government's response is the house at 20 Sangerville Road in Sangerville, Maine—the residence where a search warrant in conjunction with the robbery charge was conducted. *See Stile Aff.* ¶ 2 ("I have lived at 20 Sangerville Road, Sangerville, Maine for approximately 12 years); *Gov't's Resp.* at 3-4. The Court uses those terms interchangeably to describe the house at 20 Sangerville Road. In doing so, the Court does not reach whether Mr. Stile had access to "the second floor" of the house, which is where the indoor marijuana plants were allegedly found. *See Def.'s Mot.* at 2-3 ("[Mr. Stile] had no access to the upstairs of the house, where the marijuana grow was located"); *Stile Aff.* ¶ 6 ("I have never had access to the second floor of the house").

With respect to testimonial prejudice, the Government explains that "severance should be granted only where the Defendant 'makes a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other count.'" *Id.* at 3 (quoting *United States v. Richardson*, 515 F.3d 74, 81 (1st Cir. 2008)). The Government insists this burden is a "significant" one, asserting that "a defendant must 'present enough information— regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying." *Id.* (quoting *United States v. Tracy*, 989 F.2d 1279, 1283 (1st Cir. 1993)). Further, the Government argues that while courts "zealously guard" the Fifth Amendment right not to testify at all, "the case law is less protective of a defendant's right to testify selectively, addressing some issues while withholding testimony on others that are related." *Id.* (quoting *Alosa*, 14 F.3d at 695).

The Government contends that "a significant portion" of the information Mr. Stile wishes to give on the marijuana count can be provided to a jury without the need for Mr. Stile to testify, such as documentation that he did not own or lease the second floor of the Sangerville residence and statements by the investigating officers on cross-examination about the type of access that existed between the first and second floors of the residence. *Id.* at 3-4. The Government also contends that "[e]ven more significantly, the Defendant has failed to show why he strongly needs not to testify

on the remaining counts." *Id.* at 4.  Pointing out Mr. Stile's assertion that if he were to "testify as set forth herein, he would be necessarily admitting that he, in fact, resided at the residence where several items of purportedly incriminating evidence . . . were found," *id.* (quoting *Def.'s Mot.* at 3), the Government counters that it plans on admitting evidence at trial that "overwhelmingly indicates . . . that the defendant was living at the residence." *Id.* at 4.

For these reasons, the Government contends that Mr. Stile's situation is distinguishable from the defendant's situation in *United States v. Jordan*, where the government had joined counts related to tax evasion and false tax filings with several counts of mail fraud and money laundering. *Id.* at 5 (citing *Jordan*, 112 F.3d 14). The Government notes that in *Jordan*, the defendant did not testify and was convicted of all counts, and on appeal argued that he had been deprived of his Fifth Amendment right to testify as to certain counts and not as to others; the First Circuit noted "that joinder likely had the effect of eviscerating [the defendant's] planned defense to the tax charges" and commented that this put the defendant "in a proverbial bind – testify, to your loss in the mail fraud case, or do not testify, to your loss in the tax case." *Id.* at 5-6 (quoting *Jordan*, 112 F.3d at 18).  The Government alleges that Mr. Stile's failure to testify would neither "'eviscerate' his planned defense to the marijuana charge," nor "be to his 'loss' on the other charges," because of the Government's "significant amount of evidence other than the Defendant's testimony demonstrating that the Defendant resided at the Residence." *Id.* at 6.

The Government also argues that Mr. Stile's situation is different from a previous case before this Court, in which it granted a motion to sever after concluding that the defendant had "important testimony" to give on two of the three counts. *Def.'s Mot.* at 6 (quoting *United States v. Kinsella*, 530 F. Supp. 2d 356, 366 (D. Me. 2009)). There, the Court noted that "[if] all three counts are tried at the same time, Mr. Kinsella's proposed testimony in Counts One and Two would constitute an admission that he is guilty of Count Three, since his proffered explanation would confirm his knowing absence and would not amount to a legitimate defense to the failure to appear charge." *Id.* at 6-7 (quoting *Kinsella*, 530 F. Supp. 2d at 366). The Government insists that Mr. Stile "runs no similar risk in this case," because his proposed testimony would not constitute an admission of guilt and would instead only serve to "further corroborate the significant amount of evidence establishing that the defendant resided at the residence." *Id.* at 7.

## III.   Discussion

If proper joinder "appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires."[3] FED. R. CRIM. P. 14(a); *Kinsella*, 530 F. Supp. 2d at 360. Whether the joinder is prejudicial under Rule 14 falls "within the sound discretion of the district court." *Scivola*, 766 F.2d at 41.

---

[3]     In its previous order, the Court concluded that the four counts were properly joined. *See Order* at 3-7.  In his motion, Mr. Stile does not request reconsideration of the Court's decision with respect to joinder. *See Def.'s Mot.* at 1-3.

The First Circuit has described one type of Rule 14 prejudice as "testimonial prejudice," where "a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither. *Jordan*, 112 F.3d at 16 (quoting *Scivola*, 766 F.2d at 42); *United States v. Swan*, No. 1:12-cr-00027-JAW, 2012 U.S. Dist. LEXIS 176088, *20-30 (D. Me. Dec. 12, 2012), *aff'd* 2013 U.S. Dist. LEXIS 94214, *10-14 (D. Me. Jul. 5, 2013); *Kinsella*, 530 F. Supp. 2d at 365. The defendant bears the burden of "mak[ing] 'a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other.'" *Richardson*, 515 F.3d at 81 (quoting *Alosa*, 14 F.3d at 695). To make this strong two-part showing of prejudice, Mr. Stile must

> present enough information-regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other-to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying.

*Tracy*, 989 F.2d at 1283 (quoiting *Baker v. United States*, 401 F.3d 958, 977 (D.C. Cir. 1968)). The burden on the defendant reflects the First Circuit's observation that "while the courts zealously guard a defendant's Fifth Amendment right not to testify at all, the case law is less protective of a defendant's right to testify selectively, addressing some issues while withholding testimony on others that are related." *Alosa*, 14 F.3d at 695.

Mr. Stile has demonstrated that he has "important testimony to give" related to the manufacturing of marijuana count in the indictment. When the Government's

case on the marijuana charge is juxtaposed against Mr. Stile's defense, Mr. Stile's assertions about his lack of access to the marijuana plants appear central to his defense. The Government asserts that it intends to admit at trial evidence that "overwhelmingly indicates (entirely independent of the defendant's anticipated trial testimony) that the defendant was living at the Residence." *Gov't Resp.* at 4. The Government goes on to state:

> First, when the search warrant was executed at the Residence, the defendant was at the Residence. Second, the defendant's van was parked next to the Residence at the time the search warrant was executed. Third, during his extensive interviews with law enforcement, the defendant never suggested that he did not live at the Residence. Indeed, during his negotiations with law enforcement, the defendant stressed that he wanted to return to his home (the Residence). Fourth, documentary evidence including bills recovered from the home indicate that the defendant resided at the Residence.

*Id.* Ironically, it is the strength of the Government's case—"overwhelming" proof that the Defendant lived at the house where the marijuana grow was found—that may make it imperative for Mr. Stile to have the option of taking the stand in his own defense on the marijuana charge. His motion and affidavit reflect a desire to testify that he has never owned or leased the second floor of the house, where the marijuana plants were found, but his assertion goes further than statements which may be confirmed or denied by real property documents. He insists that he has "never been able to exercise dominion and control" over the second floor of the house or even access it, *Stile Aff.* ¶ 6-7, and that the interior point of access to the second floor from his first floor apartment "was locked and painted shut, and was never, to my knowledge, used to access the second floor of the house." *Id.* ¶ 9. Further, Mr. Stile insists he

did not acknowledge ownership of the indoor plants during interviews with the police, *id.* ¶ 12, an account that may differ from that offered by law enforcement. *See, e.g.*, *Order on Mot. to Dismiss Indictment* at 9 (ECF No. 336) (noting Mr. Stile's contention that a law enforcement officer's grand jury testimony was inaccurate as to Mr. Stile's admissions concerning the marijuana plants).

His account of his ability to access the second floor apartment, and understanding of that access, would unquestionably be "important testimony" in attempting to cast doubt upon the Government's presumed position—namely, that Mr. Stile did have access to the second floor space where marijuana plants were found. Even though Mr. Stile might be able to prove some of his points through documents and other witnesses, a jury may well be more likely to find a reasonable doubt in the Government's case if Mr. Stile himself takes the stand and explains his lack of access to the area of the residence where the marijuana plants were located.

Mr. Stile also has a "strong need to refrain from testifying on the other" count. *Richardson*, 515 F.3d at 81. First, Mr. Stile has asserted that if he testifies as to the marijuana count, his testimony as to his occupancy of the first floor apartment "would be necessarily admitting that he, in fact, resided at the residence where several items of purportedly incriminating evidence . . . with respect to the robbery and gun counts[] were found and that he had dominion and control over the premises and the items." *Def.'s Mot.* at 3. However, this consideration—which the Government insists is not a sufficient basis for severance—is not the only consideration involved in Mr. Stile's decision on whether to testify. There is an important general consideration: If all

counts were tried together and Mr. Stile testified on direct examination regarding Count IV only, the Government would no doubt cross-examine him about the robbery and gun charges. In *Jordan*, the First Circuit vacated jury convictions on tax counts—charges that had been tried together with mail fraud and money laundering counts over the defendant's objection. 112 F.3d 14, 16-18. The defendant did not testify at trial. *Id.* at 17. The Court of Appeals reasoned that "joinder likely had the effect of eviscerating [the defendant]'s planned defense to the tax charges." *Id.* at 17. Here, if Count IV and Counts I-III were tried together, Mr. Stile may well forego his defense on the marijuana count to avoid the risk of incriminating himself on the other charges. *See Jordan*, 112 F.3d at 17; *Swan*, 2012 U.S. Dist. LEXIS 176088, at *28-29.

The Government's strongest point is that separate trials would result in redundant evidence and the extra inconvenience and expense involved in having certain witnesses testify twice. However, redundant evidence and a corresponding interest in judicial economy are considerations in nearly any case where severance of counts is considered, and those interests must bend to Mr. Stile's rights to testify in the trial of one criminal charge and to remain silent on other criminal charges. The Government has not articulated specific reasons why severing the counts would produce a large burden on judicial "considerations of economy and expedition." *See Tracy*, 989 F.2d at 1283. Much of the evidence concerning the marijuana charge, and in particular evidence relating to the key dispute over Mr. Stile's access to the second floor of the residence, will likely not be relevant to consideration of the robbery and

firearm charges; the same holds true for the evidence relating to the robbery and firearm charges, most of which does not appear to bear on the marijuana charge. Finally, although the indictment was issued nearly three years ago and the Court remains extremely concerned about the glacial movement of this case towards trial to date, the Court does not does not foresee severance as creating additional undue delay in this criminal matter. *See Speedy Trial Order* (ECF No. 431) (setting the case specially for trial on November 4, 2014 to allow resolution of other pending motions).

Mr. Stile's assertions concerning his proposed testimony as to Count IV and his need to refrain from testifying as to Counts I-III "satisfy the [C]ourt that the claim of prejudice is genuine and [ ] enable it intelligently to weigh the considerations of economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying." *Tracy*, 989 F.2d at 1283. The Court concludes that the balance tips in favor of Mr. Stile's right to avoid self-incrimination and grants his request to sever Count IV from Counts I-III for purposes of trial.

## IV.   CONCLUSION

The Court GRANTS James Stile's Motion for Reconsideration of Motion for Relief from Prejudicial (ECF No. 405). It hereby ORDERS that Count IV of the Indictment be severed from Counts I to III of the Indictment for purposes of trial.

SO ORDERED.


/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 17th day of July, 2014