UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON MOTION TO RECONSIDER DECISION ON MOTION TO SUPPRESS STATEMENTS**

The Court concludes that the fact that a defendant was represented by counsel does not change its earlier conclusion that his post-*Miranda*[1] warning statements to law enforcement were knowing, intelligent, and voluntary.

**I.  BACKGROUND**

**A.  The Crime, the Charge, the Interviews, and the Motion**

On September 12, 2011, someone came into a pharmacy in Bingham, Maine, armed with a sawed-off shotgun and pistol, threatened pharmacy employees and a customer, tied them up, and made off with a bag of prescription drugs.  On October 20, 2011, a federal grand jury indicted James Stile for that crime and weapons offenses associated with that crime.  *Indictment* (ECF No. 8).  During the execution of a search warrant at Mr. Stile's residence, the deputy sheriffs came upon a marijuana grow operation, and a federal grand jury also indicted him for manufacturing 100 or more marijuana plants.  *Id.*  On September 13, 2011 and again on September 15, 16, 19, and 22, 2011, law enforcement interviewed Mr. Stile and

---

[1]  *Miranda v. Arizona*, 384 U.S. 436 (1966).

Mr. Stile now seeks to have those interviews declared inadmissible because, contrary to the Court's earlier information, he was represented by counsel at the time of those interviews. *Def.'s Mot. to Recons. Decision on Mot. to Suppress Statements* (ECF No. 453) (*Def.'s Recons. Mot.*).

B. **State Docket Entries**

Following the pharmacy robbery, it did not take long for law enforcement to focus on Mr. Stile as the culprit. A criminal complaint for two counts of robbery was filed in Somerset County Superior Court on September 14, 2011. *Id.* Attach. 1 at 1 (*Docket Record*). The state court held an initial appearance for Mr. Stile that same day with Judge Peter Darvin presiding and Attorney Peter Barnett representing Mr. Stile. *Docket Record* at 1. On September 15, 2011, Judge Darvin imposed bail requirements of $250,000 or $500,000 surety, subject to the conditions that Mr. Stile could not use or possess alcohol, drugs, or dangerous weapons, and that Mr. Stile could be searched or tested at any time without articulable suspicion or probable cause, but noted that these conditions "may be reviewed once counsel has been appointed by [a] judge." *Id.* at 2. He also scheduled a status conference for November 9, 2011. *Id.* On September 15, 2011, Mr. Stile moved for appointment of counsel and the motion was granted by then Justice Nivison on September 15, 2011.[2] *Id.* The docket reflects that Attorney John Alsop was appointed to represent Mr. Stile on September 23, 2011. *Id.*

C. **A Motion to Suppress, Recommended Decision and Affirmance**

---

[2] The state docket indicates that this motion was filed and granted on September 15, 2011 but that the clerk docketed both the motion and the order on September 16, 2011. *Docket Record* at 2.

2

On August 30, 2012, Mr. Stile's then defense counsel filed a motion to suppress statements that Mr. Stile made to law enforcement on September 13 through September 20, 2011 on the ground that the police had failed to honor his request to remain silent and had failed to provide counsel for him. *Mot. to Suppress Statements for Miranda and Sixth Amendment Violations* (ECF No. 94) (*Def.'s First Mot.*). He followed this motion with a second motion seeking to suppress the statements because they were allegedly involuntary. *Mot. to Suppress Involuntary Statements* (ECF No. 96). A Magistrate Judge held a consolidated suppression hearing on December 13, 2012 consisting of seven witnesses and numerous exhibits. *Tr. of Proceedings* (ECF No. 141).

On January 16, 2013, the Magistrate Judge issued a Recommended Decision on the motions to suppress and recommended that the Court grant the motions in part and deny them in part. *Recommended Decision on Mots. to Suppress* (ECF No. 136). After Mr. Stile objected to the unfavorable portion of the Recommended Decision, this Court affirmed the recommendation on March 12, 2013. *Order Affirming the Recommended Decision of the Magistrate Judge on Mots. to Suppress Statements* (ECF No. 142).

**D.     The Recommended Decision**

In the Recommended Decision, the Magistrate Judge summarized law enforcement interviews with Mr. Stile on September 13, 15, 16, 19, and 22, 2011. In the original motion to suppress, then counsel represented that even though Mr. Stile requested a lawyer from September 13, 2011 onward, none was appointed until

September 20, 2011. *Def.'s First Mot.* at 1. Mr. Stile now moves to suppress the post-representations statements on the ground that the Magistrate Judge was mistaken in believing that he had not been appointed a lawyer until September 20, 2014; actually, he says, he had appointed counsel during that time, but the police initiated multiple interrogations without notifying his attorney and without his attorney present. *Def.'s Recons. Mot.* at 2.

### E. A Narrow Area of Dispute

To narrow the area of dispute, here, the Court notes that in her Recommended Decision, the Magistrate Judge addressed the three interviews differently. First, she ruled the September 13 interview admissible. *Recommended Decision* at 2-12, 32-33. The September 13 interview took place before Mr. Stile appeared in state court and is not the subject of his motion for reconsideration. *Def.'s Recons. Mot.* at 6 ("For the reasons outlined above, Mr. Stile requests that any statements that he made during interrogations on September 15, 16, 19 and 22, 2011 be suppressed from evidence during the trial of this matter"). The Court has not reconsidered its ruling on the September 13, 2011 interview. As this part of the Recommended Decision has not been challenged, the prior ruling stands.

Regarding the September 16, 2011 interview, the Magistrate Judge suppressed all statements that Mr. Stile made up to the time he was given *Miranda* warnings. *Recommended Decision* at 12-13, 32-33. Mr. Stile benefitted from the suppression of the pre-*Miranda* part of the interview and the Court has not revisited the part of the ruling favorable to Mr. Stile. This part of the Recommended Decision also stands.

4

Finally, regarding the September 22 interview, the Magistrate Judge ruled that "[t]his final interview was warned and terminated shortly after it began when Stile indicated that he currently had a lawyer. There are no statements associated with this interview that could be the subject of a suppression order." *Recommended Decision* at 15, 27. Although Mr. Stile has requested that this interview be suppressed, there is no indication in this record that Mr. Stile made an admissible statement during that interview. Essentially, Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent Brent McSweyn gave Mr. Stile some information and, after Special Agent McSweyn read Mr. Stile his *Miranda* warnings, there was nothing more said. *Id.* at 15. The Court has not reconsidered the September 22, 2011 interview.

This narrows the motion to reconsider to the interviews of September 15, September 16 (the admissible part), and September 19, 2011. In all three interviews (at least the allowed portions), the Magistrate Judge found that law enforcement gave Mr. Stile *Miranda* warnings. *Id.* at 10 (September 15, 2011 – "Gottardi explained that he would have to read Stile his rights and he did so"); 12 (September 16, 2011 – "Cunningham eventually advised Stile of his rights"); 14 (September 19, 2011 – "The interview began with a few more minutes of dog-talk that did not amount to interrogation and then Cunningham gave Stile the *Miranda* warning"). She denied the motions to suppress to the extent they addressed dialogue after the *Miranda* warnings had been given.

## II. THE PARTIES' POSITIONS

### A. James Stile's Motion for Reconsideration

In his motion for reconsideration, Mr. Stile acknowledges that the First Circuit case of *United States v. Coker*, 433 F.3d 39 (1st Cir. 2005), under the "dual sovereignty" doctrine, "allows evidence gathered during a police interview of a defendant in a state investigation, without counsel, even though counsel had been obtained by the person, and when no effort was made to notify counsel of the interview, to be used in a subsequently filed federal case based upon the exact same facts as the state case." *Def.'s Recons. Mot.* at 2. He points to a circuit split, saying that the Second Circuit has reached the opposite result. *Id.* (citing *United States v. Mills*, 412 F.3d 325 (2d Cir. 2005)). He urges this Court to follow the Second Circuit, saying this case is "factually on point with *Mills*." *Id.* at 3.

Failing that, he notes that there is an exception, called the *Bartkus* exception, to the dual sovereignty doctrine. *Id.* (citing *Bartkus v. Illinois*, 359 U.S. 121 (1959)). He contends that the First Circuit has recognized that the dual sovereignty doctrine is not applicable when "one sovereign was a pawn of the other." *Id.* (citing *United States v. Guzman*, 85 F.3d 823, 827 (1st Cir. 1996)).

### B. The Government's Response

The Government is not impressed. In its brief response, the Government says that Mr. Stile's argument is premised on outdated Supreme Court authority, *Michigan v. Jackson*, 475 U.S. 625 (1986). *Gov't's Objection to Mot. to Recons. Decision on Mot. to Suppress Evid.* at 2 (ECF No. 461) (*Gov't's Opp'n*). The

Government observes that the Supreme Court overruled *Michigan* in 2009, when it decided *Montejo v. Louisiana*, 556 U.S. 778 (2009), a case that the Magistrate Judge discussed in her Recommended Decision in this case. *Id.* According to the Magistrate Judge, *Montejo* overruled *Michigan* and permitted a suspect to waive the right to counsel, even if counsel had been appointed, so long as the waiver was voluntary, knowing and intelligent. *Id.* The Government observes that both *Coker* and *Mills*, the cases Mr. Stile discusses, were decided before *Montejo. Id.* at 3.

C.    **James Stile's Reply**

In his reply, Mr. Stile says that the Government incorrectly fixed the date at which he was represented by counsel at September 20, when in fact, he contends, counsel was appointed on September 15, 2011. *Def.'s Reply to Gov't's Opp'n to Mot. to Recons. Mot. to Suppress Statements* at 1 (ECF No. 487) (*Def.'s Reply*). He attaches letters from Attorney John Alsop, indicating that he began representing Mr. Stile on September 16, 2011. *Id.*

Mr. Stile goes on to concede "that his interview by the police even though he had counsel, without notification of counsel, is not a presumptive violation of his sixth amendment right to counsel." *Id.* at 2. However, he maintains that the fact he had counsel should be considered by the Court as part of the totality of circumstances in evaluating whether he knowingly, intelligently and voluntarily waived his rights to counsel and to remain silent. *Id.*

7

## III. DISCUSSION

The brief answer to Mr. Stile's motion for reconsideration is that the fact he had counsel when he was interviewed by law enforcement does not change the Court's earlier conclusion that his post-*Miranda* statements to law enforcement were "voluntary, knowing and intelligent." *Montejo*, 556 U.S. at 786. In her Recommended Decision, the Magistrate Judge cited *Montejo*, which provided, as Mr. Stile concedes, that the fact he had counsel when he spoke to law enforcement after receiving *Miranda* warnings is not a presumptive violation of his sixth amendment right to counsel. *Def.'s Reply* at 2. *Montejo* is echoed in First Circuit law. *Torres v. Dennehy*, 615 F.3d 1, 4 (1st Cir. 2010).

To track the events in this case, the Court notes that the State Docket confirms that Judge Darvin held an initial appearance on September 15, 2011 and that Attorney Peter Barnett represented Mr. Stile at the initial appearance. *Docket Record* at 1. As a motion for appointment of counsel was filed later the same day, the Court concludes that Attorney Barnett was in all likelihood what in Maine is called a "lawyer for the day", an attorney whose representation of a client is typically limited to the initial appearance. *See* ME. RUL. CRIM. P. 5(d) ("a lawyer for the day may be designated"); *State v. Galarneau*, 2011 ME 60, ¶ 1 n.1, 20 A.3d 99 ("A court may acquire the services of a lawyer to provide legal advice and representation for multiple criminal defendants individually, one after another, at their initial appearances. A lawyer serving in this capacity is known as the 'lawyer for the day'") (citation omitted). The Court accepts Mr. Stile's evidence that, contrary to the docket

8

entry, the Maine Superior Court not only approved appointment of defense counsel, but actually appointed Attorney John Alsop to represent him on September 16, 2011 and that Attorney Alsop accepted the appointment that day. *Def.'s Reply* Attach. 1, 2, 4, 5.

The Maine State Docket Record does not establish when during the day on September 15, 2011, the initial appearance took place. However, the transcript of the September 15, 2011 interview reveals that it took place at 15:05 hours. *Suppression Ex.* 11-T at 1. In all likelihood, therefore, the September 15, 2011 interview took place after Mr. Stile had been brought before Judge Garvin with representation by Attorney Barnett, but before Attorney Alsop had been appointed to represent him. The transcript of the September 16, 2011 interview indicates that the interview took place at 9:25 a.m. *Suppression Ex.* 12B-T at 1. In all likelihood, this interview took place before Mr. Stile had met with Attorney Alsop because Mr. Stile's exhibits confirm that on September 16, 2011, Attorney Alsop wrote to Mr. Stile, introducing himself as his attorney. *Def.'s Reply* Attach. 4. Furthermore, during the September 19 interview, Mr. Stile at one point notes that he had filled out the paperwork for a lawyer and asked whether a lawyer could "be arranged." *Suppression Ex.* 13-T at 7. The Court concludes that each of the contested interviews —September 15, 16 and 19—took place between when Attorney Barnett, the lawyer for the day, represented Mr. Stile at the initial appearance and when Attorney Alsop first met with him.

For all three interviews, the Court carefully re-reviewed the transcripts of the interviews and notes that in each of these interviews, the law enforcement officer

9

expressly and individually reviewed with Mr. Stile each of his *Miranda* rights, including the right to counsel. *Suppression Exs.* 11-T at 3; 12-A-T at 9-10; 13-T at 6-7. Based on its review and considering all of the circumstances of the statements, the Court reiterates its earlier view that Mr. Stile knowingly, intelligently, and voluntarily waived his *Miranda* rights and spoke with law enforcement.

The developments in this case since the suppression hearing and Recommended Decision have solidified this Court's view that Mr. Stile's waivers were knowing, intelligent, and voluntary. Mr. Stile is a man with an extraordinarily independent bent of mind. He is not in any sense deferential to the advice of his attorneys and decides for himself what he is going to do in the defense of this case. For example, he has demanded that the Court dismiss each of his five appointed counsel, each of whom has been a member of this Court's Criminal Justice Act Panel of defense counsel, because he viewed each lawyer's representation as inadequate.

Indeed, when his lawyers failed or refused to file what Mr. Stile believed were meritorious motions, he complained to the Court with such vehemence that the Court took the highly unusual step of allowing Mr. Stile himself to file motions even though he was represented by counsel. Mr. Stile proceeded to file countless pro se motions with the Court.

By observation, Mr. Stile participates actively in the defense of his case and is determined to make his own independent judgments, sometimes in agreement with his counsel and sometimes not. Having observed Mr. Stile in multiple proceedings over the last two and a half years, the Court is highly dubious about his current claim

that even if he was represented by counsel at the time of each of these interviews, the fact of that representation would have affected in any way, his decision to waive his *Miranda* rights and discuss the cases with law enforcement. Thus, factoring in the situation involving Mr. Stile's lawyers along with "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused", *Edwards v. Arizona*, 451 U.S. 477, 482 (1981), the Court concludes that the Magistrate Judge's Recommended Decision should continue to be affirmed, modified by the circumstances set forth in this opinion and the documents provided by Mr. Stile concerning the status of the appointment of counsel in the state proceeding.

Finally, there is no evidence in this record from which the Court is able to conclude that the *Bartkus* exception is applicable. The Court has concluded that Mr. Stile knowingly, intelligently and voluntarily waived his *Miranda* rights and therefore there is no basis to conclude that the federal government was manipulating the state investigation to circumvent Mr. Stile's Sixth Amendment rights.

## IV. CONCLUSION

The Court DENIES James Stile's Motion to Reconsider Decision on the Motion to Suppress (ECF No. 453).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2014