UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON MOTION TO CONTINUE, FOR WITHDRAWAL OF COUNSEL AND TO PROCEED PRO SE**

With trial scheduled to begin on November 3, 2014, James Stile filed a pro se motion to continue, for withdrawal of counsel and to proceed pro se. *Mot. to Continue, for Withdrawal of Counsel, and to Proceed Pro Se* (ECF No. 501). Mr. Stile is represented by counsel and in accordance with its standard practice, the Clerk's Office checked with his attorney to determine whether he adopted the motion. Mr. Stile's attorney indicated to the Clerk's Office that he is prepared to proceed to trial on November 3, 2014. Because of the nature of the motion, the Court ordered the Clerk to docket it.

The Court DENIES Mr. Stile's motion to continue. The indictment in this case was handed down on October 20, 2011, making the case exactly three years old. *Indictment* (ECF No. 8). On July 15, 2014, the Court set this case for jury selection and trial on November 4, 2014, *Notice of Hr'g* (ECF No. 432); on October 2, 2014, the Court reset the case to begin one day earlier on November 3, 2014. *Notice of Rescheduled Hr'g* (ECF No. 471). This case is by far the oldest case now pending on

this Court's criminal docket where there has been no determination of guilt.[1]  The incidents that form the basis of this indictment allegedly took place in September 2011 and as time passes, memories fade, witnesses become unavailable, exhibits go missing, and the charges become more difficult to prosecute and to defend.  The parties, including Mr. Stile, have been on notice since July 2014 that the case would be tried in November.  The Court is determined to go forward with jury selection on November 3, 2014.

As for Mr. Stile's demand that his current defense counsel withdraw from the case and that he be allowed to proceed pro se, Mr. Stile's current lawyer is the fifth defense lawyer to represent Mr. Stile in this case.  The Court is familiar with each of his prior and his current lawyers and knows them all to be consummate professionals.  Here, Peter Rodway, his current attorney, has ably and conscientiously represented Mr. Stile since January 2014 and he has informed the Clerk's Office that he is prepared to proceed with trial on November 3, 2014.  With the Court's approval, Attorney Rodway has enlisted associate counsel to assist him in the defense of this case at trial and the Court understands that associate counsel is prepared to proceed as well.

Regarding Mr. Stile's litany of complaints against Mr. Rodway, the Court has long since concluded that there is no lawyer practicing in the District of Maine, or perhaps in this Country, who could satisfy Mr. Stile's exacting demands of his defense

---

[1]  Apart from a few cases where there are unexecuted arrest warrants or extradition proceedings, the oldest criminal case on the Court docket where there has been no finding on the issue of guilt is *United States v. Ross*, 13-cr-00158-JAW.  Mr. Ross was indicted on September 18, 2013.  *Id. Indictment* (ECF No. 1).  A jury has been selected in Mr. Ross's case and he is currently on trial.

2

attorney. This being the case, the Court will not appoint a new lawyer to represent Mr. Stile. To do so would only further delay the resolution of a case that has already been too long delayed, mostly due to Mr. Stile's repeated motions to discharge his court-appointed lawyers, and the Court has no confidence that if new counsel were appointed, he or she would be any more satisfactory to Mr. Stile than his five prior defense lawyers. To the contrary, the Court is convinced that if new counsel were appointed, Mr. Stile would sooner or later move to force him or her to withdraw. In sum, James Stile has not demonstrated good cause for assignment of new counsel. *See United States v. Allen*, 789 F.2d 90, 93 (1st Cir. 1986).

Nor is the motion timely. The First Circuit has cautioned trial judges that "[j]udges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay." *Id.* (quoting *United States v. Llanes*, 374 F.2d 712, 717 (2d Cir. 1967)). The Court addressed another motion to withdraw with Mr. Stile and Mr. Rodway present on September 5, 2014 and, after some discussion, Mr. Stile agreed to continue to work with Mr. Rodway. As a result of this colloquy, the Court denied the earlier-filed motion to withdraw. Mr. Stile's pending motion comes slightly over a month since the Court ruled on a similar motion and less than three weeks before the scheduled start of a trial set since July on a case pending for three years. It is too late.

The final issue is whether Mr. Stile will be allowed to proceed pro se. Under federal law, "the right of self-representation has been protected by statute since the beginnings of our Nation." *Faretta v. California*, 422 U.S. 806, 812 (1975) (citing 28

3

U.S.C. § 1654). This statutory right of self-representation even predates the Sixth Amendment, *id.* at 812-13, and the Supreme Court has concluded that the Sixth Amendment itself "implies a right of self-representation." *Id.* at 821. Thus, if Mr. Stile wishes to represent himself, he has the legal right, indeed the constitutional right, to do so.

To have a right does not mean it is always wise to exercise it. Before the Court will allow Mr. Stile to represent himself, it will "warn[] [him] of the dangers of doing so." *United States v. Beasley*, 12 F.3d 280, 285 (1st Cir. 1993). By virtue of its numerous prior dealings with Mr. Stile, the Court has no doubt that Mr. Stile knows the stakes involved and that he is aware of some of the serious issues he must consider before proceeding pro se. If Mr. Stile does not withdraw the motion to be allowed to proceed pro se by the day of jury selection and trial, the Court will inquire of Mr. Stile as to whether he still demands that he be allowed to represent himself. If he does so, and if the Court finds that he is doing so knowingly and voluntarily, the Court will allow Mr. Stile to proceed pro se with standby counsel. He should be aware that his decision to represent himself or to allow Mr. Rodway to represent him will not affect the trial date of November 3, 2014. The Court will proceed with jury selection and trial on November 3, 2014 regardless.

The dangers of self-representation include the difficulty calling witnesses, presenting opening and closing arguments, and reviewing jury instructions. *Id.* Furthermore, if Mr. Stile elects to testify, the presentation of that testimony is inherently problematic because it is awkward to both ask and answer questions.

4

If Mr. Stile wishes to proceed pro se, the Court will pose such questions to him as:

(1) What is your education level?

(2) Have you ever studied law?

(3) Have you ever represented yourself in a criminal action?

(4) Do you understand the nature of the crimes that are being charged?

(5) Do you understand the potential penalties for these charges?

(6) Do you understand that you run the risk of consecutive punishments?

(7) Do you understand that there are advisory Guidelines that may affect your sentence if you are found guilty?

(8) Do you understand that if you elect to represent yourself, the Court will be required to remain neutral during the trial and will be prohibited from assisting you in the defense of these charges?

(9) Do you understand the Federal Rules of Evidence?

(10) Do you understand that the Rules of Evidence are extremely complex and their application to the evidence in this case will be complicated?

(11) Are you familiar with the Federal Rules of Criminal Procedure?

(12) Do you understand that these Rules govern your trial, that you will be bound by them, and that they will not be relaxed for your benefit?[2]

(13) Do you understand the Government's burden of proof and the concept of reasonable doubt?

---

[2] Questions one through twelve are suggested by the BENCHBOOK FOR U.S. DISTRICT COURT JUDGES § 1.02 (6th ed. March 2013).

(14) Do you understand the jury selection process?

(15) Do you understand how to make an opening statement and closing argument?

(16) Do you understand how to ask questions of witnesses and make objections that are compatible with the Rules of Evidence and Criminal Procedure.[3]

(17) Do you understand that the Government will be represented by federal prosecutors who are trained and experienced in trial law?

(18) Do you understand that there are technical rules surrounding appeals and certain motions and objections that you must make in order to preserve particular issues for appeal, and if you fail to properly preserve an objection, the appeals court may decide not to address it?[4]

Mr. Stile should come to Court on November 3, 2014 prepared to answer these questions. On the day of jury selection, the Court will earnestly urge Mr. Stile to both allow Mr. Rodway to continue to represent him and not to represent himself and the Court will determine whether his waiver of the right to counsel is knowing and voluntary.

If the Court is satisfied that Mr. Stile is knowingly and voluntarily waiving his right to counsel, the Court intends to appoint Attorney Rodway as standby counsel, sitting behind counsel table in the public area of the courtroom and making himself

---

[3] Questions thirteen through sixteen were suggested by the First Circuit in *United States v. Woodard,* 291 F.3d 95, 109-10 (1st Cir. 2002).

[4] Questions seventeen and eighteen were suggested by Justice Warren Silver of the Maine Supreme Judicial Court in his separate opinion in *State v. Watson,* 2006 ME 80, ¶ 42, 900 A.2d 702.

available for consultation. The Court will not allow hybrid representation in which Mr. Stile represents himself for some portions of the trial and not for others. *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004) ("A party has a right to represent himself or to be represented by an attorney, but he cannot have it both ways. There is no right to hybrid representation in the federal courts"); *United States v. Campbell*, 61 F.3d 976, 981 (1st Cir. 1995).

Only Mr. Stile knows his intentions; however, if he is determined to proceed pro se, he should immediately direct his considerable energy to preparing an opening statement, cross-examinations of anticipated Government witnesses, the procurement at trial of any defense witnesses, direct examinations of those witnesses, any defense exhibits, jury instructions, anticipated evidentiary objections, and closing argument.

The Court DENIES James Stile's motion to continue trial, DENIES his motion for Peter Rodway to withdraw, DENIES his motion for replacement counsel, and DEFERS ruling on his motion to be allowed to proceed pro se.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2014