UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON MOTION IN LIMINE RE: EXPERT TESTIMONY OF ATF AGENT BRENT MCSWEYN**

With trial scheduled to begin on November 3, 2014, James Stile moves in limine to prohibit the Government from introducing the testimony of Alcohol, Tobacco, Firearms and Explosives (ATF) Agent Brent McSweyn concerning the interstate nexus of the firearm and ammunition evidence in this case. *Mot. in Limine Re: Expert Test. of ATF Agent Brent McSweyn* (ECF No. 494) (*Def.'s Mot.*). The Government responded on October 24, 2014. *Gov't's Resp. to Def.'s Mot. in Limine Re: Expert Test. of ATF Agent Brent McSweyn* (ECF NO. 522) (*Gov't's Opp'n*). In its response, the Government confirmed that as AFT Agent McSweyn has moved across the Country, it does not intend to call him, and has substituted ATF Special Agent Stephen Hickey to testify in place of ATF Agent McSweyn. *Id.* at 1. The Court has substituted Special Agent Hickey for Agent McSweyn in this Order.

Mr. Stile says that the Government proffered Special Agent Hickey to testify regarding the interstate nexus requirement of Count III, the felon in possession charge, an alleged violation of 18 U.S.C. § 922(g).[1] *Def.'s Mot.* at 1. His main

---

[1] Mr. Stile also mentions Count II of the indictment, which charges him with carrying a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c). *Def.'s Mot.* at 1. But there is no interstate

complaint is that "the proposed testimony is not admissible under Rule 702 because it is not information beyond the ken of the jury."² *Id.* at 2. Next, Mr. Stile maintains that Special Agent Hickey does not have a sufficient basis for his opinion that the gun and ammunition were manufactured outside the state of Maine. *Id.* at 2-3. He says that the Special Agent is merely reciting otherwise inadmissible hearsay. *Id.*

The law in the First Circuit defeats Mr. Stile's argument. The First Circuit Court of Appeals has consistently upheld the admission of the testimony of ATF agents as experts on the issue of interstate nexus. *United States v. Luna*, 649 F.3d 91, 105 (1st Cir. 2011); *United States v. Cormier*, 468 F.3d 63, 72 (1st Cir. 2006); *United States v. Corey*, 207 F.3d 84, 88 (1st Cir. 2000).³ There are a couple of caveats. First, the proffered expert must be qualified as such under Federal Rules of Evidence 702 and 703. *Corey*, 207 F.3d at 88-89. Here, the Government has attached a statement of qualifications for Special Agent Hickey and the Court's initial review of his qualifications strongly suggests that Special Agent Hickey is qualified as an

---

nexus requirement for the § 924(c) charge. *See* JUDGE D. BROCK HORNBY'S 2014 REVISIONS TO PATTERN CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT CTS. OF THE FIRST CIRCUIT § 4.18.924 (Updated 10/6/14), *available at* http://www.med.uscourts.gov/pdf/crpjilinks.pdf. To prove Count II, the Government must establish, among other things, that Mr. Stile committed the underlying crime of violence in Count I, robbery of controlled substances from a DEA registered pharmacy, a violation of 18 U.S.C. § 2118(a). That statute triggers federal jurisdiction from the requirement that the controlled substance belong to or be "in the care, custody, control, or possession of a person registered with the Drug Enforcement Administration under section 302 of the Controlled Substances Act . . . ." 18 U.S.C. 2118(a). Thus, Mr. Stile's contention regarding the ATF Agent's testimony relates solely to the felon in possession charge in Count III of the indictment.

² Mr. Stile also complains that the Government had not provided adequate discovery under Federal Rule of Criminal Procedure 16(a)(1)(E). *Def.'s Mot.* at 1-2. In its response, the Government attached a report from ATF Special Agent Hickey. *Gov't's Opp'n* Attach. 1 (*Report of Investigation and Statement of Qualifications*). The Court is uncertain whether Mr. Stile maintains his discovery objection in light of the attached report. As Mr. Stile notes, if the Government provided more of a foundation, the remedy may be a discovery remedy rather than the objection. *Def.'s Mot.* at 2 n.1. If Mr. Stile contends that there should be a discovery remedy, he is free to raise this during trial.

³ In fact, the ATF expert in *Cormier* was ATF Agent Brent McSweyn. *Cormier*, 468 F.3d at 72-73.

expert to testify on the issue of interstate nexus. *See Gov't's Opp'n* Attach. 1 at 3-5 (*Report of Investigation and Statement of Qualifications*). In fact, his statement of qualifications says he has qualified to testify as an interstate nexus expert in the United States District Court for the District of Maine. *Id.* at 5.

A second caution is that the agent may not merely repeat "the out-of-court statements of others." *Luna*, 649 F.3d at 105 (citation omitted). At the same time, an agent is allowed to rely on "technical manuals, conversations with manufacturers, and their prior experience" in forming their opinions without running afoul of Federal Rule of Evidence 703." *Id.* (citation omitted). The question, which the Court cannot evaluate until Agent Hickey is called to the stand, is whether his testimony falls within the permissible ambit.[4] *Id.*

With the understanding that some of these issues must await trial, to the extent that the motion demands Agent Hickey's exclusion as an expert witness, the Court DISMISSES without prejudice James Stile's Motion in Limine Re: Expert Testimony of ATF Agent Brent McSweyn (ECF No. 494).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2014

---

[4] Upon request, the Court will allow Mr. Stile to voir dire Special Agent Hickey outside the presence of the jury before he testifies.