UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON MOTION TO RECONSIDER ORDER DENYING MOTION FOR RETURN OF PROPERTY SEIZED POST-CONVICTION**

The Court grants in part a defendant's motion to reconsider its order denying his motion for return of certain property that the government seized, related only to counts of an indictment that the government has dismissed. Under Federal Rule of Criminal Procedure 41(g) and First Circuit authority, the Court will treat the defendant's motion as a civil complaint, requesting equitable relief. The Court has allowed the government thirty days to apprise the Court as to the current status of the seized property.

**I.   BACKGROUND**

On October 30, 2014, James Stile pleaded guilty to robbery of controlled substances from a DEA registered pharmacy, a violation of 18 U.S.C. § 2118(a). *Minute Entry* (ECF No. 541); *Am. Plea Agreement* at 1 (ECF No. 542). On May 29, 2015, the Court sentenced Mr. Stile to 120 months incarceration, $13,306.93 in restitution, a $100.00 special assessment, and five years of supervised release. *J.* (ECF No. 579). On June 8, 2015, Mr. Stile filed a notice of appeal. *Notice of Appeal* (ECF No. 581). On July 9, 2015, Mr. Stile moved for an order requiring the

Government to return seized property to him. *Mot. for Return of Property Seized Post Conviction* (ECF No. 598).[1]

On July 21, 2015, the Court dismissed Mr. Stile's motion without prejudice. *Order on Mot. for Return of Prop. Seized Post-Conviction* (ECF No. 602). The Court observed that it is questionable whether a defendant has the right to the return of property that may be connected to the facts underlying his appeal. *Id.* at 1. Also the Court noted that under *United States v. Guzman*, 85 F.3d 823 (1st Cir. 1996), a request for return of seized property is "separable from, and has no effect upon, the appellant's conviction and sentence" and therefore a defendant may "bring an independent civil action for the return of property." *Id.* (quoting *Guzman*, 85 F.3d at 830). On July 31, 2015, Mr. Stile moved for reconsideration of the July 21, 2015 order. *Mot. for Recons. of Order on Def. Mot. for Return of Prop. Seized, Not Forfeited, and to Include Seized Monies of $696.00* (ECF No. 605). On August 3, 2015, the Court denied the motion for reconsideration. *Order Denying Mot. for Recons.* (ECF No. 606).

On May 19, 2016, Mr. Stile filed yet another motion, seeking reconsideration of the order denying his initial motion. *Mot. for Return of Prop. to be Recons. by this Ct. Pursuant to Rule 41(g) of the Fed. Crim. Pro. Rules* (ECF No. 612). In his second motion for reconsideration, Mr. Stile alleges that the property "being petitioned to be returned, was alleged evidence to the charge that was dismissed and therefore should

---

[1]    On August 19, 2015, the Court of Appeals for the First Circuit issued a judgment dismissing Mr. Stile's second appeal, filed on June 15, 2015 (ECF No. 587), noting that his initial appeal would proceed under docket number 15-1720. *J.* (ECF No. 607). It issued its mandate the same day. *Mandate* (ECF No. 608). The appeal on docket number 15-1720 remains pending in the appellate court. *J.* at 1.

not be subject to any encumb[]rances by the government or this court." *Id.* at 2. Mr. Stile complains that the "court, being familiar with the case should not have made an 'assumption' that the seized property may be connected to the facts underlying his pending appeal" because the pending appeal "has to do with the sentence of the robbery, nothing to do with a charge already dismissed." *Id.* at 3. Citing Federal Rule of Criminal Procedure 41(g), Mr. Stile further argues that although he may bring a separate action to recover the property, he is not compelled to do so. *Id.* Mr. Stile specifies that he is seeking "all lighting, air conditioning, ventilation equipment, mechanical equipment, fans, filters, and horticultural equipment, to include also one Dewalt screw gun, one garden hose, and all other miscellaneous items that were seized that were not relevant to the robbery conviction of the defendant in the instant case." *Id.*

The Government briefly responded on June 9, 2016. *Gov't's Resp. to Def.'s Mot. for Return of Prop. to be Recons. by this Ct. Pursuant to Rule 41(b) of the Fed. Rules of Crim. Pro.* (ECF No. 613). The Government wrote that Mr. Stile's motion should be dismissed, but it expressed a willingness to "work with" the Piscataquis County Sheriff's Office to determine whether the non-robbery, plant growing items seized during execution of the search warrant are still in the County's possession. *Id.* If and when the location of those items is identified, the Government represented that it would coordinate their return with Mr. Stile or his representative. *Id.*

## II.     DISCUSSION

The grand jury charged James Stile in a four-count indictment: Count One alleged a controlled substance robbery on September 12, 2011; Count Two alleged the possession of a firearm in furtherance of the pharmacy robbery alleged in Count One; Count Three alleged that Mr. Stile, having been convicted of a felony, possessed a firearm on September 12-13, 2011; and Count Four alleged that Mr. Stile manufactured 100 or more marijuana plants on September 13, 2011. *Indictment* (ECF No. 8). After the robbery, local law enforcement obtained search warrants and searched Mr. Stile's residence, and as a consequence of the searches took possession of a number of items of personal property. *See generally Order on First Pro Se Mot. to Suppress* (ECF No. 294). On October 30, 2014, Mr. Stile pleaded guilty only to Count One and the Government agreed to dismiss Counts Two through Four at the conclusion of the sentencing hearing. *Minute Entry* (ECF No. 541); *Agreement to Plead Guilty (With Stips. and Appeal Waiver)* at 1-2 (ECF No. 540). The Court sentenced Mr. Stile to 120 months incarceration on May 29, 2015, on Count One of the indictment. *J.* (ECF No. 579). At the conclusion of the sentencing hearing, the Government moved to dismiss Counts Two through Four and the Court granted the motion. *Oral Mot.* (ECF No. 577); *Oral Order* (ECF No. 578); *J.* at 1.

If the seized personal property is connected to the pending appeal, this Court should not order its return. *United States v. Uribe-Londono*, 238 Fed. Appx. 628, 629-30 (1st Cir. 2007) ("[A] Rule 41(g) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or

subject to forfeiture, or the government's need for the property as evidence continues"). However, "once the government no longer has a need to use the evidence, it should be returned." *United States v. Garcia*, 65 F.3d 17, 20 (4th Cir. 1995) (quoting FED. R. CRIM. P. 41(e)[2] advisory committee's note to 1989 amendment).

From the Court's initial review of the items of personal property in contention, the items seem to be related solely to the dismissed Count Four, the marijuana cultivation count. Now that the Government has dismissed Count Four, the Court is unclear why the Government would have any ongoing right to possess Mr. Stile's personal property if the property is unrelated to any pending criminal charge. At least the Government has not asserted a basis for claiming the right to continued possession of such items as a garden hose, ventilation equipment, and similar horticultural equipment.

At the same time, the Court is acutely aware that during his case, Mr. Stile took the stand and testified that he was unaware that there was a marijuana grow operation in his residence:

> Q. Wasn't there a large marijuana grow operation going on in your residence at that time?
>
> A. Not to my knowledge, sir.

*Tr. of Proceedings, Mot. to Suppress, Test. of James Stile* 134:23-25 (ECF No. 141). To the Court's recollection, Mr. Stile during other proceedings insisted to the Court

---

[2] "From its original adoption in 1944 until 2002, Rule 41 covered motions to return property under subdivision (e). In 2002, the motion-to-return provision was re-designated Rule 41(g). Courts recognize that case law interpreting former Rule 41(e) generally applies to current Rule 41(g)." 3A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 690 (4th ed. 2016); *De Almeida v. United States*, 459 F.3d 377, 380 n.2 (2d Cir. 2006).

that he did not have access to the second floor of his residence and was not involved in any way with the large marijuana grow operation that law enforcement found during execution of the third search warrant.  If law enforcement discovered and seized these horticultural items in the area of the second floor marijuana grow, the Court will require Mr. Stile to explain why he is entitled to repossess horticultural equipment which serviced a marijuana operation that he swore under oath he was unaware of.

There is the question of whether Mr. Stile may bring this issue to the court by motion or whether he must bring the issue by separate civil action.  The First Circuit has suggested that a person who wishes to recover personal property may bring an independent civil action for the return of property, but it has not ruled that a civil action is the sole means of redress.  *See Guzman*, 85 F.3d at 830.  Indeed, the First Circuit has written that for post-conviction Rule 41(g) motions, "such motions are to be treated as civil complaints for equitable relief." *Uribe-Londono*, 238 Fed. Appx. at 630 (citing *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995)).  Accordingly, the Court will accept the Rule 41(g) filing and treat it as a civil complaint for equitable relief.

The last question is the proper procedure for a Rule 41(g) motion.  Rule 41(g) provides that a court "must receive evidence on any factual issue necessary to decide the motion."  FRED. R. CRIM. P. 41(g).  At the same time, the First Circuit has not held "that an evidentiary hearing is necessary." *United States v. Cardona-Sandoval*, 518 F.3d 13, 16 (1st Cir. 2008).  The First Circuit has expressly allowed affidavits or

6

documentary evidence, such as chain of custody records. *Id.* Yet, the trial court must make an evidentiary determination sufficient to support its decision. *Id.*

To allow the Government to determine the status of the property that Mr. Stile has claimed was seized and is unrelated to the pending charge, the Court grants the Government a period of thirty days to complete its investigation. At the end of the thirty day period, the Court ORDERS the Government to file a status report, indicating whether the property has been returned to Mr. Stile and, if not, how the Government plans to proceed.

### III. CONCLUSION

The Court GRANTS in part Defendant James Stile's Motion for Return of Property to be Reconsidered by this Court Pursuant to Rule 41(g) of the Federal Criminal Procedure Rules (ECF No. 612) and will treat his motion as a civil action requesting this Court's equitable relief.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 13th day of July, 2016