UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| JAMES STILE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:13-cv-00248-JAW |
| SOMERSET COUNTY, et al., | ) | |
| Defendant. | ) | |

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | 1:11-cr-00185-JAW |
|  | ) | 1:17-cv-00159-JAW |
| JAMES STILE | ) | |

**ORDER ON MOTION TO COMPEL, MOTION TO EXTEND TIME, AND MOTION FOR DISCLOSURE**

The Court sorts through the multiple motions that James Stile filed in these cases, grants one and dismisses the other.

I.  **BACKGROUND**

When there are multiple suits and multiple filings on multiple dockets, things are bound to get confusing. James Stile's first case began on September 20, 2011 as a criminal complaint under docket number 1:11-cr-00185-JAW. After pleading guilty to robbery of controlled substances from a DEA-registered pharmacy, Mr. Stile was sentenced on May 29, 2015 to 120 months incarceration, five years of supervised release, a special assessment of $100.00, restitution in the amount of $13,306.93, and no fine. *J.* (ECF No. 579). Mr. Stile appealed his sentence, and, on January 3, 2017,

the Court of Appeals for the First Circuit affirmed it. *United States v. Stile*, 845 F.3d 425 (1st Cir. 2017).

Meanwhile, Mr. Stile filed a lawsuit against Somerset County.[1] This lawsuit was filed on July 1, 2013 and is styled *Stile v. Somerset County*; it was assigned docket number 1:13-cv-00248-JAW. This lawsuit remains actively pending. Mr. Stile has been a prolific filer in this case. The docket reflects 427 entries as of August 30, 2017.

On April 28, 2017, Mr. Stile filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This lawsuit is styled *Stile v. United States* and was filed on April 28, 2017; it was assigned docket number 1:17-cv-00159-JAW. However, in accordance with the practice of the Clerk's Office of this District, docket entries for 1:17-cv-00159-JAW have been made under the underlying criminal case, 1:11-cr-00185-JAW. Mr. Stile's § 2255 lawsuit, docket number 1:17-cv-00159-JAW, therefore, has no docket entries, and instead all docket entries for 1:17-cv-00159-JAW appear in 1:11-cr-00185-JAW. There are also numerous entries in 1:11-cr-00185-JAW; as of August 30, 2017, there are 662 entries.

With this background, on August 3, 2017, Mr. Stile filed a letter motion for copies of documents under *Stile v. Somerset County*, 13-cv-00248-JAW. This letter motion was docketed as ECF No. 423 and requested copies of the following documents, all from *Stile v. Somerset County*, 13-cv-00248-JAW:

1) ECF No. 18 – motion and Exhibit D;

---

[1] Mr. Stile also filed a lawsuit against Cumberland County, which was filed on August 30, 2012 and assigned docket number 2:12-cv-00260-JAW. The Court dismissed the lawsuit on May 6, 2013. *J.* (ECF No. 40). There has been no further activity on that lawsuit since then.

2

2) ECF No. 44 – motion to conduct investigation and Attachment 1;

3) ECF No. 47 – letter motion for return of four DVDs; and

4) ECF No. 49 – Order granting in part ECF No. 47 motion for return of four DVDs.

*Id.* at 1. Mr. Stile also requested copies of updated dockets in 1:11-cr-00185-JAW and 1:17-cv-00159-JAW. *Id.*

On August 7, 2017, the Court granted the motion for copies but cautioned Mr. Stile that the Clerk's Office typically does not make copies of filed documents for litigants:

> ORDER granting 423 Motion for Copies of Documents. In issuing this order, please note that the Court ordinarily does not order the Clerk's Office to make copies of filed documents for litigants since the Clerk's Office is not the litigants' secretary. However, here, the Court has made an exception because of the limited number of documents requested and the time deadlines that Mr. Stile faces. Nevertheless, if he makes a similar motion in the future, Mr. Stile should make a better case as to why he needs the Clerk's Office to copy documents that he himself filed with the Court.

*Order* (ECF No. 424). Consistent with this order, the Clerk's Office sent to Mr. Stile copies of all the requested documents, including the updated docket entries in 1:11-cr-00185-JAW and 1:17-cv-00159-JAW.

On August 7, 2017, Mr. Stile filed a motion seeking a court order to compel his defense lawyer, Peter Rodway, to disclose certain documents. *Mot. for Ct. to Order Disclosure of Sentencing Mems. of Defense and Supporting Exs. of Defense* (ECF No. 655). Mr. Stile filed this motion in the criminal and § 2255 cases under docket

numbers 1:11-cr-00185-JAW and 1:17-cv-00159-JAW. Mr. Stile listed the following documents for disclosure:

1) ECF No. 575 – Court Exhibit List;

2) ECF No. 561 – Sentencing Memorandum by James Stile, including exhibits 4, 8, and 16; and

3) ECF No. 568 – additional attachments to ECF No. 561.

*Id.* at 1-2. In addition, Mr. Stile stated that he is attempting to find a sentencing exhibit that consisted of a PowerPoint presentation in order to demonstrate the pretrial conditions at the Somerset County, Cumberland County, and Strafford County Jails. *Id.* at 2. Finally, Mr. Stile sought a copy of a "cell assignment report," and he attached a copy of a letter dated February 1, 2017 that he sent to Attorney Peter Rodway, requesting a copy of the report. *Id.* Attach. 1, *Letter to Mr. Peter E. Rodway, Esq.* (Feb. 1, 2017).

On August 18, 2017, Mr. Stile filed a motion seeking a court order to compel counsel to provide "the complete file of the criminal case" to him. *Mot. to Compel Counsel to Provide the Complete Crim. File at a Hr'g to be Held Before this Ct. at Next Mot. Hr'g Day and to Grant Extension of Time for Def./Pet'r to File his Reply to Gov't's Mot for Summ. Dismissal to [§] 2255 Mot.* (ECF No. 660) (*Mot. to Compel*). Mr. Stile referenced 1:11-cr-00185-JAW in his motion, and it was duly filed under his criminal case. *Id.* Mr. Stile also filed an addendum to the motion to compel. *Mot. to Compel Counsel to Provide the Complete Crim. File at a Hr'g to be Held Before this Ct. at Next Mot. Hr'g Day and to Grant Extension of Time for Def./Pet'r to File his Reply to Gov't's*

4

*Mot for Summ. Dismissal to [§] 2255 Mot.* Attach. 1 *Addendum to Mot. to Compel Counsel to Provide the Complete Crim. File at a Hr'g to be Held Before this Ct. at Next Mot. Hr'g Day and to Grant Extension of Time for Def./Pet'r to File his Reply to Gov't's Mot for Summ. Dismissal to [§] 2255 Mot.*, at 1 (ECF No. 660) (*Addendum*). In his motion to compel, Mr. Stile asked that the Court order Attorney Peter Rodway, Mr. Stile's former defense counsel in *United States v. Stile*, 1:11-cr-00185-JAW, to turn over to Mr. Stile, "the complete file of the criminal case." *Mot. to Compel* at 1.

In this motion, Mr. Stile complained that the Court "chastised" him "to the embarrassment in front of other litigants/attorney[s] in the civil case." *Id.* at 2. He thought he or the Clerk of Court may have made a mistake by filing the motion with the wrong docket number. *Id.* He maintained that he "does not have cooperation from either the Court or [counsel] Rodway and remains at a deficit to filing his reply timely without the needed criminal case submissions made 'by Rodway Esq. and not Stile.'" *Id.* He again asked the Court to order a hearing and to order Attorney Rodway to present his "complete criminal file" so that he may "prosecute his habeas corpus motion adequately with the needed documents for exhibits." *Id.* Finally, Mr. Stile asked the Court to stay the habeas proceedings until he receives a complete file from Attorney Rodway and to reset the September 20, 2017 deadline for his response to the Government's motion to dismiss his habeas corpus petition. *Id.*

In addition to the motion, Mr. Stile filed an addendum, which attached two intra-office emails sent to him by the Clerk's Office. *Addendum* at 1. It is unclear whether Mr. Stile is asking for relief in the addendum, except to note that he is

5

returning the emails in good faith and he asks the Court to "consider whether it was the Clerk who was in error." *Id.*

## II. DISCUSSION

### A. The Court's Chastisement

To alleviate Mr. Stile's concern, the Court's admonition to him that the Clerk's Office was not his secretary, that he should retain copies of the documents that he himself filed with the Court, and that he should present a good reason for requesting copies of similar documents in the future was related only to his August 3, 2017 request for documents in *Stile v. Somerset County* (ECF No. 423). Mr. Stile himself, not Attorney Rodway, filed the documents in his case against Somerset County, and the Court was only reminding Mr. Stile that since he filed the documents, the Court expected him to keep a copy of his own filings and not ask the Clerk's Office to make copies of his own documents. The order had nothing to do with his criminal case, his § 2255 petition, or Attorney Rodway.

### B. The Motion for Order

The Court is able to order the Clerk to copy and send to Mr. Stile much of what he is requesting in his August 7, 2017 motion for order. The docket for his criminal case and § 2255 petition contains (1) the exhibit list (ECF No. 575), (2) the sentencing memorandum (ECF No. 561), (3) attachments 4, 8 and 16 to the sentencing memorandum, and (4) the additional attachment to ECF No. 561 found in ECF No. 568. The Court ORDERS the Clerk of Court to make copies of these documents and send them to Mr. Stile.

As regards his request for the sentencing exhibits, it is the practice of the Clerk's Office to return those exhibits to appropriate counsel once the Court of Appeals for the First Circuit has issued its mandate. Here, the First Circuit issued its mandate on January 25, 2017. *Mandate* (ECF No. 627). On February 1, 2017, the Clerk's Office returned the Government's exhibits to the United States and Mr. Stile's exhibits to Attorney Rodway. *Exs.* (ECF No. 628). The Clerk's Office therefore no longer has the exhibits and is unable to release them to Mr. Stile.

Finally, there are some documents, such as the so-called cell assignment report, Mr. Stile's letter to Attorney Rodway, and Attorney Rodway's case file, that the Court does not possess and over which the Court has no direct control. As Attorney Rodway is not a party to this case, the Court may not order him to respond to Mr. Stile's discovery request, at least in this format. The Court has sent Attorney Rodway a copy of this order and, assuming Attorney Rodway has these documents, it presumes Attorney Rodway will forward copies of them to Mr. Stile and that this issue will be quickly resolved.

**C.    Addendum**

Mr. Stile correctly points out that the Clerk's Office erred when it sent him copies of internal emails within the Clerk of Court's office that relate to other cases. As Mr. Stile is not requesting any relief, there is no need to further discuss this issue.

**D.    Extension**

Despite the pending motion to stay and motion for extension, Mr. Stile filed a forty-four-page response to the Government's motion to dismiss his § 2255 petition

on August 25, 2017. *Reply of James Stile to the United States Mot. for Summ. Dismissal of Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Supporting Mem. Of Law* (ECF No. 662). There is no reference in Mr. Stile's reply to his request for a stay or for an extension. Accordingly, the Court concludes that with the filing of his reply, the requests to extend the time for filing a reply and to stay the case until his receipt of the complete file from Attorney Rodway are now moot.

## III. CONCLUSION

The Court GRANTS James Stile's Motion for Court to Order Disclosure of Sentencing Memorandums of Defense and Supporting Exhibits of Defense (ECF No. 655) insofar as he requests copies of documents that have been filed on this Court's ECF system, but the Court DISMISSES without prejudice James Stile's Motion for Court to Order Disclosure of Sentencing Memorandums of Defense and Supporting Exhibits of Defense (ECF No. 655) insofar as he requests copies of documents that are not in the possession, custody, or control of the Clerk of Court. The Court DISMISSES without prejudice James Stile's Motion to Compel Counsel to Provide the Complete Criminal File at a Hearing to be Held Before this Court at Next Motion Hearing Day and to Grant Extension of Time for Defendant/Petitioner to File his Reply to Government's Motion for Summary Dismissal to [§] 2255 Motion (ECF No. 660).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2017