UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON MOTION FOR RETURN OF PROPERTY**

Applying Federal Rule of Criminal Procedure 41(g), with the exception of two pages of documents the Government seized as part of its criminal case against the Defendant, the Court declines to order the Government to obtain and produce documents a county jail seized that were not related to the criminal case. The Court orders the Government to provide the defendant copies of the documents that it did seize pursuant to Rule 41(g).

**I.  BACKGROUND**

**A.  James Stile's Motion**

On October 10, 2017, James Stile filed a motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g). *Mot. for Return of Property Pursuant to Fed. R. Crim. P. 41(g)* (ECF No. 670). Mr. Stile states that on December 22, 2017, a search warrant was executed at the Somerset County Jail in Madison, Maine and that his personal property was seized, including "documentary materials that are relevant to current litigation before this Court in 1:13-CV-00248-JAW." *Id.* at 1. Mr. Stile says that there are currently motions for summary judgment pending in this civil action and he needs the seized documents to defend against the dispositive

motions. *Id.* He asserts that "Defendants Somerset County et.[]al., have refused to provide such materials in discovery and continue to do so." *Id.* Significantly, he writes that "[s]aid properties are not the subject of an appeal or relevant to any criminal charge or potenti[al] criminal charge as limitations have expired for any criminal charges." *Id.* Mr. Stile represents that his criminal defense attorney, Peter Rodway, "has failed to procure said materials from the Defendants nor request release from the United States Attorney's Office of said property." *Id.* at 1-2. He requests an order from this Court, "directing the U.S. Attorney's Office to direct Somerset County Jail to release/send said property directly to [him]." *Id.* at 2.

B.  **The Government's Response**

The Government urges the Court to deny Mr. Stile's request. *Gov't's Resp. to Def.'s Mot. for Return of Property Pursuant to Fed. R. Crim. P. 41(g)* (ECF No. 674) (*Gov't's Opp'n*). First, the Government says that Mr. Stile's motion contains a typographical error, noting that a search warrant was carried out on Mr. Stile's jail cell at the Somerset County Jail on December 29, 2011, not December 29, 2017. *Id.* at 1, n.1. Nevertheless, the Government says that the production of the seized documents "were seized by Somerset County Jail officials and never provided to the U.S. Attorney's Office." *Id.* at 1.

Specifically, the Government says:

On December 22, 2011, Somerset County Jail officials seized Mr. Stile's legal papers (including discovery) from his cell. On December 27, 2011, a federal search warrant was issued for the purpose of obtaining two pages of discovery from the seized documents relating to statements of an informant against Mr. Stile. (Case No. 1:11-mj-00232-JAW, Document #1). The search warrant was executed on December 29, 2011.

2

> Other than these two pages (which have previously been provided to Mr. Stile in Discovery), the U.S. Attorney's Office did not receive the other legal documents seized from Mr. Stile's cell. Thus, even if it wished to, the U.S. Attorney's Office has no mechanism to "direct" Somerset County to hand over the seized documents to Mr. Stile.

*Id*. at 1-2. The Government has agreed to provide Mr. Stile with copies of the two-page report obtained by the U.S. Attorney's Office pursuant to the December 29, 2011 search warrant. *Id*. at 2.

### C. James Stile's Reply

Mr. Stile has not filed a reply to the Government's response.

## II. DISCUSSION

Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g).

The sequence of events, as described by the Government, is (1) the Somerset County Jail's seizure of material from Mr. Stile's jail cell on December 22, 2011; (2) the search warrant being issued on December 27, 2011 for two pages of the material seized; and (3) the execution of the search warrant on December 29, 2011. *Gov't's Opp'n* at 1-2. This sequence is confirmed by the materials in 1:11-mj-00232-JAW, which detail the request for the search warrant, *App. and Aff. for Search Warrant* (ECF No. 1); the Order granting the request for the search warrant, *Search Warrant*

3

*Issued* (ECF No. 2); the execution of the search warrant, *Search Warrant Returned* (ECF No. 3), and the return of the search warrant. *Id*. The return of the search warrant describes the inventory of the property seized:

> 1 page of discovery numbered R 00802
> 1 page of discovery numbered R 00803

*Id.* at 2.

As the advisory committee note, Rule 41(g)[1] "provides that an aggrieved person may seek return of property that has been unlawfully seized, and a person whose property has been lawfully seized may seek return of property when aggrieved by the government's continued possession of it." FED. R. CRIM. P. 41(g) advisory committee's note to 1989 amendments. The advisory committee later makes clear that the property that is subject to Rule 41(g) is property that "it has seized." *Id*. Here, the only property the United States Government seized in this case is the two-pages that the Government has said it will return to him.

This leaves the question of how Mr. Stile may properly seek the other property Somerset County Jail seized from his jail cell on December 29, 2011. It is not the Court's role to give Mr. Stile legal advice, and the Court shies away from doing so. For purposes of this motion, it suffices to say that the Court will not order, through a motion under Rule 41(g), the United States Attorney to direct the Somerset County

---

[1] "From its original adoption in 1944 until 2002, Rule 41 covered motions to return property under subdivision (e). In 2002, the motion-to-return provision was re-designated Rule 41(g). Courts recognize that case law interpreting former Rule 41(e) generally applies to current Rule 41(g)." 3A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 690 (4th ed. 2016); *De Almeida v. United States*, 459 F.3d 377, 380 n.2 (2d Cir. 2006).

4

Jail to release Mr. Stile's property to him to the extent the property is unrelated to property it seized in criminal case 1:11-cr-00185-JAW.

## III. CONCLUSION

The Court GRANTS James Stile's Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g), but only to the extent of the two pages of documents seized during the December 29, 2011 execution of the Government's search warrant. The Court otherwise DISMISSES without prejudice James Stile's Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g). The Court ORDERS the Government forthwith to place copies of the two pages that it seized in the mail to Mr. Stile's current address at F.C.I. Fort Dix, Box 2000, Fort Dix, N.J. 08640, inmate number 07147-036.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of December, 2017