UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |
| | ) | |
| Defendant | ) | |

**ORDER AFFIRMING ORDER DENYING MOTION FOR A FINDING OF CONTEMPT**

The Court overrules a Defendant's objection to a Magistrate Judge's order in which the Magistrate Judge declined to hold a Bureau of Prisons witness in contempt of court for allegedly false sworn statements. The Court agrees with the Magistrate Judge that the Defendant has no standing to proceed against an individual under a criminal statute and that the Defendant failed to demonstrate that the witness' statements were false. Furthermore, the Court concludes that the witness' statements were not material to any issue before the Court.

I.  BACKGROUND

   A.  Procedural Background

On September 25, 2017, James Stile filed a motion asking this Court to hold Sharonne Malloy, a counsellor with the United States Bureau of Prisons, in contempt of court for having made allegedly perjurious statements in an affidavit the United States submitted in response to Mr. Stile's motion for the sentencing court to set the restitution amount. *Notice of Mot. Pursuant to 18 U.S.C. § 1623* (ECF No. 668). On October 11, 2017, the United States responded. *Opp'n by United States of Am. in*

*Resp. to Def.'s Mot. for Contempt Pursuant to 18 U.S.C. § 1623* (ECF No. 671). Mr. Stile replied on November 1, 2017. *Reply Mem.* (ECF No. 675).

On November 6, 2017, the Court referred the motion to the Magistrate Judge, and on February 6, 2018, the Magistrate Judge issued an order in which he denied the motion. *Order on Def.'s Mot. for Contempt* (ECF No. 686). On February 26, 2018, Mr. Stile objected to the Magistrate Judge's order.[1] *Def.'s Obj. Filed in Accordance with Rule 59* (ECF No. 688). On March 12, 2018, the Government responded. *Gov't's Resp. in Opp'n to Def.'s Obj. to Magistrate Judge's Order on Mot. for Contempt* (ECF No. 690). During this time, Mr. Stile filed a motion with the Magistrate Judge for reconsideration of the order denying his motion for contempt. *Mot. for Recons.* (ECF No. 689). On March 21, 2018, the Magistrate Judge denied Mr. Stile's motion for reconsideration. *Order on Def.'s Mot. for Recons.* (ECF No. 691) (*Order*).

## B. Factual Background

In a motion Mr. Stile filed on July 28, 2017, he made a number of claims regarding the Court's order of restitution found in the sentencing judgment. *Mot. for Sentencing Ct. to Set Restitution Payment Amount* (ECF No. 651). In his motion, Mr. Stile contended that he was being "punished by the Federal Bureau of Prisons for his failure to meet a payment schedule amount that is unreasonable and impossible for the Defendant to meet." *Id.* at 1. He stated that on July 13, 2015, he was "compelled

---

[1] In fact, Mr. Stile objected to more than the Magistrate Judge's Order. *Def.'s Obj. Filed in Accordance with Rule 59* (ECF No. 688). In his objection, Mr. Stile objects to this Court's ruling on his motion for relief from prejudicial joinder, *id.* at 6-8, the Court's sentencing finding that he had obstructed justice, *id.* at 8-9, and demanding that the Court issue a writ to transfer him to the FCI at Danbury, Connecticut. *Id.* at 12. None of these issues is properly before the Court in Mr. Stile's objection to the Magistrate Judge's order regarding Ms. Malloy's sworn declaration, and the Court does not address them.

2

to sign a 'Inmate Financial Plan", which was "a coercive instrument that[']s designed to threaten the inmate into a payment plan regardless if he or she can comply or not." *Id.* at 2. Mr. Stile wrote that on June 21, 2017, the Bureau of Prisons (BOP) "presented to the Defendant a notice that due to an inability to pay the minimum payment established by the [BOP] and not the Court ($25.00 $\frac{1}{4}$'ly) the Defendant was being placed on FRP Refuse status." *Id.* He complained that BOP had sanctioned him in various ways for his refusal to participate in the payment program. *Id.* at 3.

The Government responded on August 30, 2017. *Opp'n by U.S. of America in Resp. to Def.'s Mot. Concerning Payment of Restitution* at 1-2 (ECF No. 663). Relying in part on a sworn declaration signed by Ms. Malloy, the Government recited Mr. Stile's payment history while in prison, noting that he initially voluntarily participated in the Inmate Financial Responsibility Program (IFRP) of the BOP, agreeing to make $25 payments each quarter toward his $100 special assessment and his $13,306.93 restitution obligation. *Id.* at 5. The Government reported that Mr. Stile actually made four $25 payments, after missing one payment, and thereby paid off his $100 special assessment. *Id.* Mr. Stile made only one more $25 payment, which went toward restitution, leaving $13,281.93 outstanding on his restitution obligation. *Id.* He then was placed in "Refuse Status." *Id.* at 6.

The Government also stated that even though Mr. Stile had only $2.46 in his prisoner account when he filed his motion, on July 31, 2017, $200 was deposited into his account, and by August 14, 2017, he had withdrawn $120 from his account for

telephone and other costs, leaving a balance of $82.71, which should have been available for restitution. *Id.*

Mr. Stile filed his reply on September 25, 2017. *Def.'s Reply to Opp'n by U.S. of America in Resp. to Def.'s Mot. Concerning Payment of Restitution* (ECF No. 667). Mr. Stile further disputed the Government's view of his current financial status. *Id.* at 8-10. Mr. Stile explained that his friend Carlos Rojas provided him $200 per month but stopped doing so due to Mr. Rojas' divorce. *Id.* at 8. He said that the last payment he received was on March 25, 2017 for $200. *Id.* He accused Ms. Malloy of lying in her sworn declaration about the state of his personal account. *Id.* at 8-10. Later, he mentioned a payment of $200 he received on August 25, 2017 from his aunt, most of which he said was "allocated to telephone and TRULINGS to maintain a support system to Defendant[']s mother in hospital . . . with the balance of $82.71 paying PLRA payments." *Id.* at 15. At the same time, Mr. Stile agreed that if he were challenging the IFRP, he would have been required to file a motion pursuant to 28 U.S.C. § 2241. *Id.*

On November 20, 2017, the Court denied Mr. Stile's motion. *Order on Mot. for Sentencing Court to Set Restitution Amount* (ECF No. 676) (*Restitution Order*). Significantly, the Court did not address Mr. Stile's complaints about the BOP's administration of the IFRP fund because Mr. Stile expressly conceded that in order to challenge the BOP's IFRP program, he was required to a file a complaint in the district where he was housed, not where he was sentenced. *Id.* at 10. The Court deemed Mr. Stile's complaints about the BOP's administration of the IFRP fund

4

waived. *Id.* In a twenty-three page opinion, the Court addressed the merits of Mr. Stile's other arguments and rejected them but never reached his initial contentions about the IFRP fund. *Id.* at 1-23.

## II. DISCUSSION

As the Magistrate Judge's order is on a non-dispositive matter, the Court reviews the order to determine whether it is either "contrary to law" or "clearly erroneous." FED. R. CRIM. P. 59(a). The Court concludes it is neither.

There is no need to fully reiterate the Magistrate Judge's discussion of Mr. Stile's motion. The Magistrate Judge is certainly correct in concluding that Mr. Stile has no standing to make a claim that Ms. Malloy violated 18 U.S.C. § 1623. *Order* at 1-2. If a violation of the criminal law occurred (and the Court does not conclude it has), it is not up to James Stile to prosecute the criminal violation and seek sanctions. It is up to federal prosecutors. *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case").

The Court also agrees with the Magistrate Judge that Mr. Stile failed to demonstrate that any of the statements in Ms. Malloy's sworn declaration are, in fact, false. In his objection it is clear that Mr. Stile vehemently disagrees with Ms. Malloy's conclusion that he had a balance in his inmate account of $82.71, which was available for restitution. The Court views Mr. Stile's adamantly contrary understanding of the amount and availability of the $82.71 in his inmate account as a matter of opinion, not a matter of fact. Differences of opinion are not the stuff of perjury. *See* 18 U.S.C.

5

§ 1623(a) ("Whoever under oath . . . <u>knowingly</u> makes any <u>false</u> material declaration . . . .").

The Court adds one reason for overruling Mr. Stile's objection: the allegedly perjurious statements were not material. To constitute perjury, the statement must be material to the proceeding. *Id.*; *United States v. Finucan*, 708 F.2d 838, 848 (1st Cir. 1983) ("It is undisputed that a statement must be material to a proceeding in order to constitute perjury within the meaning of 18 U.S.C. § 1623"). The test for materiality is "whether the false testimony was capable of influencing the tribunal on the issue before it." *Id.* (quoting *United States v. Giarratano*, 622 F.2d 153, 156 (5th Cir. 1980)).

Here, whatever Ms. Malloy said in her sworn declaration was immaterial to the issues before the Court. Although Mr. Stile initially demanded that the Court rule on the BOP's administration of his IFRP fund, he later withdrew his claim, conceding that he had to exhaust BOP administrative remedies and that, in any event, the sentencing court did not have jurisdiction over his dispute with the BOP. *See Restitution Order* at 10. The Court therefore never addressed the contents of Ms. Malloy's sworn declaration because none of her statements was material to the issues before the Court.

### III. CONCLUSION

The Court OVERRULES Defendant's Objection Filed in Accordance with Rule 59 (ECF No. 688) and AFFIRMS the Magistrate Judge's Order on Defendant's Motion for Contempt (ECF No. 686).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 13th day of April, 2018