UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON DEFENDANT'S MOTION FOR THE PRODUCTION OF VICTIM AFFIDAVITS**

The Court dismisses without prejudice an inmate's request for production of victim affidavits.

**I.   BACKGROUND**

**A.   The May 29, 2015 Sentencing and Restitution Order**

On October 30, 2014, James Stile pleaded guilty to robbery of controlled substances from a DEA registered pharmacy, a violation of 18 U.S.C. § 2118(a). *Minute Entry* (ECF No. 541). Before the sentencing hearing, Mr. Stile withdrew his objection to the value of the drugs stolen. *Def.'s Sentencing Mem.* at 4 (ECF No. 561) ("Although Mr. Stile objected to the enhancements of one-level for the value of the drugs stolen . . ., he now withdraws those objections").

On May 29, 2015, the Court sentenced Mr. Stile to 120 months incarceration, $13,306.93 in restitution, a $100.00 special assessment, and five years of supervised release. *J.* (ECF No. 579). Consistent with his pre-hearing position, Mr. Stile did not object to the restitution figure of $13,306.93 at his sentencing hearing:

Court:  The court makes the following guideline calculations:

>   …………
>   The total loss in this case was $13,306.93. Since the loss is more than $10,000, but less than $15,000, one level is added.
>   …………
>   Restitution is mandatory in the amount of $13,306.93.
>   …………
>   Is there any objection to these findings, other than the objections previously made, on the part of the defendant?
>   …………
>   Mr. Rodway: There are none, Your Honor.

*Tr. of Proceedings, Sentencing Proceedings* 184:16-86:7 (ECF No. 610) (*Tr.*). Indeed, during his allocution, Mr. Stile expressed remorse for the victims:

>   The Defendant: This is very difficult, Judge. It's not about Jim Stile; it's about the victims. Almost four years I've been locked up. I've cried a lot, not for me, for them.

*Id.* 130:20-24.

>   The Defendant: I want to make amends to those people there. The financial amends, a thousand dollars. I train a dog, that's a thousand dollars, I'd give it to [the pharmacist].

*Id.* 138:5-8. In its sentencing judgment, the Court ordered Mr. Stile to pay restitution in the total amount of $13,406.93. *J.* at 5. In pronouncing its sentencing judgment, the Court stated:

>   The Court imposes a criminal monetary penalty on Count 1 in the amount of $100. The Court finds the defendant does not have the ability to pay a fine, and the court will waive the fine in this case. Restitution is mandatory in the amount of $13,306.93. The defendant shall make restitution to the E.W. Moore & Son Pharmacy at 337 Main Street, Bingham, Maine 04920, in the amount of $13,306.93. The Court finds the defendant does not have the ability to pay interest on the restitution, and it is ordered that the interest requirement is waived.
>
>   Payment shall be applied in the following order: One, to the assessment; and two, to the restitution. Payment of the total fine and other criminal monetary penalties shall be due in full immediately. Any amount the defendant is unable to pay now is due and payable during the term of

incarceration. Upon release from incarceration, any remaining balance shall be paid in monthly installments to be initially determined in amount by the supervising officer. Said payments are to be made during the period of supervised release, subject always to review by the sentencing judge on request by either the defendant or the government.

*Tr.* 211:10-212:4. On June 8, 2015, Mr. Stile filed a notice of appeal. *Notice of Appeal* (ECF No. 581). Mr. Stile did not challenge the restitution figure on appeal. *United States v. Stile*, 845 F.3d 425 (1st Cir. 2017).

### B. The November 28, 2017 Restitution Order

On July 28, 2017, Mr. Stile filed a motion asking the Court to set a restitution payment amount. *Def.'s Mot. for Sentencing Ct. to Set Restitution Payment Amount* (ECF No. 651). In his motion, Mr. Stile made various claims, including that he should not have to reimburse Hanover Insurance Company, which reimbursed the pharmacy for all but a $1,000 deductible. *Id.* at 1-7. But Mr. Stile did not challenge the amount of the loss. *Id.* The Court denied his motion and ordered Mr. Stile to pay "full restitution in the total amount of $13,306.93 with $1,000.02 payable to E.W. Moore & Son Pharmacy as a first priority and then $12,306.91 payable to Hanover Insurance Company as a second priority upon completion of the $1,000.02, with a full credit for any restitution payments he has previously made." *Order on Mot. for Sentencing Ct. to Set Restitution Payment* at 23 (ECF No. 676). On November 28, 2017, the Court issued an amended judgment in which it listed E.W. Moore & Son Pharmacy and Hanover Insurance as payees. *Am. J.* at 6 (ECF No. 678). Mr. Stile did not appeal this order and it is final.

### C. The August 1, 2018 Order to Apply Cash to Outstanding Restitution

3

From the sentencing hearing of May 29, 2015 onward, Mr. Stile has consistently informed the Court that he was remorseful for his crime and that he wished to repay the victims. On June 18, 2018, Mr. Stile moved for an order "to apply $696.00 in cash that was seized from Defendant's person on September 13, 2011 to the Administrative Offset Account for purposes of paying the victim [, the pharmacist,] restitution." *Def.'s Mot. to Apply Funds Seized from Def. to Admin. Offset Account* at 1 (ECF No. 696). The Government did not object. *Gov't's Resp. to Def.'s Mot. (ECF No. 696)* (ECF No. 697). On August 1, 2018, the Court granted Mr. Stile's motion and ordered "the Government to deposit the monies in the amount of $696 seized from Mr. Stile with the Clerk's Office for distribution in accordance with Mr. Stile's restitution obligation." *Order on Mot. to Apply Funds Seized from Def. to Admin. Offset Account* at 3 (ECF No. 699).

### D.  The September 5, 2018 Judicial Recommendation for Reentry and Recovery Center Placement

On July 30, 2018, Mr. Stile moved this Court to recommend him to the Bureau of Prisons (BOP) for reentry and recovery center placement once he is eligible for the program. *Pro Se Mot. Requesting Judicial Recommendation for 12 Months RRC Placement Pursuant to 18 U.S.C. [§] 3621(b)(4)* at 5 (ECF No. 698). In his motion, Mr. Stile represented that he would like to "resume his profession of training dogs that will be the mainstay of his ability to pay restitution and establish a[n] indepen[d]ent lifestyle in his integrating himself back into society." *Id.* He further argued:

> The requested JUDICIAL RECOMMENDATION would assist in promoting the interests of Petitioner paying restitution to the victims in his criminal case. Petitioner would be able to enter halfway house earlier and work on getting employment to pay back restitution earlier as opposed to remaining "in custody" of BOP and not being able to earn monies.

*Id.* (capital letters in original). In making its recommendation for halfway house placement, the Court took Mr. Stile at his word: that he recognized his restitution obligation and was anxious to remit payment to the victims. *Order on Def.'s Pro Se Mot. Requesting Judicial Recommendation for 12 Months RRC Placement Pursuant to 18 U.S.C. § 3621(b)(4)* (ECF No. 702).

## II. THE PARTIES' POSITIONS

### A. James Stile's Motion

In his motion, Mr. Stile notes that within the Court's November 30, 2018 Order, the Court referred to "an affidavit of [one of the victims] but not Hanover Insurance Company." *Def.'s Mot. Pursuant to Fed. R. Crim. P. 32(c)(1)(B) for Gov't to Produce Victims['] Affs. Also in Accord with Title 18 USC §3664* at 1 (ECF No. 703). "Hence, Defendant makes the instant motion for production of victims['] affidavits." *Id.* Mr. Stile cites numerous authorities in support of public access to judicial documents and he says that he wants the victim affidavits to prevent the victims from receiving a windfall. *Id.* at 1-4.

### B. The Government's Opposition

The Government recites the background of the restitution issue in this case and urges the Court to deny the motion because it is unnecessary, because it is untimely, because the Court issued a thorough and binding ruling on restitution, and

5

because it would implicitly approve Mr. Stile's prior misrepresentations about his desire to pay restitution. *Resp. by United States of Am. to Def.'s Mot. for the Production of Victim Affs.* at 1-4 (ECF No. 704). The Government views Mr. Stile's motion as "nothing more than his contumacious relitigation of frivolous requests the Court has already denied." *Id.* at 1.

### C.  James Stile's Reply

In his reply, Mr. Stile emphasizes his constitutional rights as a citizen of the United States. *Def.'s Reply to United States of Am.'s Resp. to Def.'s Mot. for Production of Victim Affs.* at 1 (ECF No. 705). He cites 18 U.S.C. § 3664(d) as statutory authority for his document request. *Id.* at 2-4.

### III. DISCUSSION

In light of Mr. Stile's failure to object to or appeal from the restitution order and his repeated assertions that he acknowledges his debt to society and wishes to repay the victims, Mr. Stile's motion comes as a surprise. Mr. Stile cites numerous authorities in support of public access to judicial documents, but his reason for wanting the documents is elusive. He states:

> Defendant believes the victims received a windfall and as a result he is required to pay more than the law requires. As such, he seeks copies of the victims['] affidavit that support both the loss and the restitution.

*Def.'s Mot.* at 3. Based on the contents of his motion, the Court has the impression that Mr. Stile wants these victim statements in order to attack the restitution orders.

Mr. Stile should understand that the time for objections to the restitution amounts has long since lapsed. Simply said, Mr. Stile will not now be allowed to

challenge the order to pay the total amount of $13,306.93 with $1,000.02 due to E.W. Moore & Son Pharmacy and then $12,306.91 due to Hanover Insurance Company. The restitution amount became final upon Mr. Stile's failure to object to it at the sentencing hearing and his failure to appeal it to the Court of Appeals for the First Circuit. The order to pay E.W. Moore and Hanover became final upon Mr. Stile's failure to appeal the November 28, 2017 restitution order to the Court of Appeals for the First Circuit. These orders are final and are not subject to attack.

Furthermore, Mr. Stile misapprehends the way the Probation Office typically arrives at a restitution figure for purposes of a presentence investigation report. When Mr. Stile decided to plead guilty, he entered into a plea agreement in which he acknowledged that "[i]n addition to the other penalties provided by law, the Court must also order Defendant to pay restitution to the victim or victims of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A." *Agreement to Plead Guilty (with Stips. and Appeal Waiver)* at 2 (ECF No. 540). Upon Mr. Stile's guilty plea, the Court ordered the Probation Office to prepare a presentence investigation report and directly asked Mr. Stile to carefully review the report and make sure it was accurate:

> I hereby order the preparation of the customary presentence investigation report . . . . Mr. Stile, what's going to happen next is that someone from probation will come and they will meet you, they [will] interview you and find out more about you . . . . I want you to realize that I'm going to rely on the contents of the report in determining the correct sentence to impose on you and I do not want to sentence you on the basis of any inaccurate information. So, I'm going to ask you to review the report carefully and consult Mr. Rodway if you find any inaccuracies in the report and let him know. I'm sure Mr. Rodway will let me know if there are any inaccuracies. That would be resolved one way or the other and ultimately the matter will be set back in court for the imposition of sentence.

7

*Tr. of Proceedings* 51:3-52:4 (ECF No. 609).

In general, after a Probation Officer completes a draft report, the District's Local Rules provide for distribution of the draft report to counsel and a period within which objections may be made. D. ME. LOC. R. 132. If the objections are not resolved, they are brought to the attention of the judge at a presentence conference. But if there is no objection to an issue, the Local Rule provides:

> Except with regard to any unresolved objection made under subsection (a), the PSR may be accepted by the Court as accurate.

*Id.* 132(d). Regarding the value of the stolen drugs, the Presentence Investigation Report (PSR) noted in paragraph 15:

> A subsequent inventory of the pharmacy determined the following types of drugs were stolen during the robbery: amphetamine salts; Adderall; Concerta; Dextroamphetamine; Hydromorphone; Meperitabls (Fentanyl); Metadate; Methadone; Morphine; Nucynta; Ritalin; and oxycodone. In total, almost 100 bottles of prescriptive drugs were stolen (approximately 7,400 individual pills). Further, as a result of the robbery, the pharmacy suffered losses of **$12,889.93** (the drugs) and **$417** (U.S. currency).

*Presentence Report* ¶ 15 (*PSR*) (emphasis in original). The Probation Officer stated that he received victim impact statements (VISs) from three victims, the pharmacist, the pharmacist's wife, and the pharmacist's employee, and he appended the VISs to the PSR. *Id.* ¶ 16. The PSR concluded that "the pharmacy suffered a total financial loss of $13,306.93, and restitution in that amount is mandatory." *Id.*

Mr. Stile raised six objections to the contents of the PSR. *PSR* at Addendum. In objection four, Mr. Stile objected to the dollar value of the stolen drugs, noting that

8

he had not been provided any materials to validate the loss figures in the report. *Id.* In response, the Probation Officer indicated:

> The Probation Office has reviewed an investigative report dated 9/14/11, which includes the value of the drugs stolen during the robbery (R_00892 to R_00894). If the defendant has not received a copy of the report, this office will work with the government to ensure said document is provided prior to sentencing.

*Id.*

The Court held a presentence conference on April 6, 2015 and at the presentence conference, the Court asked Attorney Rodway whether the restitution recommendation was still an issue. Attorney Rodway indicated that he had only been provided with handwritten notes about the loss amount and asked whether there was anything more formal. Assistant United States Attorney (AUSA) Andrew McCormack responded that there was a formal DEA loss report and that he would point Attorney Rodway to the place in the discovery where the loss report was located. Counsel agreed to attempt to resolve the issue and if the matter remained unresolved, the lawyers would alert the Court in their sentencing memoranda.

Following the presentence conference, on May 4, 2015, Attorney Rodway wrote:

> Although Mr. Stile objected to the enhancements of one-level for the value of the drugs stolen . . ., he now withdraws those objections.

*Def.'s Sentencing Mem.* at 4. In response on May 15, 2015, the Government noted that it "will not further address the defendant's original objections to the PSR regarding the value of the stolen drugs . . . ." *Gov't's Reply to Def.'s Sentencing Mem.* at 1, n.1 (ECF No. 566). As noted earlier, at the sentencing hearing itself Mr. Stile

did not object to the restitution amount of $13,306.93, nor did he appeal the restitution order to the Court of Appeals for the First Circuit.

In 2017, Mr. Stile objected to the Court's restitution order and on November 20, 2017, the Court issued an order in which it found that of the $13,306.93 in losses caused by Mr. Stile in perpetrating this robbery, E.W. Moore & Son Pharmacy paid $1,000.02 and Hanover Insurance Company reimbursed E.W. Moore $12,306.91. *Order on Mot. for Sentencing Ct. to Set Restitution Payment* at 21-22. Under federal statute and well-settled law, an insurance company that pays restitution to a crime victim stands in the shoes of the victim for purposes of the restitution statute. *Id.* The Court therefore ordered Mr. Stile to pay E.W. Moore & Son its $1,000.02 and Hanover Insurance Company $12,306.91. *Id.* at 23. Mr. Stile did not appeal this order and it is final.

Regarding Mr. Stile's demand for the VISs that were appended to the PSR, the Court reviewed the VISs and only the statements from the pharmacist and his wife make any reference to the loss amount. They confirmed the $1,000 deductible, but the Court is not under the impression that Mr. Stile has ever contested his obligation to pay $1,000 to E.W. Moore. The third VIS has nothing to do with restitution. Therefore, the Court will not at this point order the disclosure of the VISs to Mr. Stile. Once Mr. Stile reviews this order, realizes that he cannot challenge the restitution amount, and understands that the VISs do not shed any light on the restitution figure, if he still wishes to obtain copies of the statements, he should file a separate motion with the Court and explain why. If Mr. Stile still wishes to have copies of the

VISs, he may be entitled to them, but the Court is aware that there are restrictions within the BOP about the dissemination of PSRs and the Court will expect the Government to indicate what those restrictions are and how the BOP regulations affect Mr. Stile's request.

Furthermore, if Mr. Stile demands and receives the VISs, the Government will no doubt alert the victims that he has made the request. Mr. Stile should recall that his armed burglary of the E.W. Moore Pharmacy was extremely traumatic to the victims and he has consistently expressed his remorse for so badly frightening them. If these three victims learn that Mr. Stile, somewhat near the end of his incarceration, has requested their victim impact statements, they will naturally be worried that he wants copies to exact revenge upon his release. If Mr. Stile wishes to live up to his words at his sentencing hearing, namely that he is sorry for the victims, that he has cried for them, and that he wants to make it up to them, the Court suggests that he should reconsider whether he needs copies of their VISs.

The document Mr. Stile really seems to be seeking is the DEA document that AUSA McCormack referenced at the presentence conference; this is the document that itemized the loss amount. The Court does not have access to it. Presumably Attorney Peter Rodway and AUSA McCormack do. If Mr. Stile still wishes to obtain that document, he should file an appropriate motion with the Court. This was a document released during the discovery process and again, the Court is aware that discovery documents are not generally disseminated within the BOP. In short, if Mr. Stile wishes to obtain the DEA calculation of the restitution amount despite the fact

he cannot at this point challenge the restitution orders, he should explain why and the Government should be prepared to respond to any issues with dissemination of the document within the prison system.

Finally, Mr. Stile cites 18 U.S.C. § 3664(d)(5) and argues that the Probation Office violated the statute in arriving at the restitution figure in this case. *Def.'s Mot.* at 3-4; *Def.'s Reply* at 2-3. The procedure set forth in subsection five of section (d) is only applicable "[i]f the victim's losses are not ascertainable by the date that is 10 days prior to sentencing." § 3664(d)(5). Here, the Government and Mr. Stile agreed on the restitution figure and order before the sentencing hearing and therefore the procedure in subsection five does not apply. Mr. Stile's citation of section (d) does not assist him. Section (d) is a provision to protect the interests of the victim in requiring an opportunity to present evidence of crime-related losses and notice of the sentencing hearing. From the information before the Court, there is no suggestion that the Probation Office failed to comply with section (d).

## IV. CONCLUSION

The Court DISMISSES without prejudice James Stile's Motion Pursuant to Fed. R. Crim. P. 32(c)(1)(B) for Government to Produce Victims['] Affidavits Also in Accord with Title 18 USC §3664 (ECF No. 703). Knowing that he may not alter the earlier restitution orders of the Court, if Mr. Stile still wishes to obtain copies of the victims' affidavits and if he wishes to obtain a copy of the Drug Enforcement Administration's calculation of the loss amount, he may file a separate motion with the Court.

SO ORDERED.

                                /s/ John A. Woodcock, Jr.
                                JOHN A. WOODCOCK, JR.
                                UNITED STATES DISTRICT JUDGE

Dated this 6th day of December, 2018