UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON DEFENDANT'S MOTION FOR COURT TO ORDER GOVERNMENT/PROBATION OFFICE TO DISPENSE WITH SWORN AFFIDAVIT SUBMITTED BY HANOVER INSURANCE THAT WAS TO BE MADE IN ACCORDANCE WITH TITLE 18 USC § 3664(d)**

The Court denies a defendant's motion for the Government and the Probation Office to produce a copy of an affidavit from the victim's insurance company that the defendant contends the insurer was required to file before a restitution order could have issued in its favor. The Court finds that no such affidavit exists and therefore none could be produced. The Court further concludes that 18 U.S.C. § 3664 does not require that a probation officer file an affidavit from the victim before a sentencing court may issue an award of restitution, particularly where, as here, the defendant consented at the sentencing hearing to the amount of the restitution award. Finally, the Court rejects the defendant's late objection to an amended judgment which substituted the name of the insurance company in the place of the victim once it was determined that the insurer had paid for a portion the victim's loss that was the subject of the restitution award.

**I.  BACKGROUND**

On December 6, 2018, the Court issued an order, dismissing without prejudice

James Stile's motion for the production of victim affidavits. *Order on Def.'s Mot. for the Production of Victim Affs.* (ECF No. 706) (*Order*). In that order the Court extensively described the background leading up to its order and for a more detailed recitation of the history of this case, the Court refers to its December 6, 2018 order. *Id.* at 1-5.

### A. James Stile's Motion

On December 26, 2018, Mr. Stile filed a motion for the Court to issue an order directing the Government and the Probation Office "to dispense with sworn affidavit of Hanover Insurance Company that was to be procured in accordance with Title 18 U.S.C. § 3554(d) from the timeframes set forth in the statute, '60 days prior to the date initially set for sentencing.'" *Mot. for Court to Order Gov't/Probation Office to Dispense with Sworn Aff. Submitted by Hanover Ins. that was to be made in Accordance with Title 18 U.S.C. § 3664(d)* at 1 (ECF No. 709) (citing § 3664(d)(1)) (*Stile Mot.*). Mr. Stile also seeks an order requiring,

> [The] Government/Probation Office to dispense with any communication with the Court and Hanover Insurance Company that will show compliance with § 3664(d)(5) where Government/Probation Office having failed to comply with § 3664(d)(5) provisions "if the victim's losses are not ascertainable by date that is 10 days prior to sentencing, the attorney for the Government [or] the probation officer shall so inform the Court, and the Court shall set a date for final determination of the victim's losses, not to exceed 90 days after sentencing."

*Id.* (quoting § 3664(d)(5)).

Focused on § 3664(d)(5), Mr. Stile demands that the Court order the Government and the Probation Office to provide him "with copies of any documents of communication to the Court as concerns § 3664(d), copies of any loss statement,

2

policy, subrogation action, policy of reinsurance, 'sworn affidavit' making claim that meets the requirements set forth in § 3664(d)." *Id.* at 6.

On December 28, 2018, the Government responded to Mr. Stile's motion. *Resp. by the United States of Am. to Def.'s Mot. for Court to Order Gov't/Probation Office to Dispense with Sworn Aff. Submitted by Hanover Ins. that was to be made in Accordance with Title 18 U.S.C. § 3664(d)* (ECF No. 711) (*Gov't's Opp'n*).

## II. DISCUSSION

In its December 6, 2018 order, the Court addressed the issues that underlie Mr. Stile's motion. *Order* at 1-12. Mr. Stile persists in his insistence that the Government and/or the Probation Office were required to comply with § 3664(d)(5) and their failure to do so was somehow in violation of the statute. *Stile Mot.* at 3 ("[T]here was never compliance with § 3664(d) as concerns affidavits"). Although he does not come right out and say so, the only reason he would raise this issue is to avoid the portion of the restitution order that the Court ordered him to pay Hanover Insurance Company because it was in his view illegally imposed. Mr. Stile clarifies that he does not contest the portion of the order requiring him to pay E.W. Moore & Son Pharmacy its $1,000 deductible. *Id.* at 5 ("[The pharmacist] will be paid as he was brought forth as a victim albeit not in proper procedure and form with proper compliance with § 3664(d), no different than Hanover Insurance Company pretty much was never brought forth until more than 6 years ex post facto").

### A. The May 29, 2015 Sentencing and Restitution Order

As the Court's December 6, 2018 order explained in detail, Mr. Stile's motion

3

is based on a fundamental misunderstanding of the restitution statute and the way restitution issues are resolved at a sentencing hearing. Under 18 U.S.C. § 3663A(a)(1), a court must award restitution to any victim of a crime of violence. Mr. Stile's armed robbery of the E.W. Moore Pharmacy meets the definition of a crime of violence. 18 U.S.C. § 16. Therefore, under the law, restitution to E.W. Moore was mandatory. § 3663A(a)(1). In fact, in his plea agreement, Mr. Stile acknowledged:

> In addition to the other penalties provided by law, the Court must also order Defendant to pay restitution to the victim or victims of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

*Agreement to Plead Guilty (With Stips. and Appeal Waiver)* at 2 (ECF No. 540).

The statute sets forth a procedure for determining who is entitled to restitution and the amount of the restitution. § 3664. The first step is for the Probation Office to investigate any restitution claims and report back to the Court. *Id.* § 3664(a). The Court complied with this part of the statute. Immediately following Mr. Stile's guilty plea, the Court ordered the Probation Office to prepare the "customary presentence report." *Tr. of Proceedings* 51:3-4 (ECF No. 609) ("I hereby order the preparation of the customary presentence investigation report") (*Rule 11 Tr.*). In doing so, the Court ordered the Probation Office to investigate any restitution claims and report back to the Court so that the Court could "exercise its discretion in fashioning a restitution order." § 3664(a). At the Rule 11, the Court informed Mr. Stile:

> You will have an opportunity to review the report. I don't need to tell you, I don't think, to carefully review the report. I'm sure you'll do that. I want you to realize that I'm going to rely on the contents of the report in determining the correct sentence to impose on you and I do not want to sentence you on the basis of any inaccurate information. So, I'm going to ask you to review the report carefully and consult with Mr. Rodway if

4

you find any inaccuracies in the report and let him know. I'm sure Mr. Rodway will let me know if there are any inaccuracies. That would be resolved one way or the other and ultimately the matter will be set back in court for the imposition of sentence.

*Rule 11 Tr.* 51:16-52:4.

The Probation Office set about investigating the recoverable losses E.W. Moore sustained as a result of the robbery under § 3664(b)(2)(A). Although the Probation Office obtained three victim impact statements, there is no mention of the amount of the loss in any of those statements.

The Probation Office issued a Presentence Investigation Report (PSR) on February 20, 2015 and the Officer revised the PSR on March 16, 2015. *See PSR* at 1. The PSR contained the following reference to restitution:

> Pursuant to 18 U.S.C. § 3663A, restitution in the total amount of $13,306.93 shall be ordered in this case. Restitution, as set forth below, is due and owing to the following victims:
>
> | Victim Name | Amount of Loss |
> | --- | --- |
> | E.W. Moore and Son Pharmacy | $13,306.93 |

*Id.* at 20-21. Itemizing the value of the stolen drugs, the PSR noted in paragraph 15:

> A subsequent inventory of the pharmacy determined the following types of drugs were stolen during the robbery: amphetamine salts; Adderall; Concerta; Dextroamphetamine; Hydromorphone; Meperitabls (Fentanyl); Metadate; Methadone; Morphine; Nucynta; Ritalin; and oxycodone. In total, almost 100 bottles of prescriptive drugs were stolen (approximately 7,400 individual pills). Further, as a result of the robbery, the pharmacy suffered losses of **$12,889.93** (the drugs) and **$417** (U.S. currency).

*PSR* ¶ 15.

The District's local rules allow the attorneys to object to the contents of the

5

draft PSR. D. ME. LOC. R. 132. In objection four, Mr. Stile objected to the dollar value of the stolen drugs, noting that he had not been provided any materials to validate the loss figures in the report. *Id.* In response, the Probation Officer indicated:

> The Probation Office has reviewed an investigative report dated 9/14/11, which includes the value of the drugs stolen during the robbery (R_00892 to R_00894). If the defendant has not received a copy of the report, this office will work with the government to ensure said document is provided prior to sentencing.

*Id.*

The Court held a presentence conference on April 6, 2015 and at the presentence conference, the Court asked Attorney Rodway whether the restitution recommendation was still an issue. *Min. Entry* (ECF No. 557). Attorney Rodway indicated that he had only been provided with handwritten notes about the loss amount and asked whether there was anything more formal. Assistant United States Attorney Andrew McCormack responded that there was a formal DEA loss report and that he would point Attorney Rodway to the place in the discovery where the loss report was located. Counsel agreed to attempt to resolve the issue and if the matter remained unresolved, the lawyers would alert the Court in their sentencing memoranda.

Following the presentence conference, on May 4, 2015, Attorney Rodway wrote:

> Although Mr. Stile objected to the enhancements of one-level for the value of the drugs stolen . . ., he now withdraws those objections.

*Def.'s Sentencing Mem.* at 4 (ECF No. 561). In response on May 15, 2015, the Government noted that it "will not further address the defendant's original objections to the PSR regarding the value of the stolen drugs . . .." *Gov't's Reply to Def.'s*

6

*Sentencing Mem.* at 1 n.1 (ECF No. 566).

On May 29, 2015, the Court sentenced Mr. Stile to 120 months incarceration, $13,306.93 in restitution, a $100.00 special assessment, and five years of supervised release. *J.* (ECF No. 579). Consistent with his pre-hearing position, Mr. Stile did not object to the restitution figure of $13,306.93 at his sentencing hearing:

> Court: The court makes the following guideline calculations:
>
> …………
>
> The total loss in this case was $13,306.93. Since the loss is more than $10,000, but less than $15,000, one level is added.
>     …………
>     Restitution is mandatory in the amount of $13,306.93.
>     …………
> Is there any objection to these findings, other than the objections previously made, on the part of the defendant?
>
> Mr. Rodway: There are none, Your Honor.

*Tr. of Proceedings, Sentencing Proceedings* 184:16-86:7 (ECF No. 610) (*Tr.*). Indeed, during his allocution, Mr. Stile expressed remorse for the victims:

> The Defendant: This is very difficult, Judge. It's not about Jim Stile; it's about the victims. Almost four years I've been locked up. I've cried a lot, not for me, for them. [The Pharmacist], very sorry, [The Pharmacist's wife], and the other lady.

*Id.* 130:20-24.

> The Defendant: I want to make amends to those people there. The financial amends, a thousand dollars. I train a dog, that's a thousand dollars, I'd give it to [the Pharmacist].

*Id.* 138:5-8. In its sentencing judgment, the Court ordered Mr. Stile to pay restitution in the total amount of $13,406.93. *J.* at 5. In pronouncing its sentencing judgment, the Court stated:

7

> The Court imposes a criminal monetary penalty on Count 1 in the amount of $100. The Court finds the defendant does not have the ability to pay a fine, and the court will waive the fine in this case. Restitution is mandatory in the amount of $13,306.93. The defendant shall make restitution to the E.W. Moore & Son Pharmacy at 337 Main Street, Bingham, Maine 04920, in the amount of $13,306.93. The Court finds the defendant does not have the ability to pay interest on the restitution, and it is ordered that the interest requirement is waived.
>
> Payment shall be applied in the following order: One, to the assessment; and two, to the restitution. Payment of the total fine and other criminal monetary penalties shall be due in full immediately. Any amount the defendant is unable to pay now is due and payable during the term of incarceration. Upon release from incarceration, any remaining balance shall be paid in monthly installments to be initially determined in amount by the supervising officer. Said payments are to be made during the period of supervised release, subject always to review by the sentencing judge on request by either the defendant or the government.

*Tr.* 211:10-212:4. On May 29, 2015, Mr. Stile filed a notice of appeal. *Notice of Appeal* (ECF No. 581). Mr. Stile did not challenge the restitution figure on appeal. *United States v. Stile*, 845 F.3d 425 (1st Cir. 2017).

### B. The November 28, 2017 Restitution Order

On July 28, 2017, Mr. Stile filed a motion asking the Court to set a restitution payment amount. *Def.'s Mot. for Sentencing Ct. to Set Restitution Payment Amount* (ECF No. 651) (*Stile Mot. to Set Rest.*). In his motion, Mr. Stile made various claims, including that he should not have to reimburse Hanover Insurance Company, which reimbursed the pharmacy for all its losses except a $1,000 deductible. *Id.* at 1-7. But he did not challenge the amount of the loss. *Id.* The Court denied his motion and ordered Mr. Stile to pay "full restitution in the total amount of $13,306.93 with $1,000.02 payable to E.W. Moore & Son Pharmacy as a first priority and then $12,306.91 payable to Hanover Insurance Company as a second priority upon

8

completion of the $1,000.02, with a full credit for any restitution payments he has previously made." *Order on Mot. for Sentencing Ct. to Set Restitution Payment* at 23 (ECF No. 676). On November 28, 2017, the Court issued an amended judgment in which it listed E.W. Moore & Son Pharmacy and Hanover Insurance as payees. *Am. J.* at 6 (ECF No. 678). Mr. Stile did not appeal this order and it is final.

## C. The Applicability of 18 U.S.C. § 3664(d)(5)

Section 3664(d)(5) reads:

<u>If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing</u>, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

§ 3664(d)(5) (emphasis supplied). The purpose of this provision is to allow the Court to sentence a defendant even if the restitution amounts are unsettled, to give the parties additional time to resolve restitution issues but to make certain that restitution questions did not delay the imposition of sentence.

Contrary to his repeated insistence, subsection (d) of 3664 has no applicability to Mr. Stile's case because the victim's losses were not only ascertainable by the date ten days before the sentencing hearing, but also at the sentencing hearing itself, Mr. Stile admitted the amount of the loss, did not object to the order of restitution at the district court, and did not appeal the order to the Court of Appeals for the First Circuit. The Court carefully explained all of this to Mr. Stile in its December 6, 2018

9

Order. *Order* at 11-12.

Despite the Court's explanation, Mr. Stile filed this motion to obtain, as he explains it, an affidavit that, in his view, Hanover Insurance Company, "was to file[] in accord with § 3664(d)." *Stile Mot.* at 2. He reasserts that "Stile knows as does this Court, Probation Office and the U.S. Attorney, that there never was compliance with §3664(d) as concerns the affidavits." *Id.* He contends that before the Court amended the judgment, [the Pharmacist], the owner of E.W. Moore, "stood to realize a windfall as there was never an affidavit sworn to by Hanover Insurance Company produced by Probation as statutorily required." *Id.* With the amended judgment, Mr. Stile maintains that "Hanover Insurance Company stands to realize a 'windfall' if they subrogated their loss through reinsurance." *Id.*

But the Government represented that Hanover Insurance Company did not file an affidavit setting forth its insurance payment to its insured E.W. Moore. *Gov't's Opp'n* at 1 ("The Motion should be denied, however, because the documentation Defendant seeks—an affidavit from Hanover Insurance Company dated prior to his 2015 sentencing—does not exist, was never required by statute, and cannot form a basis for his continued attacks on this Court's final and binding restitution order"). Therefore, what Mr. Stile seeks does not exist and never has existed.

Nor was an affidavit from Hanover Insurance Company required before the Court could issue a restitution order. The Court of Appeals for the Second Circuit addressed this same issue in 2016 in *United States v. Baig,* 669 Fed. App'x. 587 (2d Cir. 2016):

> Baig maintains that the district court failed to follow the procedures set forth under 18 U.S.C. § 3664. Specifically, Baig argues that the restitution order is invalid because the probation officer failed to consult with and obtain sworn affidavits from Baig's victims. This argument is meritless.

*Id.* at 588. As the *Baig* Court pointed out, the statute says that the probation officer must "*to the extent practicable,*" provide "notice to all identified victims" and provide those victims "with an affidavit form to submit." *Id.* (§ 3664(d)(2)) (emphasis in original). As the Second Circuit indicated, if the district court has "information sufficient . . . to exercise its discretion in fashioning a restitution order," including "a complete accounting of the losses to each victim," *id.* (quoting § 3664(a)), this is all that is required. Here, where the parties agreed on the amount of the restitution, it is particularly ironic that years later, Mr. Stile is seeking to undo what he earlier agreed to.

Mr. Stile's issue about the need for an affidavit has not been raised often, but courts that have addressed the question have concluded that the statute simply does not require a probation office to obtain an affidavit. *Id.* at 589; *United States v. Hall*, 467 Fed. App'x. 47, 48 (2d Cir. 2012) ("[T]he production of such affidavits is not required under the statute"); *United States v. Pickett*, 387 F. App'x 32, 36 (2d Cir. 2010); *United States v. Davis*, Criminal Nos. 13-44-GFVT, 14-23-GFVT, 2015 U.S. Dist. LEXIS 59665, at *9-10 (E.D. Ky. May 6, 2015).

Finally, as the *Baig* Court observed, even if it could be said that the district court erred in failing to insist upon an affidavit, "[§ 3664] does not specify the consequences for such failure, and we cannot conclude that restitution should be

11

canceled on that account." 669 Fed. App'x. at 589 (quoting *United States v. Gonzalez*, 647 F.3d 41, 64 (2d Cir. 2011)).

### D. Amendment of Judgment

As the record reflects, at the time of Mr. Stile's sentencing on May 29, 2015, there was no suggestion that any of the loss sustained by E.W. Moore was insured and therefore the restitution order required Mr. Stile to pay the full amount of $13,306.93 to E.W. Moore. *J.* at 5. It was Mr. Stile himself who on July 28, 2017, first raised the possibility that E.W. Moore had been reimbursed by an insurance company for a portion of its losses from the robbery:

> WHEREFORE, Defendant respectfully requests of this Court to order the Government to determine if there were any third party insurance payments made to the victim, and if so, to adjust the restitution accordingly.

*Stile Mot. to Set Rest.* at 7. In response to Mr. Stile's motion, the Government investigated the insurance issue and discovered that E.W. Moore had submitted a claim to Hanover Insurance Company for the total amount of the loss less the $1,000 deductible. *Opp'n by United States of Am. in Resp. to Def.'s Mot. Concerning Payment of Restitution* at 11-13 (ECF No. 663).

On November 20, 2017, the Court ordered the judgment amended to provide for restitution payments first to E.W. Moore up to $1,000.02 and next to Hanover Insurance Company up to $12,306.91. *Order on Mot. for Sentencing Court to Set Restitution Payment* at 23. Mr. Stile did not appeal this order and it is final. Now, on December 26, 2018, more than thirteen months after the Court issued its November 20, 2017 order, Mr. Stile is attacking it. He is too late. If Mr. Stile wished

12

to challenge the order, he should have done so when the Court issued it, not thirteen months later.

Also, it is odd that Mr. Stile would choose to attack the Court's ability to grant the relief he requested in his July 28, 2017 motion. *Stile Mot. to Set Rest.* at 7. Mr. Stile was the one who suspected that some of E.W. Moore's loss was covered by insurance and to ask the Court to take action. *Id.* Mr. Stile cannot be heard to complain that the Court responded to his request by granting it.

Furthermore, to the extent Mr. Stile wishes to be exonerated from the restitution payment because a third-party insurer paid for a portion of the loss, the law expressly forbids a court from doing so:

> In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance . . . be considered in determining the amount of the restitution.

§ 3664(f)(1)(B). Thus, in setting the amount of the restitution in Mr. Stile's case, the law does not allow a court to consider the fact that Hanover Insurance Company paid a substantial percentage of E.W. Moore's loss. In light of this statute, it is unclear exactly what Mr. Stile wishes to achieve by objecting to the amended judgment. He owes the same amount regardless. *Dolan v. United States*, 560 U.S. 605, 613 (2010) ("[T]he Act's efforts to secure speedy determination of restitution is *primarily* designed to help victims of crime secure prompt restitution rather than to provide defendants with certainty as to the amount of their liability") (emphasis in original).

In amending the judgment to require payments to Hanover, the Court acted in compliance with the statute, which provides that where a third-party has assumed

13

the victim's losses by reimbursing the victim, the court must order a defendant to pay restitution directly to that third party: "If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation[.]" § 3664(j)(1); *United States v. Thompson*, 792 F.3d 273, 278 (2d Cir. 2015). In *Dolan*, the Supreme Court observed that § 3664 imposes "no time limit on the victim's subsequent discovery of losses." 560 U.S. at 613. "Consequently, a court might award restitution for those losses long after the original sentence was imposed and the 90-day time limit has expired." *Id.*

In amending the judgment to reflect the amounts E.W. Moore and Hanover Insurance paid, the Court has not changed the substance of the restitution order. Mr. Stile still owes the same amount, $13,306.93, the Court ordered him to pay on May 29, 2015. If E.W. Moore continued to receive money from Mr. Still above the $1,000.02 it was entitled to receive, it would been required to forward the excess proceeds to Hanover Insurance. In conformance with § 3664(j)(1), instead of continuing to mandate a round-about method of payment, the Court corrected a clerical error. FED. R. CRIM. P. 36; *see also United States v. Portillo*, 363 F.3d 1161 (11th Cir. 2004) (A trial court correctly changed the payees in a restitution order under Rule 36 from the Georgia Bureau of Investigation to the six aliens directly harmed by defendant's crime); *Hatten v. United States*, Criminal No. H-05-0244, 2009 U.S. Dist. LEXIS 131142, at *28-29 (S.D. Tx. Apr. 27, 2009) (Rule 36 motion granted to change the restitution victim from Visa USA to the 190 financial institutions

14

actually defrauded).

The Court could not use Rule 36 to amend a criminal judgment if the change were substantive. *United States v. Lorenzo-Perez*, No. 97-190 (8) (SEC), 2014 U.S. Dist. LEXIS 157830, at *6 (D.P.R. Nov. 5, 2014) ("Rule 36 thus gives the court authority to correct clerical-type error, but not to make substantive alterations to a sentence"). However, courts have used Rule 36 to make non-substantive changes to criminal judgments. *United States v. Polukhin*, Criminal No. 15-261 ADM/BRT, 2017 U.S. Dist. LEXIS 33277, at *7-8 (D. Minn. Mar. 8, 2017) ("[I]f a correction to a restitution order merely changes the identity of the restitution recipients or the allocations owed to such recipients and does not increase the total amount of restitution owed, Rule 36 is the appropriate mechanism for making the correction"); *United States v. Jones*, 2015 U.S. Dist. LEXIS 15520, at *10 (E.D. Pa. Feb. 9, 2015) ("The Third Circuit and other courts have consistently relied on Rule 36 to make modifications to judgments of sentences where the corrections are deemed non-substantive").

## III. CONCLUSION

The Court DENIES James Stile's Motion for Court to Order Government/Probation Office to Dispense with Sworn Affidavit Submitted by Hanover Insurance that was to be made in Accordance with Title 18 U.S.C. § 3664(d) (ECF No. 709).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2019