UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON DEFENDANT'S MOTION FOR APPOINTMENT
OF COUNSEL AND MOTION FOR HEARING AS TO
SUPERVISED RELEASE**

Defendant James Stile seeks appointment of counsel and a hearing regarding a Bureau of Prisons (BOP) form he believes he must sign to transfer his supervised release to New York state. Defendant objects to the form as in his view, the form effectively modifies the terms of his supervised release and requires him to waive his right to a hearing and counsel. (Motion for Appointment of Counsel and Hearing as to Supervised Release Conditions in Excess of Judgment, ECF No. 707, hereinafter "Motion".)

After review of the parties' submissions, as explained below, the Court denies Defendant's requests, but will order the Government and the Office of Probation and Pretrial Services to provide Defendant with certain information regarding his apparent request to transfer his supervised release.

### BACKGROUND

On May 29, 2015, Defendant was sentenced to 120 months in prison and five years of supervised release for one count of robbery of a controlled substance from a DEA registered pharmacy. (Judgment, ECF No. 579.) Defendant's motion arises out of his efforts to transfer his eventual release and supervision from the District of Maine to the

Northern District of New York, where he contends his only remaining relative resides and where he foresees more promising employment opportunities. (Motion ¶ 4.)

Defendant represents that he changed his release address with BOP to Albany, New York, but BOP informed him that it will not process his request or place him in a Residential Re-entry Center in the Albany area unless he signs a form from the Northern District of New York's probation office entitled "Waiver of Hearing to Modify Conditions of Supervised Release or Extend Term of Supervision." (*Id.* ¶¶ 4 – 5; Waiver Form at 1, ECF No. 707-1.) The Government argues that the Northern District of New York has apparently proposed modifications to Defendant's terms of supervised release as a condition precedent for its acceptance of the transfer of Defendant's supervised release. (Government's Response to Defendant's Motion at 2, ECF No. 712.) Defendant contends the requirement that he sign the form is essentially a request to modify the conditions of his supervised release, which request would entitle him to appointed counsel and a hearing.

## DISCUSSION

The statute governing transfer of supervised release jurisdiction provides:

> A court, after imposing a sentence, may transfer jurisdiction over a . . . person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his . . . release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the . . . releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

18 U.S.C. § 3605. Many courts have interpreted § 3605 to require the transferee court's acceptance of or consent to the transfer. *United States v. Ohler*, 22 F.3d 857, 858–59 (9th Cir. 1994); *United States v. Fernandez*, 379 F.3d 270, 272 (5th Cir. 2004); *United States v.*

*Votta*, 212 F. App'x 142, 143 (3d Cir. 2007). The Second Circuit, however, has noted that the statute could fairly be read as permitting a transfer of supervision if the receiving court consents "or" if the sentencing court requires it as a condition of release, an interpretation that the Second Circuit maintains is supported by the legislative history. *United States v. Murdock*, 735 F.3d 106, 112 (2d Cir. 2013) (declining to resolve the matter). Regardless of whether the consent of the transferee court is required, Defendant is not entitled to the appointment of counsel or a hearing at this stage of the proceedings.

Defendant contends the Northern District of New York's waiver form is intended for situations where a court modifies or revokes a defendant's supervised release following a violation of the defendant's conditions of release, is not appropriate for or designed for the transfer of supervision from one district to another upon release from imprisonment. (Releasee Proposed Response to Prob 49 Form at 1, ECF No. 707-2) (quoting form language stating that "this is only a proposal to the Court to address the alleged violation(s) . . . ."). Defendant objects to a number of the proposed modifications to his conditions of supervised release, including: (1) participation in a rehabilitation program that might include a medication regime; (2) restrictions on alcohol consumption, because he argues he never abused alcohol and uses it for cooking; and (3) a requirement that he pay "all" unexpected financial gains to court-ordered financial obligations. (*Id.* ¶¶ 1-4.)

The Rules of Criminal Procedure specify that "[b]efore modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel." Fed. R. Crim. P. 32.1. Here, neither the Government nor the Office of Probation has moved to modify the terms of Defendant's supervised release. In other

words, the Government is not seeking relief in this Court for which the appointment of counsel is required, or for which a hearing is necessary. The transfer of supervision does not itself constitute a modification of the "conditions" of supervised release. *Ohler*, 22 F.3d at 858 ("Rule 32.1[c][1] applies only when 'terms or conditions of probation or supervised release' are modified. The location of probation jurisdiction is not such a term or condition"); *United States v. Evans*, 87 F.3d 1009, 1011 (8th Cir. 1996) (same); *but see Murdock*, 735 F.3d at 113 (2d Cir. 2013) (suggesting that a hearing may be required if the accepting court requires enlarged terms of supervised release as a condition of accepting the transfer[2]). Even if the transfer of jurisdiction did constitute a change to the Defendant's conditions of supervised release, a defendant is not entitled to counsel and a hearing when the transfer occurs at the defendant's request. *Fernandez*, 379 F.3d at 277 n.8; *United States v. Baadhio*, No. 3:08-CR-14 (VLB), 2012 WL 12977535, at *1 (D. Conn. Dec. 3, 2012).

Nevertheless, as evidenced by his motion to modify his conditions of supervised release (ECF No. 715), Defendant continues to express concerns about the form he has evidently been asked to sign. To avoid any confusion regarding the Government's view of

---

[1] The original citation in *Ohler* referred to Rule 32.1(b) because the substance of the provision governing hearings upon modifications to the terms of probation and supervised release were relocated from subsection (b) to (c) in 2002, after *Ohler* was decided. *See* Fed. R. Crim. P. 32.1 cmt. on the 2002 Amendments.

[2] In *Murdock*, the district receiving the transfer of supervision conditioned its acceptance on the defendant's agreement to begin his term of supervised release by spending up to six months in a halfway house. *Id.* The Second Circuit observed that a hearing may or may not be required. *Id.* at 113 – 14. "[T]o the extent that Murdock would be required—if he agrees—to spend up to six months of his supervised-release term in Michigan in a halfway house, that condition would appear to enlarge the supervised-release conditions, and he would be entitled to a hearing unless he waives the hearing." *Id.*

4

the effect or significance of the form, to assure that Defendant is aware of the process that governs his request to transfer his supervision, and to assist in the resolution, by the Court or by the parties, of the issues raised in Defendant's motion to modify the conditions of release, the Court directs the Government and the Office of Probation to determine whether the Northern District of New York requires Defendant's signature on the form as a condition of its consent to the transfer and, if so, the reasons the form is necessary; and to identify the documents the Northern District of New York will require Defendant execute and the measures Defendant must initiate to secure the transfer. The Office of Probation shall communicate the information to Defendant.

## CONCLUSION

Based on the foregoing analysis, the Court denies Defendant's request for appointed counsel and a hearing. The Court orders the Government and the Office of Probation Office to: (1) determine and communicate to Defendant whether the Northern District of New York requires Defendant's signature on the form as a condition of its consent to the transfer and, if so, the reasons the form is necessary; and (2) identify the documents the Northern District of New York will require Defendant execute and the measures Defendant must initiate to secure the transfer.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Criminal Procedure 59.

Dated this 25th day of February, 2019.    /s/ John C. Nivison
                                          U.S. Magistrate Judge