UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER ON DEFENDANT'S MOTION FOR A WRIT OF AUDITA QUERELA PURSUANT TO 28 U.S.C. § 1651 TO VACATE AND CORRECT RESTITUTION PORTION OF THIS COURT'S JUDGMENT**

The Court denies a defendant's motion for writ of audita querela because the defendant failed to appeal the order about which he is now complaining and a motion for writ of audita querela, if the writ is available, is not a substitute for direct appeal.

**I. STATEMENT OF FACTS**

On February 8, 2019 and on December 6, 2018, the Court issued orders detailing the facts underlying Mr. Stile's claims about the restitution order and the Court refers to those orders for a complete description of the events leading to Mr. Stile's current motion. *Order on Def.'s Mot. for Ct. to Order Gov't/Probation Office to Dispense with Sworn Aff. Submitted by Hanover Ins. that was to be Made in Accordance with Title 18 U.S.C. § 3664(d)* at 1-9 (ECF No. 720) (*Aff. Order*); *Order on Def.'s Mot. for the Production of Victim Affs.* at 1-5 (ECF No. 706) (*Production Order*).

**II. THE WRIT OF AUDITA QUERELA**

"The writ of audita querela, introduced during the reign of Edward III, is sometimes available to reopen a judgment when an important matter concerning a defendant's case has arisen since the entry of judgment." *Trenkler v. United States*,

536 F.3d 85, 90 n.2 (1st Cir. 2008). In 1991, the First Circuit described a writ of audita querela, part of the All Writs Act, 28 U.S.C. § 1651, as "'a common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise.'"[1] *United States v. Holder*, 936 F.2d 1, 2 (1st Cir. 1991) (quoting BLACK'S LAW DICTIONARY 120 (5th ed. 1979)). In *Holder*, the First Circuit explained:

> [I]f available at all [in criminal proceedings], the writ of audita querela can only be available where there is a *legal* objection to a conviction, which has arisen subsequent to that conviction, and which is not redressable pursuant to another post-conviction remedy.

*Id.* at 5 (emphasis in original).[2] Put differently, to obtain relief under audita querela, a defendant must point to something "occurring since his conviction that would render his conviction illegal." *Id.*

In *Bartelho v. United States*, No. 15-1988, 2016 U.S. App. LEXIS 23945, 2016 WL 9584199 (1st Cir. Dec. 8, 2016), the First Circuit acknowledged that 28 U.S.C. § 2255 could not be used to obtain relief from a restitution order in a criminal judgment because a defendant "is not claiming the right to be released from custody as required

---

[1] The *Holder* Court noted that the writ of audita querela has been abolished under the civil rules. *Holder*, 936 F.2d at 2 (citing FED. R. CIV. P. 60(b) (now (e)). However, the First Circuit observed that in 1954, the United States Supreme Court held that the writ of coram nobis was still available in criminal proceedings and the First Circuit concluded that the writ of audita querela may still be available in criminal proceedings. *Id.*

[2] The First Circuit has not ruled that the writ of audita querela is viable. The First Circuit "emphasize[d] that nothing herein is meant to suggest our affirmative resolution of the difficult question of the survival and availability of this ancient and some might think outmoded writ." *Holder*, 936 F.2d at 2. However, following *Bartelho*, the Court assumes, as did the First Circuit, that the writ may be available to challenge a restitution order in a criminal judgment.

2

by § 2255." *Id.* at *1 (citing *Smullen v. United States*, 94 F.3d 20, 25-26 (1st Cir. 1996)). The First Circuit assumed without deciding that the defendant in *Bartelho* "could seek relief from the original restitution order under the writ of audita querela or some other common law writ." 2016 U.S. App. LEXIS 23945, at *2, 2016 WL 9584199, at *1. Following the First Circuit's lead, the Court assumes that the writ of audita querela may be available to Mr. Stile to challenge the restitution order, if he meets the requirements of the writ.

To assume that the writ could be available in some cases, however, does not mean that it is available in Mr. Stile's case. It is not. Although the First Circuit has stated that the writ of audita querela may be available to "reopen a judgment when an important matter concerning a defendant's case has arisen since entry of the judgment," *Trenkler*, 536 F.3d at 90 n.2, the *Holder* Court noted that the writ of audita querela "does not and cannot, under any stretch of imagination, provide a purely equitable basis for relief independent of any legal defect in the underlying judgment." *Holder*, 936 F.3d at 3 (citation omitted).

### III. THE PARTIES' POSITIONS

#### A. James Stile's Motion

In his motion, Mr. Stile "concedes that the Judgment entered by the district court on May 29, 2015 was correct based on the information presented to all parties including the Court." *Def.'s Mot. for a Writ of Audita Querela Pursuant to Title 28 U.S.C. § 1651 to Vacate and Correct Restitution Portion of this Ct.'s J.* at 2 (ECF No. 713). Mr. Stile says that the "initial judgment allowed for the [pharmacist] to realize

3

a 'windfall' which is not the legislative intent of § 3664 or § 3663 of the restitution statutes." *Id.* at 3. Mr. Stile acknowledges that the amended judgment dated November 28, 2017 "corrected the 'windfall' matter as concerns [the pharmacist], but brought forward the facts that the Defendant was denied due process creating an injustice to the Defendant." *Id.* Mr. Stile claims that there is a "very good possibility that there was a 'windfall' to Hanover Insurance Company by virtue of the fact that insurance companies routinely purchase 're-insurance' policies and subrogate their losses, here, the district court entered the judgment without any proof of loss from Hanover Insurance Company." *Id.* Finally, Mr. Stile returns to his claim that Federal Rule 32 and 18 U.S.C. § 3663 were violated before and during his sentencing hearing. *Id.* at 4. He asks that the Court vacate the restitution order as it relates to Hanover Insurance Company. *Id.*

### B. The Government's Response

On February 4, 2019, the Government filed its response. *Gov't's Resp. to Def.'s Mot. for Writ of Audita Querela Pursuant to Title 28 U.S.C. § 1651 to Vacate and Correct Restitution Portion of this Ct.'s J.* (ECF No. 718). The Government points out that the restitution issue is final and not subject to attack. *Id.* at 1. The Government argues the writ is unavailable if the Defendant "could have raised the alleged claims of error in his direct appeal, but did not." *Id.* at 2 (quoting *Bartelho*, 2016 U.S. Dist. LEXIS 23945, at *2, 2016 WL 9584199, at *1).

### C. James Stile's Reply

In his reply, Mr. Stile states:

4

> The "legal defect" is present [because the] Defendant was denied procedural due process by U.S. Probation and the Government in failing to comply with Title 18 USCS § 3664(d)(2)(B) in bringing forth Hanover Insurance Company as a "victim" and not providing an affidavit of loss amount in the PSR 60 days prior to sentencing nor addressing a loss amount for Hanover Insurance Company within (90) ninety days after sentencing proceeding.

*Def.'s Reply to Gov't's Resp. to Def.'s Mot. for Writ of Audita Querela Pursuant to Title 28 U.S.C. § 1651 to Vacate and Correct Restitution Portion of this Ct.'s J.* at 1 (ECF No. 721). Mr. Stile reiterates that the Government should not have granted the pharmacist a "windfall." *Id.* at 2. He restates his position regarding his view of the statutory requirement of the filing of an affidavit to support a restitution claim. *Id.* Regarding his right of appeal from the November 28, 2017 order, Mr. Stile complains that the Court denied his right to counsel. *Id.*

## IV. DISCUSSION

As the First Circuit explained in *Bartelho*, the writ of audita querela is only available when it fills "a 'gap' in post-conviction remedies." 2016 U.S. Dist. LEXIS 23945, at *2, 2016 WL 9584199, at *1. The writ is not available if the defendant had the right to a direct appeal, which "if timely engaged, would have offered an adequate and effective means of rectifying the error." *Id.* (quoting *Trenkler*, 536 F.3d at 99). Here, on November 28, 2017, the Court issued its order amending the judgment to require that Mr. Stile reimburse E.W. Moore & Son Pharmacy $1,000.02 as a first priority and Hanover Insurance Company $12,306.91 as a second priority. *Order on Mot. for Sentencing Ct. to Set Restitution Payment* at 23 (ECF No. 676). Mr. Stile could have appealed this order to the Court of Appeals for the First Circuit but elected

not to do so.  The November 28, 2017 order, as the Court has repeatedly advised, is "final."  *Aff. Order* at 9; *Production Order* at 3.  As Mr. Stile could have but did not raise all the issues on appeal he belatedly demands the Court address in his motion for writ of audita querela, the writ is unavailable to him.  In other words, a motion for writ of audita querela, if available, is not a substitute for direct appeal.

As for Mr. Stile's complaint about his right to counsel, Mr. Stile is a prolific litigator and knows how to file an appeal.  He simply for whatever reason elected not to do so.

## V.  CONCLUSION

The Court DENIES Defendant's Motion for a Writ of Audita Querela Pursuant to Title 28 U.S.C. § 1651 to Vacate and Correct Restitution Portion of this Court's Judgment. (ECF No. 713).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of February, 2019