UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00185-JAW |
| | ) | |
| JAMES STILE | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO STAY RESTITUTION PAYMENTS**

The Court denies a defendant's motion to stay its order mandating that he make restitution payments beyond the victim's insurance deductible directly to the insurer of the victim of the defendant's pharmacy robbery that paid for the losses the pharmacy incurred as a result of the defendant's crime, while he appeals the Court's denial of his later-filed motion for writ of audita querela, belatedly attempting to challenge the restitution order.

**I.  BACKGROUND**

On October 30, 2014, James Stile pleaded guilty to robbery of controlled substances from a DEA registered pharmacy, a violation of 18 U.S.C. § 2118(a). *Min. Entry* (ECF No. 541). On May 29, 2015, the Court sentenced Mr. Stile to 120 months incarceration, $13,306.93 in restitution, a $100.00 special assessment, and five years of supervised release. *J.* (ECF No. 579). On November 20, 2017, the Court ordered that the judgment be amended to require that Mr. Stile pay the full restitution in the total amount of $13,306.93, with $1,000.02 payable to E.W. Moore & Son Pharmacy as a first priority and then $12,306.91 payable to Hanover Insurance Company as a second priority upon completion of the $1,000.02 payment, with a full credit for any

restitution payments previously made. *Order on Mot. for Sentencing Court to Set Restitution Amount* at 23 (ECF No. 676) (*Restitution Order*). On November 28, 2017, the Court issued an amended judgment in accordance with its November 20, 2017 order. *Am. J.* (ECF No. 678).

Mr. Stile strongly dislikes the Court's order requiring him to pay restitution to Hanover Insurance Company, the insurance company for the pharmacy he robbed. Although he failed to appeal the order, he has persistently attacked it collaterally. *Mot. Pursuant to Fed. R. Crim. P. 32(c)(1)(B) for Gov't to Produce Victims['] Affs. Also in Accord with Title 18 U.S.C. § 3664* (ECF No. 703); *Mot. for Ct. to Order Gov't/Probation Office to Dispense with Sworn Aff. Submitted by Hanover Ins.* (ECF No. 709); *Def.'s Mot. for a Writ of Audita Querela Pursuant to Title 28 U.S.C. § 1651 to Vacate and Correct Restitution Portion of this Ct.'s J.* (ECF No. 713). The Court has repeatedly rejected Mr. Stile's attempts to collaterally attack its November 20, 2018 order. *Order on Def.'s Mot. for Ct. to Order Gov't/Probation Office to Dispense with Sworn Aff. Submitted by Hanover Ins. that was to be Made in Accordance with Title 18 U.S.C. § 3664(d)* at 1-9 (ECF No. 720) (*Aff. Order*); *Order on Def.'s Mot. for the Production of Victim Affs.* at 1-5 (ECF No. 706) (*Production Order*); *Order on Def.'s Mot. for a Writ of Audita Querela Pursuant to 28 U.S.C. § 1651 to Vacate and Correct Restitution Portion of this Ct.'s J.* (ECF No. 724) (*Audita Querela Order*).

Mr. Stile's latest effort is a May 6, 2019 motion to stay restitution payments to Hanover Insurance Company. *Mot. to Stay Restitution Payments to Hanover Ins. Co.* (ECF No. 733) (*Def.'s Mot.*). The Government responded to the motion on May 7,

2019. *Resp. by United States of Am. to Def.'s Mot. to Stay Restitution Payments to Hanover Ins. Co.* (ECF No. 734) (*Gov't's Opp'n*). Mr. Stile responded on May 17, 2019. *Reply to Resp. of United States of Am. to Def.'s Mot. to Stay Restitution Payments to Hanover Ins. Co.* (ECF No. 736) (*Def.'s Reply*).

## II. THE PARTIES' POSITIONS

### A. James Stile's Motion

Mr. Stile notes that he has appealed to the Court of Appeals for the First Circuit the Court's order denying his motion for writ of audita querela. *Def.'s Mot.* at 1. He says that it "would be improper for this Court to enforce a judgment (restitution) that is under direct appeal to the Circuit Court without resolution first being had at the Circuit level." *Id.* Mr. Stile reiterates that he agrees to pay the "remaining restitution to victim . . . that is outstanding on his loss of $1,000.00 and the $100 Court fee." *Id.*

### B. The Government's Response

The Government states that although Federal Rule of Criminal Procedure 38(e)(1) allows a court to stay the restitution portion of a judgment pending appeal, this Rule does not apply to Mr. Stile because he is not appealing either the judgment or the amended judgment but the order denying his motion for writ of audita querela. *Gov't's Opp'n* at 1. Next, the Government observes that the Court properly denied the motion for writ of audita querela because Mr. Stile failed to appeal the November 20, 2017 restitution order and a writ of audita querela is not a substitute for a direct appeal. *Id.* Finally, the Government notes that Mr. Stile has not yet completed his

payment obligation to E.W. Moore & Son Pharmacy and therefore his objection to paying Hanover is "factually unnecessary." *Id.* at 1-2.

### C. James Stile's Reply

In his reply, Mr. Stile complains that he has no access to LEXIS-NEXIS or Westlaw so he cannot research the caselaw the Government cited. *Def.'s Reply* at 1. He explains he has been assigned to the SHU for the past two and one-half months and is likely not to have access to his file for another two to three months. *Id.* Mr. Stile alleges that he has "hotly contested" his obligation to pay Hanover, complaining that he has been denied due process in the absence of a hearing to contest the amount of Hanover's payment. *Id.* at 1-2. Seizing on the language in the Government's response that suggests a court has the discretion to stay a restitution order pending appeal, Mr. Stile says, "Well, then let the Court exercise said discretion." *Id.* at 2. He says that the Government has not claimed any prejudice to either party. *Id.*

### III. DISCUSSION

The Court rejects Mr. Stile's motion to stay the restitution order. Mr. Stile's motion raises the same issues the Court extensively discussed and previously rejected. For a substantive discussion of the bases for the Court's rulings, the Court refers to those orders. *Aff. Order* at 1-16; *Production Order* at 1-13; *Audita Querela Order* at 1-6.

First, as the Court has repeatedly explained to Mr. Stile, if he objected to the November 20, 2017 order amending the judgment to require payment directly to Hanover Insurance Company, he should have appealed that amended judgment. He

4

did not.  The amended judgment is final and not subject to collateral attack years later.  *Audita Querela Order* at 1 ("The Court denies a defendant's motion for writ of audita querela because the defendant failed to appeal the order about which he is now complaining and a motion for writ of audita querela, if the writ is available, is not a substitute for direct appeal").

Second, the Court is entirely unimpressed with Mr. Stile's claims that he is somehow being treated unfairly.  At his May 15, 2015 sentencing hearing, Mr. Stile admitted that when he robbed the E.W. Moore & Son Pharmacy on September 12, 2011, he caused the pharmacy to suffer a loss of $13,306.93 and he did not object to a restitution order in that amount.  He raised no objection whatsoever to the restitution figure at his sentencing hearing and he did not appeal the restitution order to the Court of Appeals for the First Circuit.

When it later turned out that E.W. Moore was insured, the Court amended the judgment in accordance with 18 U.S.C. § 3664(j)(1) to require him to pay the victim's insurer directly, rather than paying the victim and having the victim reimburse its insurer.  *Restitution Order* at 1-23.  On November 28, 2017, the Court issued an amended judgment, reflecting the change, not in the amount of the restitution, but in the entity owed the restitution payments beyond the E.W. Moore deductible.  *Am. J.* at 6.  If Mr. Stile wished to challenge the amended judgment, he could have done so by direct appeal.  He did not, and the amended judgment is now long since final.

Although Mr. Stile somehow thinks the amended judgment amounts to a windfall for Hanover Insurance Company, he is wrong.  The windfall would go to Mr.

5

Stile if he were not required to reimburse E.W. Moore & Son's insurer. He would have robbed E.W. Moore of $13,306.93, but he would be required to pay only $1,000.02 because E.W. Moore paid for insurance to cover a portion of the losses Mr. Stile caused by his criminal act.

If this Court were convinced that Mr. Stile's appeal of its order on his motion for writ of audita querela raised meritorious issues of law, the Court would consider exercising its discretion and staying the effectiveness of the restitution order. However, the Court is wholly unpersuaded that Mr. Stile's appeal to the First Circuit poses any meritorious legal issues and it is convinced that a stay would only delay the inevitable for no good reason.

## IV. CONCLUSION

The Court DENIES James Stile's Motion to Stay Restitution Payments to Hanover Insurance Company (ECF No. 733).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of May, 2019